UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

This Document Relates to: All Cases

MEMORANDUM & ORDER

-------------------------------------------------------- X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 6 2003
BROOKLYN OFFICE

## MEMORANDUM & ORDER APPROVING FIRST SET OF 2,052 NO MATCH DECISIONS CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL

KORMAN, C.J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Plan of Allocation and Distribution of Settlement Proceeds (Distribution Plan), the Claims Resolution Tribunal (the "CRT"), is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules Governing the Claims Resolution Process, as amended (the "Rules"), of 2,052 No Match Decisions listed in Annex A to this Order, which have been certified by the CRT.

The CRT operates under the authority and supervision of this Court for the purpose of analyzing the claims submitted under the Settlement Agreement by members of the Deposited Assets Class. Under Article 19(1) of the Rules, "[a]ll Admissible Claims of Victims or their heirs, and all Admissible Claims of Victims or their heirs submitted to the CRT by the New York State Holocaust Claims Processing Office, shall be matched with the Account History Databases and Accounts published in 1997." The Rules define matching as "...the process of comparing computer databases of names of Victims and/or Claimants with names of Account Owners using algorithms to identify exact name matches, near-exact name matches, and name matches with

confirming factors under procedures used in the ICEP investigation." Under Article 22(2), the rules further provide that "[a]n Award may be made of the value of an Account in favor of a Claimant if:

    a)    the Claimant has identified a person with precisely the same name as the Account Owner, or the Claimant has accurately identified a person with substantially the similar name as the Account Owner or a credible pseudonym, and where applicable, has provided a plausible explanation for the difference in names; and

    b)    the CRT is satisfied that the information provided by the Claimant is consistent with unpublished information in the bank records..."

In these 2,052 cases the administrative agencies I have appointed to assist the Court and the Special Masters in implementing the Settlement Agreement and Distribution Plan, has determined that the claimants failed to meet the criteria as described in Article 22(2) of the Rules and that no accounts could be located in the Account History Database belonging to any of the persons or entities listed in the submitted Claims.

Annex A attached to this Order sets forth a list of 2,052 "No Match Decisions" certified as such by the CRT because these Claims failed to meet the criteria for making awards, as defined by Article 22(2) of the Rules.

Therefore, it is hereby

ORDERED that the 2,052 No Match Decisions listed in Annex A are hereby approved and shall be distributed to the relevant Claimants by the CRT.

It is further ordered that the CRT shall provide the Court with the name and address of every Claimant receiving a No Match Decision, which information shall be filed with the Court under seal.

Dated: Brooklyn, New York
January 23, 2006

SO ORDERED:

s/Edward R. Korman
_____
Edward R. Korman
United States District Judge