UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

This Document Relates to: All Cases

**MEMORANDUM & ORDER**

------------------------------------------------------------- X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JUN 30 2006 ★

BROOKLYN OFFICE

## MEMORANDUM & ORDER APPROVING THE DECISION ON APPEAL: IN RE ACCOUNT OF ELVIRAR BENVENISTE

KORMAN, C.J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, Special Master Michael Bradfield is hereby requesting the Court's approval of the <u>Decision on Appeal: In re Account of Elvirar Benveniste</u> (the "Decision"), which is attached hereto as Annex A and authorization of the transfer of $39,818.55 to be deposited in the Special Masters' Awards Payment Account from the Settlement Fund, which is needed to pay the revised award amount to the Claimant Rolande d'Honneur.

Therefore, it is hereby

ORDERED that the Decision attached as Annex A is approved by the Court; and

ORDERED that the Signatories of the Settlement Fund are hereby directed to immediately transfer $39,818.55 from the Settlement Fund to the Special Master's Awards Payment Account for payment of the Decision.

Dated: Brooklyn, New York
June _20_ 2006

SO ORDERED:

s/Edward R. Korman
Edward R. Korman
United States District Judge

2129740
WA1-2219612v1

**ANNEX A**

## IN RE HOLOCAUST VICTIM ASSETS LITIGATION
CASE NO. CV96-4849

**Decision on Appeal**

of Appellant Rolande d'Honneur

**In re Account of Elvirar Benveniste**

Claim Number: 207826/MW

On June 8, 2005, Rolande d'Honneur (the "Appellant") submitted a letter (the "Appeal Letter") appealing the Certified Denial of the Claims Resolution Tribunal (the "CRT") -- In re Account of Elvirar Benveniste (the "Denial"), which was approved by this Court on April 11, 2005. The Denial was for the account of Elvirar Benveniste (the "Account Owner") at the Geneva branch of the *Schweizerische Bankgesellschaft* (the "Bank"). The Appellant appeals the Denial because she believes the CRT erred in its conclusion that the Account Owner was not her mother.[1]

The Appellant satisfies the requirements of Article 30(3) of the Rules Governing the Claims Resolution Process (the "Rules") regarding the treatment of appeals, which states that appeals submitted without either a plausible suggestion of error or relevant new evidence may be summarily denied. The Appellant submitted relevant new evidence in the form of documentation indicating that both her mother and the Account Owner were members of the Benveniste family of Saloniki, Greece. Specifically, the Appellant submitted copies of her marriage certificates identifying her mother as Regine Elvire Benveniste.

In the Denial, the CRT relied on certain statements made by the Appellant in her Claim Form in reaching its decision. According to the Denial, the Appellant stated that her mother, Regine Abravanel, née Benveniste, who was born in 1886 to Vital and Mazal and resided in Saloniki, owned a Swiss bank account, that her mother's middle name was Elvire, and that the Appellant's mother was Jewish. The Denial also erroneously stated that the Account Owner died in 1945 in Paris, France.

The auditors who carried out the investigation to identify accounts of Victims of Nazi Persecution pursuant to instructions of the Independent Committee of Eminent Persons ("ICEP" or the "ICEP Investigation") reported one account whose owner's name is substantially similar to that provided by the Appellant. The Bank's records indicate that the Account Owner was *Mme* (Mrs.) Elvirar (also spelled Elvire) Benveniste, who resided in Saloniki. The Bank's records further indicate that the Account Owner held one account of unknown type, which was closed on an unknown date. An extract from an expense account ledger dated April 12, 1949

---

[1] All decisions on appeal are published. If the appellant has requested confidentiality, as in this case, the name of appellant, any relatives of the appellant other than the account owner, and the bank are redacted.

indicates that the account carried a balance of 405.00 Swiss Francs on that date. The last customer-initiated transaction on the account occurred in 1941.

Although the CRT initially identified the Account Owner's first and last names as possibly matching the middle and maiden names of the Appellant's mother, upon further investigation the CRT determined that the account did not in fact belong to the Appellant's mother, but to a different person with a similar name. Specifically, the first names of the Account Owner, Elvirar (Elvire) and the Appellant's mother, Regine, are different; the Appellant did not identify her mother's middle name in her Claim Form or other claim forms previously submitted to the CRT; the Bank's records indicate that the Account Owner used the title *"Mme"*, which the Appellant's mother would have used with her married name, Abravanel; and there are records in the Yad Vashem central database of Holocaust victims for Elvira Benveniste of Saloniki, who was born in 1909 to Liaou and Sol and perished in the Auschwitz-Birkenau concentration camp on an unknown date. Based on the foregoing, the CRT concluded that the Account Owner and the Appellant's mother were two different people.

On appeal, the Appellant reiterated her claim that the Account Owner and her mother were the same person, and submitted documentation identifying her mother as Regine Elvire Benveniste of Saloniki. Specifically, the Appellant submitted her marriage certificates issued in 1947 and 1978 that identify her mother as Regine Elvire Benveniste. The marriage certificates also indicate that the Appellant was born in Saloniki. The Appellant also stated that the Denial erroneously indicated that her mother died in Paris in 1945, as her mother actually perished in Auschwitz on an unknown date.

Although on the record before it the finding of the CRT that the Account Owner and the Appellant's mother were two different people was appropriate, the Appellant has subsequently made a plausible case that she is related to the Account Owner. Specifically, the Account Owner and the Appellant's mother shared the same family name, Benveniste, and resided in the same city in Greece. Of all the approximately 600 people name Benveniste in the Yad Yashem database, 436 resided in Greece, and 369 of those resident in Greece lived in Saloniki, a Sephardic Jewish enclave in Greece, and the home of both Elvire and Regine Elvire.[2]

In addition, the middle name of the Appellant's mother matches the first name of the Account Owner. Consistent with the Sephardic Jewish tradition of naming newborns after living relatives, it is plausible that the Account Owner, Elvirar (Elvire) Benveniste, who was born in 1909, was named in honor of the Appellant's mother, Regine Elvire Benveniste, who was born 23 years earlier in 1886. This assumption is supported by the evidently tight knit extended Benveniste family, living together in the relatively small community of Saloniki, and by the fact that among all the Benvenistes listed in the Yad Vashem database the name "Elvire" was common to only to two women: Regine Elvire Benveniste and Elvire Benveniste.

Finally, and tragically, the elements for the family relationship already outlined above as evident from a common family name, a common place of residence, and a common middle name of the older Benveniste and first name of the younger Benveniste that is unique among all of the Benvenistes listed in the Yad Vashem database, is also indicated by a common place of death of both women at Auschwitz-Birkenau.

---

[2] The number is approximate due to the inclusion, in certain cases, of multiple records for a single individual

Accordingly, because it is plausible that the Appellant is related to the Account Owner, the Denial is reversed to award the Appellant the Account Owner's account of unknown type held at the Bank. The Bank's records indicate that the value of the account as of April 12, 1949 was 405.00 Swiss Francs. According to Article 29 of the Rules, if the value of an account of unknown type was less than 3,950.00 Swiss Francs, and in the absence of the plausible evidence to the contrary, the value of the account of unknown type is to be 3,950.00 Swiss Francs. The Appellant is therefore awarded the average value of an account of unknown type, or 49,375.00 Swiss Francs, which represents the average value of an account of unknown type adjusted for current value.[3] The Special Master is directed to make such payment to the Appellant from the Settlement Fund.

Approved by

The Honorable Edward R. Korman
Chief Judge
United States District Court
 for the Eastern District of New York

---

[3] By Order of the Court, the adjustment factor was increased from 12 to 12.5 for awards issued after July 2003. This Decision on Appeal provides for use of the increased adjustment factor with the respect to the account being awarded.