FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 12 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

IN RE:
HOLOCAUST VICTIM ASSETS
LITIGATION

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

**MEMORANDUM & ORDER**

---------------------------------------------------------- 

This Document Relates to: All Cases

---------------------------------------------------------- X

KORMAN, Chief Judge:

I am in receipt of the July 5, 2006 Claims Conference Group I Report and Recommendations with respect to the 168 Requests for Review from claimants included in previous Recommendations Against Payment of the Refugee Class. This Report on the "First Group of Refugee Appeals" advises that in accordance with the Distribution Plan, my Memorandum & Order dated June 28, 2001, and my Memorandum & Order dated September 25, 2002, and subsequent implementation orders, the Claims Conference will prepare payments to an additional 39 members of the Refugee Class who have been determined to be eligible for payment following review of their claims on appeal. The Report also recommends that I affirm the initial denial of the remaining 129 refugee claims comprised by this First Group of Refugee Appeals. The Report contains the recommendations of the Claims Conference and Lead Settlement Counsel Professor

Burt Neuborne, who at my request has been responsible for reviewing appeals from members of the Refugee Class.

The Report describes the 13 categories of denial under which refugee claims have been grouped for purposes of analysis initially and on appeal. These categories are as follows:

A. No Nexus to Switzerland – Claimant did not allege an attempt to enter Switzerland at the Swiss border or expulsion from Switzerland nor did claimant allege a request for permission to enter Switzerland at a Swiss Consulate or Embassy.

B. Ineligible Heir – The refugee on whose behalf the claimant filed died on or before February 15, 1999.

C. Insufficient Information – Claimant did not provide enough information to render the claim plausible. Claimants were given the opportunity to supplement their applications with written questionnaires and/or through telephonic interviews with Claims Conference caseworkers.

D. Not Fleeing Nazi Persecution – The date upon which claimant attempted to enter Switzerland at the Swiss border or requested permission to enter Switzerland renders it implausible that claimant sought entry into Switzerland in whole or in part to avoid Nazi persecution.

E. Postwar attempt – Claimant stated that he or she attempted to enter Switzerland after May 9, 1945.

F. No statement of Detention, Abuse or Mistreatment – Claimant did not assert that he or she was detained, abused or otherwise mistreated while in Switzerland as a refugee.

G. Withdrawals – Claimants stated in writing or a telephonic interview that they wanted their application to the Swiss Refugee Program withdrawn.

H. Embassy or Consulate Invalid – Claimant stated that a request for permission to enter Switzerland was made in a city or country where there is no record of an active Swiss Embassy or Consulate.

I. Not Born at Time of Attempt – Claimant provided a description of his or her family attempting to enter Switzerland that occurred before the claimant's date of birth.

J. Loss of Contact - Claimants have not responded to multiple attempts to contact them by phone or in writing over a period of several months.

K. Claimant Deceased and No Known Heir - Claimant died after submitting the application and there are no known surviving heirs.

L. Failure to Fulfill the Requirements of Heir Application - Claimant has not submitted the required documentation to complete the Heir Application to the Swiss Refugee Program.

M. Not a Member of a Target Group - Claimant did not declare membership in one of the target groups nor did they attest to their membership in a target group in response to supplemental communication.

Of the 59 Requests for Review in Category A, where the claimants could not provide a nexus to Switzerland, the Report states that 13 appellants have provided additional information with their Request for Review which now makes them eligible for payment. Furthermore, upon further review of the applications, the Claims Conference and Professor Neuborne recommend the reversal of denials to 13 additional appellants who have submitted Requests for Review. Based on these recommendations, I hereby direct the Claims Conference to make the appropriate payments to these 26 appellants. In addition, I affirm the denials under "Category A" of the remaining 33 appellants who submitted Requests for Review but did not provide any additional information that would warrant a reversal of the initial decision.

In general, payments are limited to survivors or to the heirs of those who died on or after February 16, 1999. For purposes of Refugee Class Requests for Review, this requirement is set forth under "Category B." With respect to the 65 Requests for Review under this Category B, the refugees for whom compensation was sought are deceased and the respective appellants did not demonstrate that the persecutees died on or after February 16, 1999. However, two appellants included additional information about

3

their own refugee experiences in connection with their respective Requests for Review. Due to the new information provided by these appellants, payment will now be made to these two individuals under Category 1 of the Refugee Class (i.e., those who were expelled from or denied entry into Switzerland). I affirm the denials of the remaining 63 claims, as the appellants did not provide any additional information that would warrant a reversal of the initial decisions.

The Report states that of the 14 Requests for Review in Category C, where the claimants initially could not provide sufficient information to support their Refugee Class claims, two appellants have now provided adequate additional information with their Requests for Review and they are therefore eligible for payment in Category 1 of the Refugee Class. In addition, I affirm the denials of the remaining 12 claims.

To be eligible for payment as a member of the Refugee Class, the persecutee had to have sought entry into Switzerland from a country that was part of the Nazi regime at the time of the attempt. Claimants who did not satisfy this requirement were deemed ineligible under "Category D" of the review process, as described in the Report. Of the 15 Requests for Review in Category D, three appellants provided additional information which now makes them eligible for payment in Category 1 of the Refugee Class. Further, I affirm the denials of the remaining 12 claims, as the appellants did not provide any additional information that would warrant a reversal of the initial decision.

With respect to the one Request for Review as described in Category E in the Report, where the claimant could not provide sufficient information that entry into Switzerland was sought before May 9, 1945, the appellant did not provide adequate additional information to make the claim eligible for payment.

4

The Report further states that of the two Requests for Review in Category F, where the claimants did not provide a statement of detention, abuse or mistreatment as a refugee in Switzerland, one appellant has now provided additional information with her Request for Review and she is therefore eligible for payment in Category 1 of the Refugee Class. I affirm the denial of the remaining claim, as the appellant submitted a Request for Review but did not provide any additional information that would warrant a reversal of the initial decision.

The Report states that of the four Requests for Review in Category H, where the claimants provided an invalid Swiss Embassy or Consulate, none of the appellants provided information sufficient to warrant reversal of the initial decision. Therefore, I affirm the denial of those four claims.

With respect to the two Requests for Review in Category I, where the claimants indicated that the attempt to enter Switzerland occurred before the persecutee's birth, appellants were unable to demonstrate that the attempt to enter Switzerland occurred after persecutee's birth. Therefore, I affirm the denial of those two claims.

The Report states that of the five Requests for Review in Category J, four appellants provided additional information with their Request for Review which now makes them eligible for payment. I affirm the denial of the remaining claim, as the appellant did not provide any additional information that would warrant a reversal of the initial decision.

Finally, the Report states that with respect to the one Request for Review in Category L, where the claimant initially did not provide all of the necessary heir documentation, the missing documentation was subsequently provided as part of the

Request for Review. The appellant is now eligible for payment under Category 2 of the Refugee Class (based upon entry into and subsequent mistreatment in Switzerland as a refugee).

Therefore, it is hereby

ORDERED that the 39 appellants listed in the Report and described above – all of whom have now satisfied the standards under the Refugee Class – shall now receive payments to be transmitted by the Claims Conference. Of these 39 individuals, 36 were denied entry into or expelled from Switzerland, and in accordance with the Distribution Plan and the September 25, 2002 Memorandum & Order, each will receive payment of $3,625. The remaining three were admitted into Switzerland as refugees and were detained, mistreated or abused there, and in accordance with the Distribution Plan and the September 25, 2002 Memorandum & Order, each will receive payment of $725. The required funding for distribution of $3,625 to 36 individuals, and $725 to three individuals, is $132,675. As I am advised that the escrow account for payments to members of the Refugee Class has generated interest in the amount of $13,328, the total required funding is $119,347. It is further

ORDERED that the denial of payment for the remaining 129 claimants who have submitted Requests for Review is affirmed.

In anticipation of the distribution of Settlement Funds to the 39 appellants described above, it is further

ORDERED that the signatories to the Settlement Fund are hereby directed to transfer $119,347 from the Settlement Fund to the Claims Conference escrow account to meet the projected distributions to the Refugee Class described herein. The principal as

well as any interest that may accrue thereon shall be solely for the benefit of the Settlement Fund.

Brooklyn, New York
July 12, 2006

SO ORDERED:

s/Edward R. Korman
---
Edward R. Korman
United States District Judge