UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

HOLOCAUST VICTIM ASSETS
LITIGATION

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161 and
CV 97-461)

This document relates to: All Cases

MEMORANDUM & ORDER

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JUL 21 2006 ★

BROOKLYN OFFICE

Korman, Chief Judge:

I am in receipt of the July 3, 2006 Report and Recommendations of the International Organization for Migration (IOM) for the Second Group of Payments to Legal Successors in <u>In Re Holocaust Victim Assets Litigation</u> (Swiss Banks) ("Second IOM Legal Successor Report") which includes claims that were approved for payment both by the German Foundation and this Court as indicated in the Report. The Second IOM Legal Successor Report advises that, in accordance with the Distribution Plan, my Memorandum & Order dated June 28, 2001, and my Memorandum & Order dated September 25, 2002, IOM will be prepared, on or about July 9, 2006 to begin to transfer payments to 121 eligible legal successors for 77 eligible deceased victims in Slave Labour Class I and to 2 eligible legal successors for 1 eligible deceased victim in Refugee Class.

All of the 123 legal successors described in the Second IOM Legal Successor Report satisfy the eligibility criteria as stated in the Swiss Banks Settlement Agreement, the Distribution Plan and the HVAP Rules as adopted by the Court in its implementing orders as well as the German Foundation Act, as it is applied to legal succession in the Swiss Banks programmes. Each eligible deceased victim described in the Second IOM Legal Successor Report was a member of a target group, 77 of them performed slave labour for the Nazi regime, and one was denied entry into/expelled from Switzerland. Each deceased victim claim was already approved by this Court in an IOM report, specifically the reports accompanying IOM

1

Groups II, III, IV, V, VI, VIII, X or XII. All legal successors in the Second IOM Legal Successor Group have proven that the deceased victims died later than 15 February 1999. All legal successors have also proven that they informed IOM of their right to legal succession within the required notice period, have provided proof of relationship to the respective deceased victims and are the closest heirs, in accordance with the eligibility succession specified under the German Foundation Act.

As indicated, IOM has previously filed with the Court group reports summarizing, for each distinct group of deceased victims identified in a list attached to the group reports in Groups II, III, IV, V, VI, VIII, X or XII, the basis for IOM's prior payment recommendations. In approving these reports, the Court has already released funds to IOM for payment of compensation and no additional funding is requested.

The names and other identification information relating to all eligible deceased victims and their respective eligible legal successors included herein have been filed with the Court under seal in an appendix ("HVAP LS List II") accompanying the Second IOM Legal Successor Report, wherein IOM requests authorization from the Court to transfer funds previously released for payment by the Court to the eligible legal successors who are the proper parties,

Accordingly, in anticipation of the forthcoming distribution of awards of USD 1,450 for each of 77 Slave Labour Class I or USD 3,625 for 1 Refugee Class victims deceased on or after 16 February 1999 to 123 eligible legal successors of those deceased eligible victims;

and

who comprise this first group of legal successor payees, it is hereby

ORDERED that IOM pay the eligible legal successors listed in HVAP LS List II appended to the Second IOM Legal Successor Report a total of USD 115,275.00, already transferred from the Settlement Fund to the IOM-HVAP Citibank Geneva Account to meet the projected distribution, as described in HVAP LS List II.

SO ORDERED:

s/Edward R. Korman

Edward R. Korman
United States District Judge

Dated: Brooklyn, New York
7/17, 2006