UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
: Case No. CV 96-4849 (ERK)(MDG)
IN RE: HOLOCAUST VICTIM ASSETS   : (Consolidated with CV 96-5161
LITIGATION                                                : and CV 97-461)
---------------------------------------------------------  :
:
: **MEMORANDUM & ORDER**
This Document Relates to: All Cases     :
:
:
:
--------------------------------------------------------- X

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT ED. N.Y.
★ OCT 3 1 2005 ★
P.M. _____
TIME A.M. _____

## MEMORANDUM & ORDER APPROVING SIXTH SET OF INADMISSIBILITY DECISIONS: 21 INADMISSIBILITY DECISIONS CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL

KORMAN, C.J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Plan of Allocation and Distribution of Settlement Proceeds (Distribution Plan), Special Master Helen B. Junz, appointed by the Court to supervise the Claims Resolution Process with Special Master Michael Bradfield, is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules Governing the Claims Resolution Process, as amended (the "Rules"), of 21 Inadmissibility Decisions listed in Annex A to this Order, which have been certified as inadmissible by the Claims Resolution Tribunal (the "CRT").

The CRT operates under the authority and supervision of this Court for the purpose of analyzing the claims submitted under the Settlement Agreement by members of the Deposited Assets Class. According to Article 18(2)(b) and (c) of the Rules, "[a] claim submitted to the CRT is inadmissible if the claim is based essentially on a statement that the Claimant or his or her relative and the Account Owner have the same or similar last name [or] the Claimant has provided no relevant information and/or documentation regarding his or her relationship to the

Account Owner." Accordingly, a Claimant must provide some specific information or documentation about the Claimed Account Owner and the Claimant's relationship to that person.

In all 21 claims detailed in Annex A attached to this Order, the CRT has determined that the Claimants did not satisfy this admissibility standard. Moreover, upon request by the CRT, the Claimants did not submit any additional information sufficient to render their claims admissible.

Therefore, it is hereby

ORDERED that the 21 Inadmissibility Decisions listed in Annex A are hereby approved and shall be distributed to the relevant Claimants by the CRT.

It is further ordered that the CRT shall provide the Court with the name and address of every Claimant receiving an Inadmissibility Decision, which information shall be filed with the Court under seal.


Dated:   Brooklyn, New York
          August 6, 2006          SO ORDERED:

                                          s/ Edward R. Korman
                                          Edward R. Korman
                                          United States District Judge