D+F
C/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

**MEMORANDUM & ORDER**

This Document Relates to: All Cases

------------------------------------------------------------- X

# MEMORANDUM & ORDER AUTHORIZING PAYMENT OF THE DECISION ON APPEAL: IN RE ACCOUNT OF HEDWIG POPPER AND ACCOUNTS OF HANS POPPER

**KORMAN, C.J.:**

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, Special Master Michael Bradfield is hereby requesting the Court's authorization of the transfer of $21,572.58 (26,750.00 SFr. converted at a rate of 1.24 Swiss Francs per U.S. Dollar) to be deposited in the Special Masters' Awards Payment Account from the Settlement Fund, which is needed to pay the award amount pursuant to the <u>Decision on Appeal: In re Account of Hedwig Popper and Accounts of Hans Popper</u> (the "Decision") to Appellant Michael Gruenbaum.

Therefore, it is hereby

ORDERED that the Signatories of the Settlement Fund are hereby directed to immediately transfer $21,572.58 from the Settlement Fund to the Special Master's Awards Payment Account for payment of the Decision.

Dated: Brooklyn, New York
November __, 2006
Dec

SO ORDERED:

s/ Edward R. Korman
_____
Edward R. Korman
United States District Judge

## Decision on Appeal

of Appellant ▇▇▇▇▇▇▇▇▇▇

### In re Account of Hedwig Popper
### and
### Accounts of Hans Popper

Claim Numbers: 218020/SB ; 218021/SB ; 222881/SB ; 222883/SB ; 222884/SB ; 223958/SB ; 601352/SB

On January 8, 2005, ▇▇▇▇▇▇▇▇▇▇ (the "Appellant") submitted a letter (the "Appeal Letter") appealing the Certified Denial of the Claims Resolution Tribunal (the "CRT") -- In re Account of Hedwig Popper and Accounts of Hans Popper (the Denial"), which was approved by this Court on December 10, 2004. The Denial was for one unpublished account of Hedwig Popper ("Account Owner Hedwig Popper") and three published accounts of Hans Popper ("Account Owner Hans Popper") at the *Schweizerische Kreditanstalt* ("Bank 1"), and one published account of Account Owner Hans Popper at the *Schweizerische Bankgesellschaft* ("Bank 2"). The Claimant appeals the conclusion of the Denial that neither Account Owner Hedwig Popper nor Account Owner Hans Popper was his relative.[1,2]

The Appellant satisfies the requirements of Article 30(3) of the Rules Governing the Claims Resolution Process (the "Rules"), which states that appeals submitted without either a plausible suggestion of error or relevant new evidence may be summarily denied. The Appellant presented new information regarding his grandmother's and uncle's connections to Austria.

The Denial relied on certain statements made by the Appellant in his Claim Forms in reaching its decision. According to the Denial, the Appellant stated that his maternal grandmother, Hedwig Popper, née Winternitz, who was Jewish and resided in Prague, Czechoslovakia, owned a Swiss bank account. The Appellant also stated that his maternal uncle, Hanus Popper, who was Jewish and resided in Prague, owned a Swiss bank account. The Appellant explained that his grandmother and uncle both perished in Auschwitz in May 1944. The Denial also indicates that the Appellant submitted Initial Questionnaires to the Court in 1999, asserting his entitlement to Swiss bank accounts owned by his grandmother and uncle.

The auditors who carried out the investigation to identify accounts of Victims of Nazi Persecution pursuant to instructions of the Independent Committee of Eminent Persons ("ICEP"

---

[1] All decisions on appeal are published, but where an appellant has requested confidentiality, as in this case, the names of the appellant, any relatives of the appellant other than the account owners, and the banks have been redacted.

[2] It is apparent from the records of both Bank 1 and Bank 2 that the three accounts held by Account Owner Hans Popper at Bank 1 and one account held by Account Owner Hans Popper at Bank 2 were held by the same person.

or the "ICEP Investigation") reported one unpublished account at Bank 1 whose owner's name, Hedwig Popper, matched the name of the Appellant's grandmother and three published accounts at Bank 1 whose owner's name, Hans Popper, was substantially similar to the name of the Appellant's uncle. The auditors also reported one published account at Bank 2 whose owner's name, Hans Popper, was substantially similar to the name of the Appellant's uncle.

The Denial explained that the Appellant had not identified either of the Account Owners as his relatives. Specifically, the Denial concluded that although the name of the Appellant's grandmother matched that of Account Owner Hedwig Popper, the Appellant had not identified Account Owner Hedwig Popper's unpublished city and country of residence, as recorded in the records of Bank 1. The Denial further concluded that although the name of the Appellant's uncle was substantially similar to the name of Account Owner Hans Popper, the Appellant had not identified Account Owner Hans Popper's country of residence, Austria; had not identified and provided a plausible connection to another country of residence of Account Owner Hans Popper, as recorded in the records of Bank 1; and had not identified the name of the joint account owner, although this person appears to have been closely related to Account Owner Hans Popper.

On appeal, the Appellant stated that his grandmother and uncle had connections to cities other than Prague. Specifically, he stated that his grandmother, Hedwig Popper, lived in Vienna, Austria for a period of time in the 1920s and that she often visited Vienna. In support of his appeal, the Appellant submitted extracts from the City Archives of Vienna, which indicate that his grandmother lived at or visited numerous addresses in Vienna between 1922 and 1932. These documents also show that the Appellant's uncle, Hans ("Hanus") Popper, visited Vienna for approximately two weeks in May 1922.

The records of Bank 1 for Account Owner Hedwig Popper indicate that she held one demand deposit account, the opening and closing dates of which are not legible. Bank 1's records further indicate that Account Owner Hedwig Popper used the married title "Frau" and that she resided in Vienna at Neustifgasse 66. These records do not contain information regarding the value of the account.

The failure of the Appellant to identify and establish a plausible connection of his grandmother to Account Owner Hedwig Popper's unpublished city and country of residence was the primary factor leading the Denial to conclude that his grandmother and Account Owner Hedwig Popper were not the same person. In his appeal, the Appellant submitted extracts from the City Archives of Vienna, which demonstrate via entries recording her addresses in Vienna and departure dates from that city, that his grandmother lived in or visited Vienna between 1922 and 1932. At that time she was an adult married person, fully capable of having opened a bank account, and would have been able to use the title "Frau," the title of the Account Owner as reflected in the records of Bank I. Accordingly, the Appellant has identified and established a plausible connection of his grandmother to Vienna, Austria, which is Account Owner Hedwig Popper's unpublished city and country of residence. While none of the addresses recorded in the City Archives of Vienna submitted by the Appellant match the address of Account Owner Hedwig Popper recorded in the Bank records, there is no evidence to indicate that the Archives recorded all of Hedwig Popper's places of residence in Vienna, and her identification as the Account Owner is supported by the fact that she is the only woman listed in the Yad Vashem Database of Holocaust Victims (the "Yad Vashem Database") with the married name "Hedwig

Popper." Therefore, based on these considerations, it is concluded in this Decision on Appeal that the Appellant has plausibly identified Account Owner Hedwig Popper as his grandmother.

While the Appellant has plausibly identified Account Owner Hedwig Popper as his relative, he has not identified Account Owner Hans Popper as his relative. No presumption should apply that Hedwig and Hans were related because both had the same surname since there no evidence has been submitted indicating a relationship. Although the Appellant provided a connection of his uncle to Austria, he has not identified Account Owner Hans Popper's second city of residence and has not identified the joint account owner, who appears to have been closely related to Account Owner Hans Popper, but not related to Hedwig Popper or identified in any way as such by the Appellant. To the contrary, the Yad Vashem Database includes at least four men named "Hans Popper," one of whom resided in Austria.

As noted above, the Bank's records do not provide for a clear reading of the closure date of Account Owner Hedwig Popper's demand deposit account. Given that Account Owner Hedwig Popper perished in Auschwitz in 1944; that there is no record of the payment of Account Owner Hedwig Popper's account to her; that Account Owner Hedwig Popper and her heirs would not have been able to obtain information about her account after the Second World War from the Bank due to the Swiss banks' practice of withholding or misstating account information in their responses to inquiries by account owners because of the banks' concern regarding double liability; and given the application of Presumptions (h) and (j) as provided in Article 28 of the Rules, the CRT concludes that it is plausible that the account proceeds were not paid to Account Owner Hedwig Popper or her heirs.

Accordingly, because it is plausible that the Appellant is related to Account Owner Hedwig Popper, the Denial is reversed to award the Appellant Account Owner Hedwig Popper's demand deposit account held at Bank 1. Bank 1's records do not indicate the value of the account. According to Article 29 of the Rules, if the value of a demand deposit account is unknown, and in the absence of the plausible evidence to the contrary, the value of the demand deposit account is to be 2,140.00 Swiss Francs. The Appellant is therefore awarded the average value of a demand deposit account, or 26,750.00 Swiss Francs, which represents the average value of a demand deposit account adjusted for current value.[3] The Special Master is directed to make such payment to the Appellant from the Settlement Fund.

Approved by

The Honorable Edward R. Korman
Chief Judge
United States District Court
  for the Eastern District of New York
DATE:

---

[3] By Order of the Court, the adjustment factor was increased from 12 to 12.5 for awards issued after July 2003. This Decision on Appeal provides for use of the increased adjustment factor with the respect to the account being awarded.