UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 1 3 2007 ★
BROOKLYN OFFICE

IN RE:

HOLOCAUST VICTIM ASSETS
LITIGATION

This document relates to: All Cases

Case No.CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161 and
CV 97-461)

**MEMORANDUM & ORDER**

Korman, Chief Judge:

I am in receipt of the March 22, 2007 Report and Recommendations of the
International Organization for Migration (IOM) for the Second Supplemental List of
Payments to Legal Successors in In Re Holocaust Victim Assets Litigation (Swiss
Banks) ("Second IOM Supplemental Legal Successor Report") which includes
claims that were approved by this Court for payment as indicated in the Fourth and
Fifth IOM Legal Successor Reports. The Second IOM Supplemental Legal
Successor Report advises that, in accordance with the Distribution Plan, my
Memorandum & Order dated June 28, 2001, and my Memorandum & Order dated
September 25, 2002, IOM will be prepared, on or about March 30, 2007 to begin to
transfer payments to 34 eligible legal successors for 17 deceased eligible victims in
Slave Labour Class I.

All of the 34 legal successors described in the Second IOM Supplemental
Legal Successor Report satisfy the eligibility criteria for legal successors as stated in
the Swiss Banks Settlement Agreement, the Distribution Plan and the HVAP Rules
as adopted by the Court in its implementing orders as well as the criteria of the
German Foundation Act, as it is applied to legal succession in the Swiss Banks
programmes. All legal successors in the Second IOM Supplemental Legal Successor
Group have proven that the deceased victims died later than 15 February 1999. All
legal successors have also proven that they informed IOM of their right to legal
succession within the required notice period, have provided proof of relationship to

the respective deceased victims and are the closest heirs, in accordance with the eligibility succession specified under the German Foundation Act.

Since the 17 claims were initially submitted to the Court, an additional 17 eligible legal successors have been identified for these deceased eligible victims. IOM therefore requests that the Court authorize modification of the initial distribution of payments, as described in the Second IOM Supplemental Legal Successor Report. IOM does not request any funds but merely a modification to the distribution as the distribution was originally approved. Funds have already been received for these payments.

In the interest of privacy, the names and other identification information relating to all eligible deceased victims and their respective eligible legal successors included herein have been filed with the Court under seal in Appendix A ("HVAP LS Supplemental Lists IV-V") accompanying the Second IOM Supplemental Legal Successor Report.

Accordingly, in anticipation of the forthcoming distribution of awards as follows:

USD 1,450 for each of 17 Slave Labour Class I victims deceased on or after 16 February 1999 whose claims have been submitted to this Court for approval of payment awards to be distributed to 34 eligible legal successors of those deceased eligible victims;

and

who comprise the second supplemental group of legal successor payees ("HVAP Supplemental LS Lists IV-V"), it is hereby

ORDERED that IOM pay the 34 eligible legal successors on behalf of 17 deceased eligible victims whose claims are listed in HVAP Supplemental LS Lists IV-V appended to the Second IOM Supplemental Legal Successor Report, and that

were already approved in previous HVAP payment groups, a total of USD 24,650.00, already transferred from the Settlement Fund to the IOM-HVAP Citibank Geneva Account to meet the projected distribution, as described in the Second IOM Supplemental Legal Successor Report.

SO ORDERED:

S / Edward R. Korman

Edward R. Korman
United States District Judge

Dated:   Brooklyn, New York
         March 25, 2007