D+F
C/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
:
IN RE: : Case No. CV 96-4849 (ERK)(MDG)
HOLOCAUST VICTIM ASSETS : (Consolidated with CV 96-5161
LITIGATION : and CV 97-461)
:
---------------------------------------------------------- : MEMORANDUM & ORDER
:
This Document Relates to: All Cases :
:
:
---------------------------------------------------------- X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JAN 30 2006 ★
BROOKLYN OFFICE

KORMAN, Chief Judge.

I am in receipt from Special Master Michael Bradfield a complete record of an appeal filed by George Dynin with respect to the Denial-- *Dubied & Cie. ED. S.A..* (the "Denial"). Mr. Dynin asserts that he is entitled to the account of *Dubied & Cie. ED. S.A.* (the "Account Owner"), held in a Swiss bank, because the Account Owner, who is unrelated to Mr. Dynin, managed his parents' bank account and held commissions due them from Swiss manufacturers.

Mr. Dynin has not submitted any information that supports the conclusion that his parents held an ownership interest in the Account Owner's account or were otherwise the beneficiaries of the account. Moreover, there is no information in the Bank's records indicating that the Account Owner managed funds or held commissions on behalf of Mr. Dynin's parents.

Mr. Dynin's appeal does not fulfill the requirement of Article 30(3) of the Rules Governing the Claims Resolution Process, as amended (the "Rules"), that appeals that do not establish a plausible suggestion of error are not eligible for consideration on appeal. Without some information establishing an account management relationship between the Account Owner and Mr. Dynin's parents with respect to the Account Owner's account at the Bank, or a Bank record indicating such a relationship, Mr. Dynin cannot be considered to have plausibly demonstrated that he is entitled to the Account Owner's account.

Mr. Dynin has not provided such information and such information is not contained in the Bank record. Under the Rules, the authority of the CRT ability to award accounts is limited to cases in which it is plausibly established that the claimant is entitled to an account.

Mr. Dynin was consequently informed by Special Master Bradfield in a letter dated October 12, 2006 that his appeal cannot be processed because it does meet the provisions of Article 30(3) of the Rules. Pursuant to Fed. R. Civ. P. Rule 53 ("Special Masters") and in accordance with class action principles as well as my discretionary authority to supervise the administration of the Settlement Agreement and the Plan of Allocation and Distribution of Settlement Proceeds, I have authorized Special Master Bradfield to act on the Court's behalf in analyzing Deposited Assets Class appeals. Special Master Bradfield consults with me directly in connection with particular appeals, and also seeks my approval of policy determinations affecting the appeals process as a whole.

In view of Special Master Michael Bradfield's careful examination of the appeal submitted by Mr. Dynin, it is hereby

ORDERED that Special Master Bradfield's application of Article 30(3) of the Rules, as described in his letter to Mr. Dynin of October 12, 2006, is adopted in its entirety.

Brooklyn, New York

January 24, 2008

SO ORDERED:

s/Edward R. Korman
Edward R. Korman
United States District
Judge