D+F
C/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

IN RE:
HOLOCAUST VICTIM ASSETS
LITIGATION

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

MEMORANDUM & ORDER

This Document Relates to: All Cases

----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JAN 30 2006 ★
BROOKLYN OFFICE

KORMAN, Chief Judge.

I am in receipt from Special Master Michael Bradfield of a complete record of an appeal filed by Lionel Salem with respect to the Award-- In re Accounts of F. Gentili di Giuseppe (the "Award"). Mr. Salem's appeal does not fulfill the requirement of Article 30(3) of the Rules Governing the Claims Resolution Process, as amended (the "Rules"), that appeals establish a plausible suggestion of error. In this case the amount of the Award was based on average values of the account types at issue in the Award as provided in Article 29 of the Rules Governing the Claims Resolution Process, as amended (the "Rules"). The Bank records in this case establish the existence, but not the actual value, of accounts held by Mr. Salem's relative.

Mr. Salem appealed the Award, claiming that, as the Account Owner was a wealthy person, the accounts at issue must have held more than the average values awarded. Mr. Salem has provided significant information on the wealth of the Account Owner, but has been unable to demonstrate any relationship of that wealth to an account in a Swiss bank.

Article 29 of the Rules provides that, unless there is plausible evidence to the contrary, when the amount in the account is unknown or below the average value for the identified account, the value of the account shall be determined by the average value of an account of the same type that actually

existed in 1945 in Switzerland. This Article also contains the average value of the various types of accounts that were in use in Switzerland in the 1933-1945 period ("the "Relevant Period") based on a study by the auditors conducting an investigation of Holocaust victim accounts in Swiss banks under a mandate from the Independent Committee of Eminent Persons ("ICEP"). These values are the result of an analysis by the auditors of known values of specific accounts from the Relevant Period determined to be probably or possibly belonging to Victims or Targets of Nazi Persecution. The independent three-year audit of Swiss banks carried out by ICEP, under the Chairmanship of Paul A. Volcker, is described in the <u>Report on Dormant Accounts of Victims of Nazi Persecution in Swiss Banks</u> (1999). The full text of the report is available at www.crt-ii.org.

Faced with numerous cases involving an account with a known account owner and recognized heirs of that account owner, but with an unknown account value, a decision had to be made whether to withhold all compensation in the absence of knowledge about account value or to establish an objective standard that can be used as a substitute for the value that was actually placed in the account by the account owner but is unknown today. A decision, embodied in Article 29, was made to do the latter, and the average values from the valuation study conducted by the auditors were included in the Rules to address cases such as Mr. Salem's, where bank records no longer exist to show the actual value of the accounts.

Mr. Salem's appeal does not fulfill the requirement of Article 30(3) of the Rules that appeals establish a plausible suggestion of error. Specifically, Mr. Salem has not provided a plausible suggestion of error with respect to the amount of the Award. Mr. Salem was consequently informed by Special Master Michael Bradfield in a letter dated March 28, 2006, that he had not provided information regarding the actual value of the accounts at issue, and that it is therefore not possible to conclude that the

application in the Award of the average account values as determined by Article 29 of the Rules was erroneous.

Pursuant to Fed. R. Civ. P. Rule 53 ("Special Masters") and in accordance with class action principles, as well as my discretionary authority to supervise the administration of the Settlement Agreement and the Plan of Allocation and Distribution of Settlement Procceds, I have authorized Special Master Bradfield to act on the Court's behalf in analyzing Deposited Assets Class appeals. Special Master Bradfield consults with me directly in connection with particular appeals, and also seeks my approval of policy determinations affecting the appeals process as a whole.

After a review of the record in this case, and in view of Special Master Bradfield's careful examination of the appeal submitted by Mr. Salem of the Award, it is hereby

ORDERED that Special Master Bradfield's application of Article 30(3) of the Rules, as described in his letter to Mr. Salem of March 28, 2006, is adopted in its entirety.

Brooklyn, New York
January 25, 2008

SO ORDERED:

s/Edward R. Korman
Edward R. Korman
United States District Judge