D+F
C/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  :
IN RE:  : Case No. CV 96-4849 (ERK)(MDG)
HOLOCAUST VICTIM ASSETS  : (Consolidated with CV 96-5161
LITIGATION  : and CV 97-461)
  :
-------------------------------------------------  : **MEMORANDUM & ORDER**
  :
This Document Relates to: All Cases  : **FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JAN 30 2008 ★
BROOKLYN OFFICE
  :
----------------------------------------------------------- X

KORMAN, Chief Judge.

       I am in receipt from Special Master Michael Bradfield of a complete record of three appeals filed by Dr. László Hoffmann with respect to the Awards, In re Account of Ilona Illes (the "Illes Award"); In re Account of Franz Karl Weiss (the "Weiss Award"); and In re Account of Leon Dan (the "Dan Award"). Dr. Hoffmann's appeals do not fulfill the requirement of Article 30(3) of the Rules Governing the Claims Resolution Process, as amended (the "Rules"), that appeals establish a plausible suggestion of error. In this case the amount of the Awards were based on average values of the account types at issue in the Awards as provided in Article 29 of the Rules Governing the Claims Resolution Process, as amended (the "Rules"). The Bank records in these cases establish the existence, but not the actual value, of accounts held by Dr. Hoffmann's relatives.

       Dr. Hoffmann appealed the Awards, claiming that, as the Account Owners were wealthy people, the accounts at issue must have held more than the average values awarded. As support for his appeal, Dr. Hoffmann submitted the statement of the housekeeper of one of the Account Owners, dated after the commencement of the Claims Resolution Process, suggesting

that Dr. Hoffmann's family was wealthy and had deposited funds in a Swiss bank account. In the absence of any contemporaneous information supporting valuation, the Claims Resolution Process has not considered vague statements of Account Owner wealth made by claimants, or persons associated with claimants, long after the claimed transactions took place, and after the initiation of the Claims Resolution Process, as plausible indications of value. Dr. Hoffmann has appropriately been awarded the average values for the various claimed accounts as required by Article 29 of the Rules.

Article 29 of the Rules provides that, unless there is plausible evidence to the contrary, when the amount in the account is unknown or below the average value for the identified account, the value of the account shall be determined by the average value of an account of the same type that actually existed in 1945 in Switzerland. This Article also contains the average value of the various types of accounts that were in use in Switzerland in the 1933-1945 period ("the "Relevant Period") based on a study by the auditors conducting an investigation of Holocaust victim accounts in Swiss banks under a mandate from the Independent Committee of Eminent Persons ("ICEP"). These values are the result of an analysis by the auditors of known values of specific accounts from the Relevant Period determined to be probably or possibly belonging to Victims or Targets of Nazi Persecution. The independent three-year audit of Swiss banks carried out by ICEP, under the Chairmanship of Paul A. Volcker, is described in the Report on Dormant Accounts of Victims of Nazi Persecution in Swiss Banks (1999). The full text of the report is available at www.crt-ii.org.

Faced with numerous cases involving an account with a known account owner and recognized heirs of that account owner, but with an unknown account value, a decision had to be made whether to withhold all compensation in the absence of knowledge about account value or to establish an objective standard that can be used as a substitute for the value that was

actually placed in the account by the account owner but is unknown today. A decision, embodied in Article 29, was made to do the latter, and the average values from the valuation study conducted by the auditors were included in the Rules to address cases such as Dr. Hoffmann's, where bank records no longer exist to show the actual value of the accounts.

Dr. Hoffmann's appeals do not fulfill the requirement of Article 30(3) of the Rules that appeals establish a plausible suggestion of error. Specifically, Dr. Hoffmann has not provided a plausible suggestion of error with respect to the amount of the Awards. Dr. Hoffmann was consequently informed by Special Master Michael Bradfield in a letter dated January 3, 2007 that he had not provided information regarding the actual value of the accounts at issue, and that it is therefore not possible to conclude that the application in the Awards of the average account values as determined by Article 29 of the Rules was erroneous.

Pursuant to Fed. R. Civ. P. Rule 53 ("Special Masters") and in accordance with class action principles, as well as my discretionary authority to supervise the administration of the Settlement Agreement and the Plan of Allocation and Distribution of Settlement Proceeds, I have authorized Special Master Bradfield to act on the Court's behalf in analyzing Deposited Assets Class appeals. Special Master Bradfield consults with me directly in connection with particular appeals, and also seeks my approval of policy determinations affecting the appeals process as a whole.

After a review of the record in these cases, and in view of Special Master Bradfield's careful examination of the appeals submitted by Dr. László Hoffmann of the Illes Award, Weiss Award, and Dan Award, it is hereby

ORDERED that Special Master Bradfield's application of Article 30(3) of the Rules, as described in his letter to Dr. László Hoffmann of January 3, 2007, is adopted in its entirety.

Brooklyn, New York
January __, 2008

SO ORDERED:

s/Edward R. Korman
Edward R. Korman
United States District Judge