DJF
C/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

IN RE:
HOLOCAUST VICTIM ASSETS
LITIGATION

-------------------------------------------------------------

This Document Relates to: All Cases

------------------------------------------------------------- X

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

~~PROPOSED~~ MEMORANDUM &
ORDER

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ APR 22 2008 ★
BROOKLYN OFFICE

KORMAN, Judge:

I am in receipt of the April 3, 2008 Report and Recommendations of the Conference on Jewish Material Claims Against Germany, Inc. for the Thirty Second Group of Slave Labor Class I Claims in In re Holocaust Victim Assets Litigation (Swiss Banks) ("Thirty Second Claims Conference Report"). The Thirty Second Claims Conference Report advises that in accordance with the Plan of Allocation and Distribution of Settlement Proceeds ("Distribution Plan"), my Memorandum & Order dated June 28, 2001, and my Memorandum & Order dated September 25, 2002, the Claims Conference is prepared to transfer payments to an additional 15 Holocaust survivors who are members of Slave Labor Class I, and to heirs of Holocaust survivors who are members of Slave Labor Class I in 36 cases, 34 of which cases pertain to survivors previously approved by the Court for payment but were deceased prior to receiving the proceeds and for which payments to their heirs have now been approved.

I am advised that all of the 15 Holocaust survivors described in the Thirty Second Claims Conference Report were approved by the Claims Conference Central and Eastern European Fund or Additional Labor Distribution Amount ("ALDA") compensation program, which eligibility

criteria are the same as for the Program for Slave and Forced Laborers under the German Foundation and who would otherwise have been eligible under the German Foundation but applied between the December 31, 2001 deadline of the German Foundation and May 28, 2004. Further, I have been apprised of the reasons given by the 14 Holocaust survivors approved under ALDA for the late submission of their applications and these reasons comport with the standard of excusable neglect. Therefore, these 14 Holocaust survivors are eligible for compensation under Slave Labor Class I.

Additionally, I am advised that the heirs to 2 survivors were approved either by the German Foundation or the Claims Conference ALDA program.

Finally, I am advised that with respect to all of the 17 newly submitted claims related to Holocaust survivors and described in the Thirty Second Claims Conference Report, the survivors have established that they are Jewish, and/or were, or were thought to have been, Jewish at the time of persecution, thereby meeting the definition of being victims or targets of Nazi persecution, and satisfying the eligibility requirement for compensation under Slave Labor Class I.

I am pleased to note that inclusive of those referred to in this Order, 173,926 Jewish members of Slave Labor Class I and their heirs have been awarded a total of $252,186,850.

I have also been informed that sufficient funds to make these payments are in the Claims Conference designated program accounts for Slave labor Class I.

Accordingly, in anticipation of the forthcoming distribution of $1,450 to each of the newly approved 15 Holocaust survivors and claims from 2 heirs who comprise this Thirty Second group of recipients under Slave Labor Class I, it is hereby

ORDERED that the Claims Conference transfer funds to the 15 Holocaust survivors and heirs of the 2 deceased Holocaust survivors eligible for Slave Labor Class I as described in the Thirty Second Claims Conference Report.

As stated in the Thirty Second Claims Conference Report, the Claims Conference is in the process of finalizing payments in this class, and these awards will be the last new payments.

Brooklyn, New York
April _/o_, 2008

SO ORDERED:

_s/Edward R. Korman_
Edward R. Korman
United States District Judge