FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUN 3 200▓ ★
BROOKLYN OFFICE

D+F
C/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X

IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

-------------------------------------------------

This Document Relates to: All Cases

**MEMORANDUM & ORDER**

-------------------------------------------------X

## MEMORANDUM & ORDER APPROVING FORTY-EIGHTH SET OF 1,000 NO MATCH DECISIONS CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL

**KORMAN, J.:**

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Plan of Allocation and Distribution of Settlement Proceeds (Distribution Plan), the Claims Resolution Tribunal (the "CRT"), is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules Governing the Claims Resolution Process, as amended (the "Rules"), of 1,000 "No Match" Decisions listed in Annex A to this Order, which have been certified by the CRT.[1]

Under Article 22(2), the Rules further provide that "[a]n Award may be made of the value of an Account in favor of a Claimant if:

a) the Claimant has identified a person with precisely the same name as the Account Owner, or the Claimant has accurately identified a person with substantially the similar name as the

---

[1] Under Article 19(1) the Rules Governing the Claims Resolution Process, as amended ("the Rules") "[a]ll Admissible Claims of Victims or their heirs, and All Admissible Claims of Victims or their heirs submitted to the CRT by the New York State Holocaust Claims Processing Office, shall be matched with the Account History Database and Accounts published in 1997." These databases comprise the 36,131 accounts identified by the ICEP auditors as probably or possibly belonging to Victims of Nazi Persecution and augmented to 37,373 accounts by the CRT from other sources. The Rules define matching as "...the process of comparing computer databases of names of Victims and/or Claimants with names of Account Owners using algorithms to identify exact name matches, near-exact name matches, and name matches with confirming factors under procedures used in the ICEP investigation."

Account Owner or a credible pseudonym, and where applicable, has provided a plausible explanation for the difference in names; and

b) the CRT is satisfied that the information provided by the Claimant is consistent with unpublished information in the bank records..."

In all these 1,000 cases the CRT has determined that the claimants failed to meet the criteria as described in Article 22(2) of the Rules and that no accounts could be located in the Account History Database belonging to any person or entity listed in the submitted Claims. Accordingly, these claims are considered closed.

With this forty-eighth set, a total of 86,771 "No Match" Decisions will thus far have been approved under the CRT.

Annex A attached to this Order lists the 1,000 "No Match" Decisions certified as such by the CRT because these Claims failed to meet the criteria for making awards, as defined by Article 22(2) of the Rules.

Therefore, it is hereby

ORDERED that the 1,000 "No Match" Decisions listed in Annex A are hereby approved and shall be distributed to the relevant Claimants by the CRT.

It is further ordered that the CRT shall provide the Court with the name and address of every Claimant receiving a No Match Decision, which information shall be filed with the Court under seal.

Dated: Brooklyn, New York
May 21 2008

SO ORDERED:

s/Edward R. Korman
Edward R. Korman
United States District Judge