FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JAN 30 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------- X

IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

--------------------------------------------------

This Document Relates to: All Cases

**MEMORANDUM & ORDER**

-------------------------------------------------- X

## MEMORANDUM & ORDER APPROVING CRT SET 2: 3 DENIALS UPON REQUEST FOR RECONSIDERATION AND SUMMARILY DENYING 27 APPEALS AS CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL PURSUANT TO ARTICLE 30 OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 and December 14, 2006 Memoranda & Orders and in the Plan of Allocation and Distribution of Settlement Proceeds, the Claims Resolution Tribunal (the "CRT") is hereby requesting the Court's approval of 3 Certified Denials Upon Request for Reconsideration listed in Annex A to this Order and the Court's summary denial of 27 Appeals listed in Annex B to this Order.

Under Article 30 of the Rules Governing the Claims Resolution Process, as amended (the "Rules"), a Request for Reconsideration must be based on new documentary evidence not previously presented to the CRT that, if considered, would have led to a different outcome of the claim. Claimants are to briefly explain the relevance of the newly submitted documents in view of the conclusions stated in the Certified Award Denial.

At my direction, the CRT has analyzed the information provided in each of the Requests for Reconsideration listed in Annex A. The CRT has determined that the Claimants satisfied the

criteria set out in Article 30 of the Rules. Further, in each of these cases, at my direction, the CRT has reviewed the new information provided by the Claimant in his/her Request for Reconsideration, together with the information provided in the original claim, and compared it to that contained in the account records regarding the account owner. Based upon this review, the CRT has again concluded that the Claimant was not able to identify his or her relative as the account owner.

Article 30 of the Rules also specifies that an appeal must be based upon a plausible suggestion of error regarding the conclusions reached by the CRT in the Certified Denial. Any appeals submitted without a plausible suggestion of error shall be summarily denied.

At my direction, the CRT has analyzed the information provided in each of the Appeals listed in Annex B. Upon careful consideration, the CRT has concluded that none of the Appellants whose claims are listed in Annex B raised a plausible suggestion of error in the CRT's finding that his/her relative was not the same person identified in the bank's records as the account owner. Accordingly, the CRT recommends that these Appeals be summarily denied.

I have reviewed the CRT's analyses and I concur with the CRT's recommendations. Therefore, it is hereby

ORDERED that the 3 Denials Upon Request for Reconsideration listed in Annex A are hereby approved for release to the relevant Claimants.

ORDERED that the 27 Appeals to the claims listed in Annex B shall be summarily denied and the relevant Appellants so informed.

It is further ordered that the Special Masters shall provide the Court with the name and address of every Claimant receiving a Denial Upon Request for Reconsideration and every

Appellant whose appeal is herewith summarily denied, which information shall be filed with the Court under seal.

Dated: Brooklyn, New York
December 23, 2008

SO ORDERED:

s/Edward R. Korman
Edward R. Korman
United States District Judge