UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X

IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

This Document Relates to: All Cases

MEMORANDUM & ORDER

----------------------------------------------------------- X

## MEMORANDUM AND ORDER AUTHORIZING THE OPENING OF A CITIBANK FDIC INSURED CUSTODY CASH DEPOSIT ACCOUNT

KORMAN, C.J.:

From the inception of the Settlement Fund through the present, as required by the Settlement Agreement, the Fund's investments have been held in US government and government agency securities and where appropriate in the Citi Institutional US Treasury Reserves Money Market Account (the "Money Market Account"). The Settlement Fund's investment managers at Citibank have recently recommended that (i) the Settlement Fund should open a Citibank FDIC Insured Custody Cash Deposit Account ("the Deposit Account") which is fully FDIC insured and pays interest at a greater rate than that paid by the Money Market Account and (ii) that funds which have heretofore been held in the Money Market Account should be transferred to the Deposit Account. To provide a fully FDIC-insured account which pays a more favorable rate of interest and into which the proceeds of maturing investments can be deposited until reinvested in securities or until expended on Court-authorized expenditures, it is hereby:

ORDERED that the Signatories of the Settlement Fund are hereby directed to complete the documents required by Citibank to open such Deposit Account for the purposes set forth above,

ORDERED that in the interest of maximizing the interest earned by the Settlement Fund, any two of the following Signatories of the Settlement Fund - Judah Gribetz, Burt Neuborne or Tobias Feinerman - are authorized to execute documents to transfer immediately all but $1,000 of the balance of the Money Market Account to the Deposit Account, and

ORDERED that any two of the following Signatories of the Settlement Fund – Judah Gribetz, Burt Neuborne or Tobias Feinerman - are authorized to execute documents instructing Citibank to utilize funds in the Deposit Account for the payment of Court-authorized expenditures.

Dated: June 24, 2009
Brooklyn, New York

SO ORDERED:

s/Edward R. Korman
Edward R. Korman
United States District Judge

Citi Private Bank 

# Preferred Custody Services
# FDIC Update
## FDIC Insured Custody Cash Deposit Accounts

**DESCRIPTION**
Participation in the FDIC Transaction Account Guaranty Program ("TAGP") allows Citibank to offer the Custody Cash Deposit Account ("CDA") - a new deposit option for clients who seek competitive earnings along with fully guaranteed deposit safety between now and December 31, 2009, or as extended by the FDIC.

**ELIGIBLITY**
Eligible participants include Citi Private Bank clients who have custody or escrow agency accounts holding cash balances of $10 million or more. For custody accounts, at least 25% of the applicable account must be invested in securities (i.e., stocks and/or bonds).

**PRODUCT BACKGROUND**
For cash held with Citibank, N.A. in its capacity as custodian or escrow agent, all "non-interest-bearing transaction accounts" (as defined under the TAGP) are fully guaranteed by the FDIC for the entire deposit balance through December 31, 2009, or any applicable extended date.

Coverage under the TAGP is in addition to and separate from the coverage available under the FDIC's general deposit insurance rules.

Non-interest-bearing transaction accounts include those accounts with balances held in a CDA as described herein. A special exception under the TAGP permits a limited amount of interest to be paid on a CDA without disqualifying it as a non-interest-bearing transaction account.

The FDIC is an independent agency that carries the full faith and credit of the US government. The FDIC was created by Congress in 1934 to "maintain the stability and public confidence in the nation's financial system by insuring deposits, examining and supervising financial institutions, and managing receiverships by identifying, monitoring and addressing risks to the deposit insurance funds; and by limiting the effect on the economy and the financial system when a bank or thrift institution fails.

"Since the start of FDIC insurance on January 1, 1934, no depositor has lost a single cent of insured funds as a result of a failure." See more on the FDIC's website at: http://www.fdic.gov/about/learn/symbol/index.html.

**PRODUCT HIGHLIGHTS**
- This CDA offering provides unlimited FDIC insurance under TAGP for cash deposits* in custody and escrow agency accounts held with Preferred Custody Services of Citibank, N.A.

- Clients participating in the CDA are entitled to receive monthly interest payments. To qualify a CDA as a non-interest-bearing transaction account under the TAGP, interest payments are capped at no more than what is permissible by US regulations, which is currently limited to 0.50%.

**KEY CLIENT BENEFITS**
- Full FDIC insurance for the cash balance in a CDA held with Citibank through Preferred Custody Services.

- Daily liquidity for CDA balances.

- No additional administrative fees for maintenance of CDA balances.

**FOR FURTHER INFORMATION**
To establish a CDA, or for further information, contact your Citi Private Bank representative.

---

* Please note that only cash deposit balances are covered by FDIC deposit insurance; no other asset categories, including securities and money market mutual funds, are covered by FDIC deposit insurance.

---

Citi Private Bank Preferred Custody Services are offered to clients of Citi Private Bank, a business of Citigroup Inc. ("Citigroup") that provides products and services worldwide through bank and non-bank affiliates of Citigroup. Not all products and services are provided by all affiliates or are available at all locations. Neither Citigroup nor any of its affiliates provide tax or legal advice.

© 2009 Citibank, N.A. All rights reserved. Citi and Citi with Arc Design are trademarks and service marks of Citigroup Inc., and its affiliates and used and registered throughout the world. All other trademarks are the property of their respective owners.                                                                                                                                                                            (2558)