UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
IN RE: HOLOCAUST VICTIM ASSETS    : Case No. CV 96-4849 (ERK)(MDG)
LITIGATION                        : (Consolidated with CV 96-5161
                                  : and CV 97-461)
                                  :
------------------------------------------------------------ :
                                  :      **MEMORANDUM & ORDER**
This Document Relates to: All Cases :
                                  :
                                  :
                                  :
------------------------------------------------------------ X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
OCT 8 2009
BROOKLYN OFFICE

## MEMORANDUM & ORDER APPROVING THE DECISION ON APPEAL: IN RE ACCOUNTS OF MORITZ MAYER

KORMAN:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, Special Master Michael Bradfield is hereby requesting the Court's approval of the Decision on Appeal: In re Accounts of Moritz Mayer (the "Decision"), which is attached hereto as Annex A. The Decision awards SFr. 68,250.00 each to siblings Eric Mayer, Ruth Rothschild, and the Estate of Fred Mayer, for a total of SFr. 204,750.00, or $191,355.14 converted at a rate of 1.07 Swiss Francs per U.S. Dollar.[1]

Before the Decision was approved, Eric Mayer, Ruth Rothschild, and the Estate of Fred Mayer each received a Plausible Undocumented Award ("PUA"). Each recipient was made aware at the time the PUA was awarded that, in the event the CRT located a Swiss Bank account or accounts to which he/she was entitled, the PUA amount of US $5,000.00 already received would be deducted from any future award(s) that may be made in connection with such account(s). Therefore, the amount requested for transfer to the Swiss Banks Settlement-Dormant Accounts - Payment Account equals the award amount of US $191,355.14 for the Decision referred to above less US $15,000.00 for previous PUA payments, for a total of US $176,355.14.

---

[1] The exchange rate as of July 27, 2009—1.07 Swiss Francs per U.S. Dollar—was used to calculate the U.S. dollar value.

Therefore, it is hereby

ORDERED that the Decision attached as Annex A is approved by the Court; and

ORDERED that the Signatories of the Settlement Fund are hereby directed to immediately transfer $176,355.14 from the Settlement Fund to the Swiss Banks Settlement-Dormant Accounts-Payment Account for payment of the Decision.

Dated: July 29, 2009  
Brooklyn, New York

SO ORDERED:

s/Edward R. Korman
_____
Edward R. Korman
United States District Judge

## IN RE HOLOCAUST VICTIM ASSETS LITIGATION
CASE NO. CV96-4849

In re Holocaust Victim Assets Litigation
Case No. CV96-4849

**Decision on Appeal**

to Appellant Eric Mayer
acting on behalf of Ruth Rothschild and the Estate of Fred Mayer

**in re Accounts of Moritz Mayer**

Claim Number: 400329

On January 16, 2007, Eric Mayer (the "Appellant") submitted a letter (the "Appeal Letter") appealing the Certified Denial of the Claims Resolution Tribunal ("CRT") – In re Accounts of Moritz Mayer (the "Denial"), which was approved by this Court on November 17, 2006.[1] The Denial was with respect to the published account of Moritz Mayer (the "Account Owner") at the *Schweizerische Kreditanstalt* (the "Bank"). Appellant appeals the conclusion of the Denial that the Account Owner and his father were not the same person.

Appellant satisfies the requirements of Article 30(3) of the Rules Governing the Claims Resolution Process (the "Rules"), which states that appeals submitted without a plausible suggestion of error shall be summarily denied. Appellant presented a plausible suggestion of error regarding the conclusion of the Denial that his relative did not have a plausible connection to the Account Owner's city and country of residence.

In his Claim Form, Appellant stated that his father, Moritz Mayer, who was born on March 9, 1884 in Alsheim, Germany to Marx Mayer and Marie Weil, and was married to Irma Newman in 1921 in Mainz, Germany, held a Swiss bank account. Appellant further stated that his parents, who were Jewish, had three children: Appellant, who was born in Worms, Germany on April 12, 1928; Fred Mayer, who was born in Worms on August 27, 1926[2]; and Ruth Rothschild, née Mayer, who was born in Alsheim on December 25, 1923. Appellant explained that his father was a wine merchant who resided on Andreasstrasse in Worms from 1923 until 1938, when his father was placed in the Osthofen concentration camp in July 1938 and the Buchenwald concentration camp in November 1938. Appellant further explained that his father was deported to Poland in March 1942, and subsequently perished on an unknown date in the Sobibor concentration camp.

---

[1] All decisions on appeal are published, but where an appellant has requested confidentiality, as in this case, the names of the appellant, any relatives of the appellant other than the account owner, and the bank have been redacted.

[2] Fred Mayer passed away after the commencement of the Claims Resolution Process.

Appellant also indicated in a telephone conversation with the CRT on November 30, 2005 that his paternal uncle, Salomon Mayer, resided in Milan, Italy and may have opened an account for the Appellant's father.[3]

As support for his claim, Appellant submitted copies of his United States passport, identifying him as Eric Mayer and his country of birth as Germany; a determination by the International Commission of Holocaust Era Insurance Claims ("ICHEIC") that Appellant was entitled to the proceeds of two life insurance contracts held by his father, Moritz Mayer, along with a copy of a document pertaining to the life insurance policies contained in the ICHEIC central register identifying the policy holder as Moritz Mayer of Alsheim, Germany and indicating his profession as a *weinhandler* (wine merchant).

Appellant also submitted, on appeal, a copy of his birth certificate identifying his father as Moritz Mayer of Worms; an excerpt from a book about Jewish Italians, *Scritti in Memoria Di Sally Mayer*, which indicates that Sally Mayer was a prominent businessman residing in Milan, who was born in Worms in 1875 to Marco Mayer and Maria Weil; and original documents, including a postcard written from Moses Mayer[4] of Worms to Sally Mayer of Milan. Copies of these original documents appear and are referenced in the book noted above as belonging to Moses Mayer's children. In addition, a Testimony given by Appellant on October 19, 1975 to the Yad Vashem Martyrs' and Heroes' Remembrance Authority identifies Appellant's father as Moritz Mayer of Worms, whose father was Marx Mayer.[5]

The auditors who carried out the investigation to identify accounts of Victims of Nazi Persecution pursuant to instructions of the Independent Committee of Eminent Persons ("ICEP" or the "ICEP Investigation") reported one published account at the Bank whose owner's name matched the name of the Appellant's father.[6] The Denial explained that the Account Owner was Moritz Mayer, and that the Bank's records indicate the Account Owner's city and country of residence, as well as the dates of opening and closing of the account at issue.

The Denial concluded that Appellant had not identified the Account Owner as his relative. Specifically, the Denial states that although the name of Appellant's father matches the published name of the Account Owner, the information provided by Appellant differs materially from the unpublished information about the Account Owner available in the Bank's records. The Denial indicates that Appellant stated that his father lived in Germany, whereas the Bank's records show that the Account Owner resided in another country that the Denial determined Appellant did not identify.

On appeal, Appellant states that he disagrees with the conclusion of the Denial that his father and the Account Owner were not the same person since his father's brother, Sally Mayer, resided in Milan, Italy and opened the account for the Appellant's father. Appellant states that Sally Mayer's residence in Italy, and his position as a prominent businessman, enabled him to

---

[3] CRT telephone log, November 30, 2005.
[4] "Moses" is the Hebrew name for "Moritz."
[5] The name "Marco" is an Italian derivation of the name "Marx."
[6] A review of the Bank's records on appeal indicates that the Account Owner held three accounts.

assist Appellant's father open a Swiss bank account using an Italian city of residence in an attempt to conceal those assets from the Reich.

According to the Bank's records, the Account Owner was Moritz Mayer, who resided in the unpublished city of Milan, Italy and held three accounts at the Lugano branch of the Bank.[7] The Bank's records show that the Account Owner held one demand deposit account that was opened on an unknown date and closed on September 30, 1937; one custody account that was opened on November 30, 1935 and closed on December 10, 1937; and one safe deposit box account that was opened on an unknown date in 1935 and closed on January 20, 1939. The value of the accounts as of the dates of their respective closures is unknown.

The failure of Appellant to provide a plausible connection of his father to Milan was the primary disconfirming factor upon which the Denial is based. In a telephone conversation with the CRT prior to his receipt of the Denial, Appellant stated that his father's brother, Sally Mayer, resided in the Account Owner's unpublished city of Milan. On appeal, Appellant reiterated his father's connection to Milan and provided additional documentation establishing Appellant's relationship to Moritz Mayer, Moritz Mayer's relationship to Sally Mayer, and Sally Mayer's connection to Milan. Appellant provided his own birth certificate identifying his father as Moritz Mayer of Worms; an excerpt from a book about Sally Mayer indicating that Sally Mayer was born in Worms to Marco Mayer and Marie Weil; and original postcards from Moses Mayer of Worms to Sally Mayer of Milan. In addition, the Appellant, in 1975, submitted a testimonial to the Yad Vashem Holocaust Martyrs' and Heroes' Remembrance Authority (now, the "Yad Vashem Database") that identifies his father as Moritz Mayer, and Moritz Mayer's father as Marx Mayer.

Assessing the information provided by Appellant on appeal, Appellant has identified the unpublished city of residence of the Account Owner, and has demonstrated that his father was Moritz Mayer; that Moritz Mayer's brother was Sally Mayer; and that Sally Mayer resided in Milan. He has therefore provided a plausible connection of his father to Milan by establishing that his father's brother resided there, and would have been in a position to open an account on behalf of Appellant's father using an address in Milan in an effort to conceal the Appellant's father's assets from the Nazis. Appellant explained that his father was transported to the Sobibor concentration camp in 1942, where he perished on an unknown date. It is noted that all of the accounts were opened prior to 1938, when Appellant's father was first placed in a concentration camp, and that all of the accounts were closed while Appellant's father was in Germany residing under the Nazi regime or imprisoned in a Nazi concentration camp. The name Moritz Mayer appears only once on the 2005 published list of accounts identified during the ICEP Investigation. Consequently, it is possible to conclude that Appellant has plausibly identified the Account Owner as his relative.

With regard to the issue of whether the Account Owner closed the account and received the proceeds himself, given that in 1933 the Nazi regime embarked on a campaign to seize the domestic and foreign assets of the Jewish population through the enforcement of discriminatory tax and other confiscatory measures, including confiscation of assets held in Swiss banks; that the Account Owner remained in Germany until his deportation to the

---

[7] The Account Owner's city of residence was not disclosed in the Denial.

Sobibor concentration camp in 1942, where he perished; that he would not have been able to repatriate his account to Germany without its confiscation; that the Account Owner's heirs would not have been able to obtain information about the account after the Second World War from the Bank due to the Swiss banks' practice of withholding or misstating account information in their responses to inquiries by account owners because of the banks' concerns regarding double liability; and given the application of Presumptions (a), (h) and (j), as provided in Article 28 of the Rules and Appendix C, it is plausible that the account proceeds were not paid to the Account Owner or his heirs.

Accordingly, because it is plausible that Appellant has identified the Account Owner as his father, the Denial is reversed to award the Appellant the Account Owner's demand deposit, custody and safe deposit box accounts. Pursuant to Article 29 of the Rules, when the value of an account is unknown, as is the case here, the average value of the same or a similar type of account in 1945 is used to calculate the current value of the account being awarded. Based on the ICEP investigation, in 1945 the average value of a demand deposit account was 2,140.00 Swiss Francs, the average value of a custody account was 13,000.00 Swiss Francs, and the average value of a safe deposit box account was 1,240.00 Swiss Francs. The current value of these amounts are calculated by multiplying them by a factor of 12.5, in accordance with Article 31(1) of the Rules, to produce a total award amount of 204,750.00 Swiss Francs.

According to Article 23(1)(c) if the Account Owner's spouse has not submitted a claim, the award shall be in favor of any descendants of the Account Owner who have submitted a claim, in equal shares by representation. Appellant is representing his sister, Ruth Rothschild, and the Estate of his brother, Fred Mayer. As the children of the Account Owner, Appellant and his siblings are each entitled to receive an equal share of the Award amount, or 68,250.00 Swiss Francs each. The Special Master is directed to make such payments to Appellant, Ruth Rothschild and the Estate of Fred Mayer.

                Approved by

                The Honorable Edward R. Korman
                Chief Judge
                United States District Court
                 For the Eastern District of New York
                DATE