UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
IN RE: HOLOCAUST VICTIM ASSETS : Case No. CV 96-4849 (ERK)(MDG)
LITIGATION : (Consolidated with CV 96-5161
: and CV 97-461)
---------------------------------------------------------- :
: MEMORANDUM & ORDER
This Document Relates to: All Cases :
:
:
:
---------------------------------------------------------- X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ OCT 6 2014 ★
BROOKLYN OFFICE

# MEMORANDUM & ORDER APPROVING THE FIFTEENTH SET OF INADMISSIBILITY DECISIONS: 14 INADMISSIBILITY DECISIONS CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, the Claims Resolution Tribunal ("CRT") is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules, of 14 certified Inadmissibility Decisions listed in Annex A.

The CRT operates under the authority and supervision of this Court for the purpose of analyzing the claims submitted under the Settlement Agreement by members of the Deposited Assets Class. The Settlement Agreement defines the Deposited Assets Class as *"Victims or Targets of Nazi Persecution* and their heirs, successors, administrators, executors, affiliates, and assigns who have or at any time have asserted, assert, or may in the future seek to assert Claims against any Release for relief of any kind whatsoever relating to or arising in any way from Deposited Assets or any effort to recover Deposited Assets." Settlement Agreement, Section 8.2(a) (emphasis added). The Settlement Agreement defines a "Victim or Target of Nazi Persecution" as "any person or entity persecuted or targeted for persecution by the Nazi regime

because they were or were believed to be Jewish, Romani, Jehovah's Witness, homosexual, or physically or mentally disabled or handicapped." Settlement Agreement, Section 1. Amendment No. 2 to the Settlement Agreement further provides (at Section 3.15): "No claims resolution process established hereunder shall be empowered to act, or to provide information concerning any account, in connection with any claim by a person who is not a Victim or Target of Nazi Persecution, other than to reject the claim on such grounds."

Therefore, neither this Court, nor the administrative agencies I have appointed to assist the Court and the Special Masters in implementing the Settlement Agreement and Distribution Plan, have jurisdiction to determine a claim against the Settlement Fund that does not belong to a "Victim or Target of Nazi Persecution." In recognition of this limitation, the Court-approved CRT Rules, which govern the distribution of Deposited Assets, define a claim as "inadmissible" if the Claimant has failed plausibly to show that the person he or she believes to have owned the asset was a Victim or Target of Nazi Persecution as defined under the Settlement Agreement; *i.e.*, someone who was or was believed to be Jewish, Romani, Jehovah's Witness, homosexual or disabled. See CRT Rules, Article 18(2)(a). Annex A attached to this Order sets forth a list of 14 "Inadmissibility Decisions" certified as such by the CRT because the person that the claimant(s) believed to have owned the Deposited Assets ("Claimed Account Owner") was not plausibly shown to have been a Victim or Target of Nazi Persecution.

With this fifteenth set, a total of 2,256 Inadmissibility Decisions will thus far have been approved under the CRT.

Therefore, it is hereby

ORDERED that the 14 Inadmissibility Decisions listed in Annex A are hereby approved and shall be distributed to the relevant Claimants by the CRT.

It is further ordered that the CRT shall provide the Court with the name and address of every Claimant receiving an Inadmissibility Decision, which information shall be filed with the Court under seal.

Dated: Brooklyn, New York
July 3o 2009

SO ORDERED:

s/Edward R. Korman
_____
Edward R. Korman
United States District Judge