UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------- X

IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

----------------------------------------------

This Document Relates to: All Cases

---------------------------------------------- X

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

MEMORANDUM & ORDER

## MEMORANDUM & ORDER APPROVING SET 189: 24 AWARDS, 1 AWARD AMENDMENT, 2 AWARDS UPON REQUESTS FOR RECONSIDERATION, AND 1 AWARD DENIAL ON REMAND CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL PURSUANT TO ARTICLE 31(2) OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS AND AUTHORIZING PAYMENT FROM THE SETTLEMENT FUND

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, the Claims Resolution Tribunal (the "CRT") is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules, of 24 certified Awards listed in Annex A, one certified Award Amendment listed in Annex B, two Awards upon Request for Reconsideration listed in Annex C and one certified Award Denial on Remand listed in Annex D, and the resources to pay these Awards, Award Amendment, and Awards upon Request for Reconsideration through funds to be deposited in the Swiss Banks Settlement-Dormant Accounts-Payment Account from the Settlement Fund. The total amount of these 24 Awards, one Award Amendment and two Awards upon Request for Reconsideration is US $2,449,754.90 (SF 2,498,750.00) converted at a rate of 1.02 Swiss Francs per U.S. Dollar).

This submission includes two Awards upon Request for Reconsideration, *In re Loewenthal* and *In re Schiff*. In *re Loewenthal*, the accounts were awarded to an unrelated

claimant on 8 June 2004. At the time of the June 2004 Award, the ATAG Form filed by the present claimant was not available to the CRT for consideration. Subsequently, a Certified Denial was issued to the present claimant on 23 June 2008. On 22 September 2008, a representative of this claimant's estate submitted additional documents and information and requested a reconsideration of the June 2008 Certified Denial. Based upon the CRT's review of the new documentary evidence and upon additional research conducted by the CRT, the CRT concluded that the account owner was in fact, this claimant's relative, and not the relative of the claimant who received the June 2004 Award. The decision in this set awards the accounts in full to the present claimant. In re Schiff, the claimant's claim was deemed inadmissible on 11 November 2008 for lack of information or documentation regarding the account owner and/or the claimant's relationship to the account owner. In a letter dated 12 February 2009, a representative of the claimant's estate submitted several new documents and requested reconsideration of the inadmissibility decision. The CRT reviewed these documents and the original claim and has determined that the November 2008 inadmissibility decision was issued in error. In both Loewenthal and Schiff, the CRT adopts and amends its findings set out in the previous decisions based upon this additional information and further review.

This set also includes one Award Amendment, In re Schwab, which involves an account held at the Basel branch of one of the two Settling Defendants. At the time that the original award was made in this case, the bank records available to the CRT did not contain information regarding the type of the awarded account, and so the account was awarded as an account of unknown type. However, the bank recently made available to the CRT additional information showing that the account was a custody account. In this Award Amendment, the

CRT adopts and amends its findings set out in the previous award based upon this additional information recently forwarded to the CRT by the bank.

With this one hundred and eighty-ninth set, a total of US $553,424,285.64 will have been awarded thus far. This total amount is comprised of Awards issued under CRT I and CRT II combined, and Plausible Undocumented Awards (PUAs). Under CRT I alone, which took place from 1997 through 2000, 207 accounts, with a value of US $18,184,492.00, were awarded as accounts that had belonged to Victims of Nazi Persecution. Under CRT II alone, 2,891 Awards for 4,597 accounts totaling US $474,322,542.51[1] will have been made to date to Victims or Targets of Nazi Persecution making up the Deposited Assets Class, with the average Award amounting to US $146,351.34.[2] The total number of PUAs issued to date is 12,433 less 261 full and partial deductions. The total amount is $60,917.251.13.

This one hundred and eighty-ninth set includes one Certified Denial on Remand, *In re Weil, Edmond*, which was remanded to the CRT for reconsideration in Special Master Helen B. Junz' appellate decision approved on 29 February 2008.

With this one hundred and eighty-ninth set, a total of 5,888 Certified Denials to 12,214 accounts will have been approved under CRT II. In 5,729 of these 5,888 Denials, the CRT concluded that the Claimant was not able to identify his or her relative as the Account Owner; in 124 cases the CRT concluded that the Account Owner closed the account and received the proceeds him/herself, in 29 cases the CRT determined that the Claimant was not entitled to the Account Owner's account, in five cases the CRT determined that the evidence submitted was insufficient to support the existence of a bank account belonging to the

---

[1] This amount includes the payments of decisions on appeal issued by Special Masters Michael Bradfield and Helen Junz totaling US $7,191,800.52.

[2] In calculating the average value of CRT-II awards, the Set 75 award and the two Set 110 awards were excluded because their size made them outliers that would have skewed the result. The calculation further excludes appeal awards in the amount of US $4,500,173.97 in which the earlier award was not rescinded. On the other hand, the calculation includes appeal awards issued upon reversal of a denial as recommended by Special Masters Michael Bradfield and Helen Junz and issued by the CRT.

Claimed Account Owner, and in one case the CRT concluded that both the Account Owner closed the account and received the proceeds him/herself and, with regard to evidence submitted by that claimant, that this evidence was insufficient to support the existence of a bank account belonging to the Claimant Account Owner.

Three Awards in the one hundred and eighty-ninth set are based on claims that were received past the claim filing deadline. The Court in its discretion has decided to accept certain claims received past the claim filing deadline but prior to 1 January 2009, namely those where a set of exceptional circumstances is demonstrated. Such a set would include, but not be limited to, the following: (1) the claimant has proven with certainty that the account owner is his/her relative or that he/she is otherwise entitled to the account; (2) the account has not previously been awarded to another claimant; (3) the claimant is disabled or of advanced age; and (4) there are no other timely claims to the account filed by those with an equal or closer degree of relationship to the account owner. These Awards are *In re Beer, In re Langer* and *In re Perten*. In these cases, all the circumstances listed in (1) through (4) obtain.

This submission includes four Awards and one Award upon Request for Reconsideration to six Primary Claimants and one Co-Claimant who previously received a Plausible Undocumented Award ("PUA"), as detailed in Annex E to this Order. Each recipient was made aware at the time the PUA was awarded that, in the event the CRT located a Swiss Bank account or accounts to which he/she was entitled, the PUA amount of US $5,000.00 already received would be deducted from any future award(s) that may be made in connection with such account(s). One PUA was already deducted from a previous award; therefore no further reduction is needed for this case. Therefore, the amount requested for transfer to the Swiss Banks Settlement-Dormant Accounts - Payment Account equals the award amount of US $2,449,754.90 for the 24 Awards, one Award Amendment

and two Awards upon Request for Reconsideration, referred to above less US $30,000.00 for previous PUA payments, for a total of US $2,419,754.90.

As set forth in the Awards, Award Amendment and Awards upon Request for Reconsideration and as required by Article 31(3) of the Rules, the Certified Awards, Award Amendment and Awards upon Request for Reconsideration shall be paid in full by the Special Masters after approval of such Awards by the Court. Therefore, it is hereby

ORDERED that the attached twenty-four Awards, one Award Amendment and two Awards upon Requests for Reconsideration are hereby approved for payment pursuant to Article 31(2) of the Rules;

ORDERED that the attached one Award Denial on Remand is hereby approved for release to the Relevant Claimant; and

ORDERED that for the payment of these twenty-four Awards, one Award Amendment and two Awards upon Request for Reconsideration certified by the CRT and approved by the Court, less six payments previously made in the form of PUAs, the Signatories of the Settlement Fund are hereby ordered to transfer immediately US $2,419,754.90 from the Settlement Fund to the Swiss Banks Settlement-Dormant Accounts-Payment Account;

It is further ordered that the Special Masters shall provide the Court with the name and address of every class member receiving an Award, Award Amendment or Award upon Request for Reconsideration which information shall be filed with the Court under seal.

I will issue additional orders approving Awards certified by the CRT and transferring further sums from the Settlement Fund as the CRT certifies them to this Court.

Dated: Brooklyn, New York
September 29, 2009

SO ORDERED:

s/Edward R. Korman

Edward R. Korman
United States District Judge