UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- X

IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

-------------------------------------------------------

This Document Relates to: All Cases

MEMORANDUM & ORDER

------------------------------------------------------- X

## MEMORANDUM & ORDER APPROVING SET 192: 11 AWARDS, 4 AWARD AMENDMENTS, AND 1 CORRECTED AWARD CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL PURSUANT TO ARTICLE 31(2) OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS AND AUTHORIZING PAYMENT FROM THE SETTLEMENT FUND

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, the Claims Resolution Tribunal (the "CRT") is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules, of 11 certified Awards listed in Annex A, four certified Award Amendments listed in Annex B, and one certified corrected Award listed in Annex C, and the resources to pay these Awards and Award Amendments through funds to be deposited in the Swiss Banks Settlement-Dormant Accounts-Payment Account from the Settlement Fund. The total amount of these 11 Awards and four Award Amendments is US $15,891,427.14 (SF 16,685,998.50 converted at a rate of 1.05 Swiss Francs per U.S. Dollar).

This set includes the Award *In re Löw* (Tab 7). On 29 December 2006 the Court awarded SF 19,140,236.38, representing the Löw family's 30 percent share in the Österreichische Zuckerindustrie AG ("ÖZAG"), to the Claimant and the parties she

represents (the "Löw ÖZAG Award").[1] The Löw family, including the Löw Sisters-in-Law, were major shareholders in ÖZAG and members of a Syndicate, that included a Swiss bank, formed just a day before the *Anschluss* for the express purpose of shielding their shares from anticipated efforts by the Reich to gain control of ÖZAG. In the Löw ÖZAG Award, the CRT noted that the Löw Sisters-in-Law had reported additional assets as being located in Switzerland as of 27 April 1938. These additional assets, which include gold bars and coins, securities, and bank notes, are the subject of the Award in this set.

This set includes one administrative revision for the Award *In re Krafft* (Tab 1), which was originally approved in the one hundred and eighty-ninth set on September 29, 2009. Since the approval of that Award, the claimant contacted the CRT and requested the correction of typographical and other administrative errors in the decision text. This set also includes one decision, *In re Ungar* (Tab 11), which consists of both an Award and an Award Amendment. At the time the original award was made, the information available from the bank indicated that the account owner held a custody account and an account of unknown type. In the original award, the custody account was awarded to the claimant, but the CRT did not reach a decision regarding the account of unknown type. The bank subsequently made available to the CRT additional information regarding these accounts. This information showed that the custody account awarded in the original decision was never opened by the account owner, and that the account of unknown type was, in fact, a custody account. The Award and Award Amendment in this set cancels the custody account originally awarded and awards the claimant the custody account identified as an account of unknown type in the original decision, leaving a net balance of zero.

---

[1] See *In re Account of Österreichische Zuckerindustrie AG* (approved on 29 December 2006) (the "Löw ÖZAG Award").

This set also includes three Award Amendments, *In re Kaufmann* (Tab 1), *In re Meyer, Hans* (Tab 3), and *In re Mueller* (Tab 4), in which the CRT adopts and amends its findings to address the entitlement of related claimants who were not included in the original Awards. As set forth in each of these decisions, prior to receiving payment for the original Awards, the original claimants in these cases were required to sign an acknowledgment form which explicitly states that "In consideration of the payment, I undertake and agree that in the event that one or more other heirs of the account owner, known or unknown, entitled under Article 23 of the Rules Governing the Claims Resolution Process, as amended, (the "Rules") make(s) a claim to this account or accounts, or otherwise seek(s) payment or compensation therewith, I shall share the payment with, or in the event that pursuant to the principles of distribution in Article 23 I am so required, I shall transfer the payment to, such other entitled heir(s), in the absence of another mutually agreed basis, irrespective as to whether the heir(s) was/were identified in the information provided to the CRT." The Award Amendments therefore stipulate that, in accordance with the acknowledgment form, the claimants are directed to share payment received in the original awards with their relatives, as described in the Award Amendments.

Three Awards, *In re Kuffner, Moriz* (Tab 4), *In re Langfelder* (Tab 5), and *In re Löw* (Tab 7), and one Award Amendment, *In re Kuffner et al.* (Tab 2) in this set contain the resolution of policy issues or security valuations. Pursuant to the Court's memorandum of January 4, 2007 regarding the "Division of Responsibilities for the Review of CRT Awards," these Awards and the Award Amendment were reviewed by Special Master Helen Junz.

One Award in the one hundred and ninety-second set is based on a claim that was received past the claim filing deadline. The Court in its discretion has decided to accept certain claims received past the claim filing deadline but prior to 1 January 2009, namely those where a set of exceptional circumstances is demonstrated. Such a set would include,

but not be limited to, the following: (1) the claimant has proven with certainty that the account owner is his/her relative or that he/she is otherwise entitled to the account; (2) the account has not previously been awarded to another claimant; (3) the claimant is disabled or of advanced age; and (4) there are no other timely claims to the account filed by those with an equal or closer degree of relationship to the account owner. This Award is *In re Langfelder* (Tab 5). In this case, all the circumstances listed in (1) through (4) obtain.

With this one hundred and ninety-second set, a total of US $569,956,308.02 will have been awarded thus far. This total amount is comprised of Awards issued under CRT I and CRT II combined, and Plausible Undocumented Awards (PUAs). Under CRT I alone, which took place from 1997 through 2000, 207 accounts, with a value of US $18,184,492.00, were awarded as accounts that had belonged to Victims of Nazi Persecution. Under CRT II alone, 2,902 Awards for 4,607[2] accounts totaling US $490,213,969.65[3] will have been made to date to Victims or Targets of Nazi Persecution making up the Deposited Assets Class, with the average Award amounting to US $147,229.37.[4] The total number of PUAs issued to date is 12,567 less 268 full and partial deductions. The total amount is $ 61,557,846.37.

This submission includes three Awards to five Primary Claimants and two Co-Claimants who previously received a Plausible Undocumented Award ("PUA"), as detailed in Annex D to this Order. Each recipient was made aware at the time the PUA was awarded that, in the event the CRT located a Swiss Bank account or accounts to which he/she was entitled, the PUA amount of US $5,000.00 already received would be deducted from any

---

[2] This number has been reduced by six accounts that were previously included in *In re Kuffner et al.*, which was included in Set 13 (approved on November 26, 2002). The Award Amendment *In re Kufner et al.* in this set amends that decision. Further, one account has been added following re-review of the decision *In re Peysack*, which was included in Set 49 (approved on August 18, 2004).
[3] This amount includes the payments of decisions on appeal issued by Special Masters Michael Bradfield and Helen Junz totaling US $7,191,800.52.
[4] In calculating the average value of CRT-II awards, the Set 75 award, two Set 110 awards, and the Award *In re Löw* and the Award and Award Amendment *In re Ungar* in this set were excluded because their size made them outliers that would have skewed the result. The calculation further excludes appeal awards in the amount of US $4,500,173.97 in which the earlier award was not rescinded. On the other hand, the calculation includes appeal awards issued upon reversal of a denial as recommended by Special Masters Michael Bradfield and Helen Junz and issued by the CRT.

future award(s) that may be made in connection with such account(s). Two PUAs were already deducted from previous awards; therefore no further reductions are needed for these cases. Therefore, the amount requested for transfer to the Swiss Banks Settlement-Dormant Accounts - Payment Account equals the award amount of US $15,891,427.14 for the 11 Awards and four Award Amendments, referred to above less US $29,404.76 for previous PUA payments, for a total of US $15,862,022.38.

As set forth in the Awards and Award Amendments and as required by Article 31(3) of the Rules, the Certified Awards and Award Amendments shall be paid in full by the Special Masters after approval of such Awards by the Court. Therefore, it is hereby

ORDERED that the attached eleven Awards and four Award Amendments are hereby approved for payment pursuant to Article 31(2) of the Rules;

ORDERED that for the payment of these eleven Awards and four Award Amendments certified by the CRT and approved by the Court, less seven payments previously made in the form of PUAs, the Signatories of the Settlement Fund are hereby ordered to transfer immediately US $15,862,022.38 from the Settlement Fund to the Swiss Banks Settlement-Dormant Accounts-Payment Account;

ORDERED that the Award *In re Krafft*, originally approved on September 29, 2009 in Set 189, be corrected to include the administrative revisions reflected in the corrected Award in this set;

ORDERED that the claimants identified in the three Award Amendments, *In re Kaufmann*, *In re Meyer, Hans*, and *In re Mueller*, share the payments they received in the original award with their relatives, in accordance with the acknowledgment forms they signed, as set forth in the respective Award Amendments.

It is further ordered that the Special Masters shall provide the Court with the name and address of every class member receiving an Award or Award which information shall be filed with the Court under seal.

I will issue additional orders approving Awards certified by the CRT and transferring further sums from the Settlement Fund as the CRT certifies them to this Court.

Dated: Brooklyn, New York
December 21, 2009

SO ORDERED:

_____
Edward R. Korman
United States District Judge