UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------ X

IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

------------------------------------------------------

MEMORANDUM & ORDER

This Document Relates to: All Cases

------------------------------------------------------ X

# MEMORANDUM & ORDER APPROVING SET 193: 52 AWARD AMENDMENTS CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL PURSUANT TO ARTICLE 31(2) OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS AND AUTHORIZING PAYMENT FROM THE SETTLEMENT FUND

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, the Claims Resolution Tribunal (the "CRT") is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules, of 52 certified Award Amendments listed in Annex A and Annex B, and the resources to pay these Award Amendments through funds to be deposited in the Swiss Banks Settlement-Dormant Accounts-Payment Account from the Settlement Fund. The total amount of these 52 Award Amendments is US $2,141,613.16 (SF 2,205,861.55 converted at a rate of 1.03 Swiss Francs per U.S. Dollar).

On August 9, 2000, I approved the Settlement Agreement between the parties and expressly retained jurisdiction over "the implementation of the settlement and distributions to plaintiff class members" as well as "the disposition of the settlement fund and escrow fund."

During the course of the Claims Resolution Process, the CRT has developed certain guiding practices, which have been incorporated into decisions later approved by the Court. I

have subsequently issued Orders approving the amendment of decisions approved prior to the adoption of these practices. The CRT now requests approval of 44 Award Amendments in accordance with the previous Orders and/or with other guiding practices since incorporated into decisions subsequently approved by the Court, as well as of 4 Award Amendments based upon additional information obtained from the Defendant Banks following the issuance of the original awards, in a process known as "Voluntary Assistance," (these 48 Award Amendments are listed in Annex A) and 4 Award Amendments that necessitate amendment for other reasons, as explained in the Award Amendments themselves (these 4 Award Amendments are listed in Annex B). For the 48 Amendments identified in Annex A, the CRT has used a modified template to succinctly address the reason for the Amendment. The CRT has recommended that the Claimants receiving these 48 Amendments receive a copy of this Order, which explains in more detail the reasons necessitating the Amendments. The four Award Amendments identified in Annex B contain issues that require more detailed explanation, as set forth in the respective Award Amendments relating to those four cases.

1. Adjustment of Low Value Accounts to Presumptive Value

In an Order dated 28 May 2002, I approved an Order amending the Rules Governing the Claims Resolution Process (the "Rules") to address, among other issues, the use of the average 1945 account values for accounts with low values and the use of other plausible evidence for determining account values. That Order amended the Rules to extend average value presumptions, previously used only when the value of an account was unknown, to accounts whose 1945 values were less than the average 1945 value of an account of similar type, in the absence of plausible evidence to the contrary. See CRT Rules, Article 29 ("Value Presumptions for Accounts with Unknown or Low Values"). On 30 December 2004, I approved an Order providing for the adjustment of 39 awards. The original decisions had been approved by the Court prior to the amendment of Article 29 of the CRT Rules, and

accordingly the original award amounts had been based upon values in the bank records that were the below the presumptive values for the type of account awarded. The 30 December 2004 Order authorized amendment of these 39 awards so that the accounts were paid at presumptive value, thus ensuring that the earlier decisions were treated in the same manner as the post-Article 29 amendment cases.

2. <u>Adjustment of Account Values Reported in the 1938 Census to Presumptive Value</u>

Additionally, on 21 October 2004, I approved an Order amending the CRT's practice of basing account valuations on the value of assets declared pursuant to a decree issued by the Nazi Regime on 26 April 1938, requiring all Jews who resided within the Reich, and/or who were nationals of the Reich, including Austria, and who held assets above a specified level to register all their assets as of 27 April 1938 (the "1938 Census"). Pursuant to that Order, in cases in which the account owner's 1938 Census return shows an account value below the presumptive value for the type of account at issue, the CRT now bases the account valuation, in the absence of plausible evidence to the contrary, on the presumptive value for the type of account at issue.

3. <u>Adjustment of Account Values for Which Interest Accruals Had Been Deducted</u>

The Order of 21 October 2004 also amended the practice of calculating the historic (1945) value of an account in cases where bank records provide a post-1945 value. For reasons detailed there, that Order approved suspending the deduction of interest accruals when determining account valuation, absent bank documentation showing interest actually having been credited to the account over the period in question.

The CRT now requests the Court's approval of 28 Amendments in accordance with the amended CRT Rules and/or Court Orders described above. Of these 28 Amendments, 10

Amendments identified in Annex A address accounts which were awarded, based either upon bank documentation (7 cases) or information contained in the account owners' 1938 Census records (3 cases), at values below the average value for the type of account at issue.[1] The total amount of these Amendments is SF 351,200.01. In addition, eighteen of these 28 Amendments adjust the award amount for accounts in which interest was deducted even though the bank documentation did not show that interest was actually credited to the account over the period in question. The total amount of these Award Amendments is SF 80,186.52.

4. Reclassification of "*Depositenkonten*" (Time Deposit Accounts)

The CRT also requests the Court's approval of 7 Amendments identified in Annex A to reclassify a certain type of account and adjust the award amount accordingly. Accounts designated in the bank records as "time deposits" ("*Depositenkonten*") were originally treated by the CRT as accounts of "other" type that, according to Article 29 of the Rules, had a presumptive value of SF 2,200.00. During the course of the Claims Resolution Process, Special Master Junz advised the CRT that the more appropriate classification for this type of account was as an account of unknown type, which has a presumptive value of SF 3,950.00. Since then, the CRT has followed Special Master Junz's determination in awards that were subsequently approved by the Court. *See, e.g., In re Accounts of Ella Frank and Ella Zoltan* (CRT Batch 142, approved by Court order dated 31 August 2007); *In re Account of Sigmund Rosenthal* (CRT Batch 152, approved by Court order dated 18 December 2007). The CRT now seeks the Court's approval of the 7 Amendments identified in Annex A to reclassify time deposit accounts previously awarded as accounts of "other" type as accounts of unknown type, and to make the appropriate adjustments in the presumptive values paid, for a total Amendment amount of SF 153,125.00 for these cases.

---

[1] The CRT has noted that certain Amendments address more than one issue, and so these numbers may not total the total number of Amendments addressed in this Order.

5. Adjustment of Bond Values in Accordance with the Guidelines for the Valuation of Securities

The CRT also requests the Court's approval of 11 Amendments identified in Annex A to adjust the value of accounts determined prior to the issuance of the Guidelines for the Valuation of Securities, circulated to the CRT by Special Master Junz in 2005 and incorporated into decisions subsequently approved by the Court. *See, e.g., In re Accounts of Gertrude Schüller* (CRT Batch 104, approved by Court order dated 28 June 2006); *In re Josef Friedmann* (CRT Batch 114, approved by Court order dated 27 February 2007). According to these Guidelines, as a general rule, the nominal value of bonds not in default shall be awarded if the market value was below the nominal value on the date the account owner is deemed to have lost control over the account. The CRT presumes that the account owner, if able to decide freely, could have opted to hold the respective bond to maturity to avoid a capital loss. The market value of bonds shall be awarded if that value was above the nominal value on the date the account owner is deemed to have lost control over the account, or if the bonds were in default. The CRT requests the Court's approval of 11 Amendments identified in Annex A to adjust the value of accounts valued prior to the issuance of these Guidelines. These accounts addressed in these Amendments held good quality bonds that were originally paid at market values below their face values, for a total amendment amount of SF 990,836.27 for these cases.

6. Incorporation of Account Information Provided by the Banks to the CRT via "Voluntary Assistance"

The CRT also seeks approval of four Amendments identified in Annex A based upon additional account information obtained from a Defendant Bank. Article 6 of the Rules allows the CRT to seek the voluntary assistance of banks that may have information in their files on an account ("Voluntary Assistance"). *See, e.g.,* Orders of 30 June 2008 (CRT Batch 168); 11 August 2008 (CRT Batch 170), approving award amendments based upon account

information provided to the CRT via Voluntary Assistance. In these four Amendments, a Defendant Bank provided the CRT with additional information about previously awarded accounts. In each of these four cases, the CRT had previously awarded accounts of unknown type; in each case, the additional information indicates that the accounts at issue were custody accounts. The four Amendments accordingly adjust the value awarded for these accounts, for a total Amendment amount of SF 565,625.00 for these cases.

7. Other Amendments

The CRT also seeks approval of four Award Amendments identified in Annex B which address other issues not described above but which are set forth in detail in the respective decisions. In both *In re Egger* and *In re Kraus*, the original award was for one demand deposit account and one custody account. In each of those cases, the values of the demand deposit accounts were based upon values that were the below the presumptive values for that type of account. In addition, in each of those cases, the values of the custody accounts were determined prior to the issuance of the Guidelines for the Valuation of Securities. The Award Amendments for these cases adjust the values of both account types. In each of these cases, the custody accounts were overvalued in the original awards, and the amount of the overvaluation exceeds the amounts of the additional payment to adjust the values of the demand deposit accounts. Therefore, the award Amendments in these two cases do not provide for any additional payments. The CRT has noted that the original awards in both these cases were based upon information available to the CRT at the time. Accordingly, outright repayment of the overpayment is sought from the claimants. However, the overpayment amount shall be deducted from any award amendments that may be forthcoming for these cases.

In *In re Perels*, the Award Amendment amends both the type and value of the account originally awarded. In the original award in that case, an unknown account type containing securities was awarded. In the Award Amendment, the CRT amends its findings to conclude that, since the account contained securities, it was a custody account. Further, in the Award Amendment, the CRT uses the Guidelines for the Valuation of Securities, which were adopted after the original award was approved, to determine a new value for the account.

In *In re Levi, Baldauf, and Lebrecht*, the Award Amendment amends the value of two custody accounts that were originally awarded in two separate awards to the same claimant. On 25 October 2004, I approved an Award to the claimant in that case for a custody account held by Account Owner Levi. In that decision, the CRT did not reach a decision regarding accounts belonging to Account Owner Baldauf and Account Owner Lebrecht, pending further research regarding restitution received in relation to those accounts. On 30 December 2004, I approved an Award to the same claimant for these remaining accounts, namely, one demand deposit account held by Account Owner Baldauf, and one custody account held by Account Owner Lebrecht. The October 2004 and December 2004 Awards were approved prior to the issuance of the Guidelines for the Valuation of Securities. In this Award Amendment, the CRT adopts and amends its findings to address the value of the custody account owned by Account Owner Lebrecht.

With this one hundred and ninety-third set, a total of US $572,097,921.18 will have been awarded thus far. This total amount is comprised of Awards and Award Amendments issued under CRT I and CRT II combined, and Plausible Undocumented Awards (PUAs). Under CRT I alone, which took place from 1997 through 2000, 207 accounts, with a value of US $18,184,492.00, were awarded as accounts that had belonged to Victims of Nazi Persecution. Under CRT II alone, 2,902 Awards for 4,607 accounts totaling US

$492,355,582.81[2] will have been made to date to Victims or Targets of Nazi Persecution making up the Deposited Assets Class. The total number of PUAs issued to date is 12,567 less 268 full and partial deductions. The total amount is $ 61,557,846.37.

As set forth in the Award Amendments and as required by Article 31(3) of the Rules, the Certified Award Amendments shall be paid in full by the Special Masters after approval of such Award Amendments by the Court. Therefore, it is hereby

ORDERED that the 52 Award Amendments identified in Annex A and Annex B are hereby approved for payment pursuant to Article 31(2) of the Rules; and

ORDERED that for the payment of these 52 Award Amendments certified by the CRT and hereby approved by the Court, the Signatories of the Settlement Fund are hereby directed to immediately transfer US $ 2,141,613.16 from the Settlement Fund to the Awards Payment Account of the Special Masters.

It is further ordered that the Special Masters shall provide the Court with the name and address of every class member receiving an Award Amendment, which information shall be filed with the Court under seal.

I will issue additional orders approving Award Amendments certified by the CRT and transferring further sums from the Settlement Fund as the CRT certifies them to this Court.

Dated: Brooklyn, New York
January /9 2010

SO ORDERED:

Edward R. Korman
United States District Judge

---

[2] This amount includes the payments of decisions on appeal issued by Special Masters Michael Bradfield and Helen Junz totaling US $7,191,800.52.

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCIII] - ANNEX A*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 15 January 2010 the following Award Amendments for approval by the Court and payment by the Special Masters:

| | Account Owner Last Name and Claim Number | Low Value Account Issue | 1938 Census Issue | Incorporation of Bank Information Obtained via Voluntary Assistance | Interest Deduction Issue | Reclassification of Time Deposit Accounts | Bond Valuation Issue | Total Award Amendment Amount (SF) |
|---|---|---|---|---|---|---|---|---|
| 1. | Amstutz 211487/MC | 7,018.75 | | | 30,258.38 | | | 37,277.13 |
| 2. | Berlitzer, Olga 501218/MC | | | | | | 83,718.75 | 83,718.75 |
| 3. | Berlitzer, Valerie 501216/MC | | | | | | 48,400.00 | 48,400.00 |
| 4. | Bloch 218113/MC | | | | 1,252.75 | | | 1,252.75 |
| 5. | Brandt 601416/MC | | | | 1,188.25 | | | 1,188.25 |
| 6. | Broch 208363/MC | | | | | | 8,053.75 | 8,053.75 |
| 7. | Frey 224078/MC | | | | 220.00 | | | 220.00 |
| 8. | Friedmann 601288/MC | | | | | | 14,731.13 | 14,731.13 |
| 9. | Frischer 600001/MC | | 12,556.25 | | | | | 12,556.25 |
| 10. | Fröhlich 217038/MC | | | | 2,623.25 | | | 2,623.25 |
| 11. | Fürst 208451/MC | 21,390.63 | | | | | | 21,390.63 |
| 12. | Goldmann 719424/MC | | | | | 21,875.00 | | 21,875.00 |
| 13. | Grauer 219530/MC; 219531/MC; 219532/MC; 219533/MC; 219534/MC; 219535/MC | | | | | 21,875.00 | | 21,875.00 |
| 14. | Grumbacher 219842/MC | | | | | 21,875.00 | | 21,875.00 |
| 15. | Gutmann, Edgar 220965/MC | | | | | 21,875.00 | | 21,875.00 |
| 16. | Guttmann, Bertha 215074/MC; 216141/MC | | | | 5,740.00 | | | 5,740.00 |
| 17. | Haas 500287/MC | | | | | 21,875.00 | | 21,875.00 |
| 18. | Heilbronner 200800/MC | | | 113,125.00 | | | | 113,125.00 |

| | Account Owner Last Name and Claim Number | Low Value Account Issue | 1938 Census Issue | Incorporation of Bank Information Obtained via Voluntary Assistance | Interest Deduction Issue | Reclassification of Time Deposit Accounts | Bond Valuation Issue | Total Award Amendment Amount (SF) |
|---|---|---|---|---|---|---|---|---|
| 19. | Hess 600539/MC | | | | 2,297.50 | | | 2,297.50 |
| 20. | Hirsch 215974/MC; 215975/MC; 215976/MC | | 106,250.00 | | | | | 106,250.00 |
| 21. | Hitschmann 221023/MC | | | | | | 46,648.63 | 46,648.63 |
| 22. | Hoffmann 601428/MC | | | | 1,219.25 | | | 1,219.25 |
| 23. | Joseph 223157/MC; 650026/MC | | | | 1,189.50 | | | 1,189.50 |
| 24. | Kallir 500666/MC | | | | | | 449,958.75 | 449,958.75 |
| 25. | Katz 207246/MC | | | | 2,689.25 | | | 2,689.25 |
| 26. | Keller 204350/MC | | | | 1,388.75 | | | 1,388.75 |
| 27. | Kochmann 219843/MC; 219844/MC | | | | | | 8,312.50 | 8,312.50 |
| 28. | Kolisch 500095/MC | 4,275.00 | | | | | | 4,275.00 |
| 29. | Lamberg 501230/MC | | | 113,125.00 | | | | 113,125.00 |
| 30. | Lanzer, Krasny 501577/MC | | | | | | 80,075.00 | 80,075.00 |
| 31. | Lecher 004714/MC | | | | 2,812.50 | | | 2,812.50 |
| 32. | Marx 222710/MC | | | 113,125.00 | | | | 113,125.00 |
| 33. | Maurer 202808/MC | | | | 1,320.00 | | | 1,320.00 |
| 34. | Muller, Emile 000995/MC | | | | 1,190.88 | | | 1,190.88 |
| 35. | Muller, Walther 204578/MC; 213764/MC; 215383/MC | | | | 1,188.13 | | | 1,188.13 |
| 36. | Nordman 222942/MC; 222943/MC; 222944/MC; 222945/MC; 222946/MC; 222947/MC; 222948/MC | 15,500.00 | | | | | | 15,500.00 |
| 37. | Probst 217494/MC | | | | 1,415.00 | | | 1,415.00 |

# CLAIMS RESOLUTION TRIBUNAL

| | Account Owner Last Name and Claim Number | Low Value Account Issue | 1938 Census Issue | Incorporation of Bank Information Obtained via Voluntary Assistance | Interest Deduction Issue | Reclassification of Time Deposit Accounts | Bond Valuation Issue | Total Award Amendment Amount (SF) |
|---|---|---|---|---|---|---|---|---|
| 38. | Sachs 500660/MC; 500661/MC | | | 226,250.00 | | | | 226,250.00 |
| 39. | Schapiro 220083/MC | 1,440.63 | | | | | | 1,440.63 |
| 40. | Schneider 004638/MC | | | | 14,074.38 | | | 14,074.38 |
| 41. | Stein et al 210419/MC; 600246/MC | | | | | | 31,368.75 | 31,368.75 |
| 42. | Steiner 221769/MC | 25,475.00 | | | | | | 25,475.00 |
| 43. | Tedeschi 213692/MC; 213693/MC | | | | | 21,875.00 | | 21,875.00 |
| 44. | Teller 300035/MC | 5,000.00 | | | | | | 5,000.00 |
| 45. | Weiss 000495/MC | | | | 8,118.75 | | | 8,118.75 |
| 46. | Wertheimer 208328/MC; 216675/MC | | | | | | 187,790.88 | 187,790.88 |
| 47. | Willner 701916/MC | | | | | 21,875.00 | | 21,875.00 |
| 48. | Zerner 710388/MC | | 152,293.75 | | | | 31,778.13 | 184,071.88 |
| | TOTAL (SF): | 80,100.01 | 271,100.00 | 565,625.00 | 80,186.52 | 153,125.00 | 990,836.27 | 2,140,972.80 |
| | Total amount in US Dollars[3] | | | | | | | 2,078,614.37 |

---

[3] Exchange rate as of 15 January 2010 of 1.03 Swiss Francs per U.S. Dollar.

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCIII] - ANNEX B*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 15 January 2010 the following Award Amendments for approval by the Court:

| Account Owner Last Name and Claim Number | | Award Amount (SFr.) |
|---|---|---|
| 1. | Egger 216480/MC* | 0.00 |
| 2. | Kraus 211297/MC* | 0.00 |
| 3. | Levi *et al.* 601466/MC* | 19,299.75 |
| 4. | Perels 218337/MC* | 45,589.00 |
| | **TOTAL** | **64,888.75** |
| | **Total amount in US Dollars**[4] | **$ 62,998.79** |

\* Substantively reviewed by SM Junz

---

[4] Exchange rate as of 15 January 2010 of 1.03 Swiss Francs per U.S. Dollar.