```
                                              FILED
                                           IN CLERK'S OFFICE
                                        US DISTRICT COURT E.D.N.Y.
```

UNITED STATES DISTRICT COURT                    ★  JUL 07 2010  ★
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
                                                :   BROOKLYN OFFICE
                                                :   Case No. CV 96-4849 (ERK)(MDG)
IN RE: HOLOCAUST VICTIM ASSETS                  :   (Consolidated with CV 96-5161
LITIGATION                                      :   and CV 97-461)
                                                :
--------------------------------------------    :
                                                :
This Document Relates to: All Cases             :   **MEMORANDUM & ORDER**
                                                :
                                                :
                                                :
------------------------------------------------X

## MEMORANDUM & ORDER APPROVING THE DECISIONS ON APPEAL: IN RE ACCOUNT OF ADOLF MAASS AND IN RE ACCOUNT OF FELIX FREUND

KORMAN:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, Special Master Michael Bradfield is hereby requesting the Court's approval of the Decision on Appeal: In re Account of Adolf Maass (the "Maass Decision"), which is attached hereto as Annex A, and the Decision on Appeal: In re Account of Felix Freund (the "Freund Decision"), which is attached hereto as Annex B. The Maass Decision awards SFr. 13,375.00 each to Gerhart Adolf Maass and Kathleen Ingram, for a total of SFr. 26,750.00, or $24,099.10 converted at a rate of 1.11 Swiss Francs per U.S. Dollar.[1] The Freund Decision awards SFr. 147,921.25 to Ruth Schimmel, or $133,262.39 converted at a rate of 1.11 Swiss Francs per U.S. Dollar.

Before the Maas Decision and Freund Decisions were approved, Gerhart Adolf Maass, Kathleen Ingram, and Ruth Schimmel each received a Plausible Undocumented Award ("PUA") in the amount of $5,000.00. Each recipient was made aware at the time the PUA was awarded that, in the event the CRT located a Swiss Bank account or accounts to which he/she was

---
[1] The exchange rate as of May 13, 2010—1.11 Swiss Francs per U.S. Dollar—was used to calculate the U.S. dollar value.

WAJ-2965666v1

entitled, the amount of the PUA would be deducted from any award(s) made in connection with such account(s). Therefore, the amount requested for the Maass Decision is $14,099.10 and the amount requested for the Freund Decision is $128,262.39, for a total transfer to the Swiss Banks Settlement-Dormant Accounts - Payment Account of $142,361.49.

Therefore, it is hereby

ORDERED that the Maass Decision attached as Annex A and the Freund Decision attached as Annex B are approved by the Court; and

ORDERED that the Signatories of the Settlement Fund are hereby directed to immediately transfer $142,361.49 from the Settlement Fund to the Swiss Banks Settlement-Dormant Accounts-Payment Account for payment of the Maass Decision and Freund Decision.

Dated:  May 31, 2010              SO ORDERED:
        Brooklyn, New York

                                      s/Edward R. Korman
                                  Edward R. Korman
                                  United States District Judge

WAI-2965666v1

ANNEX A

# IN RE HOLOCAUST VICTIM ASSETS LITIGATION
CASE NO. CV96-4849

In re Holocaust Victim Assets Litigation
Case No. CV96-4849

**Decision on Appeal**

to Appellant Gerhart Adolf Maass
acting on behalf of Kathleen Ingram[1]

**in re Account of Adolf Maass**

Claim Number: 206999/MG

On September 13, 2005, Gerhart Maass (the "Appellant") submitted a letter (the "Appeal Letter") appealing the Certified Denial of the Claims Resolution Tribunal ("CRT") – <u>In re Account of Adolf Maass</u> (the "Denial"), which was approved by this Court on July 15, 2005.[2] The Denial was with respect to the published account of Adolf Maass (the "Account Owner") at the *Schweizerische Kreditanstalt* (the "Bank"). Appellant appeals the conclusion of the Denial that the Account Owner and his relative were not the same person.

Appellant satisfies the requirements of Article 30(3) of the Rules Governing the Claims Resolution Process (the "Rules"), which states that appeals submitted without a plausible suggestion of error shall be summarily denied. Appellant presented a plausible suggestion of error regarding the conclusion of the Denial that his relative did not have a plausible connection to the Account Owner's city of residence in Germany.

In his Claim Form, Appellant stated that his father, Adolf Maass, who was born on 9 October 1875 in Burgholzhausen, Germany, and was married to Käthe Elsbach, on April 11, 1911 in Hannover, Germany, held a Swiss bank account. Appellant stated that his parents, who were Jewish, had three children: Herbert Adolf Maass, who was born in 1912 and who passed away in 1985; Lisa Maass who was born in 1916 and passed away in 1975; and Appellant. Appellant explained that from 1920 to 1941 his parents resided at Blumenstrasse 37 in Hamburg, Germany, and that his father was a co-owner of the *Kühne & Nagel* transportation company located in Hamburg. Appellant further explained that his father was also a director of the *J. Elsbach & Co. A.G.* company located in Herford, Germany, and an administrator of

---

[1] Kathleen Ingram is the niece of the Appellant, and the daughter of the Appellant's late sister, Lisa Masse, née Maass.
[2] All decisions on appeal are published, but where an appellant has requested confidentiality, as in this case, the names of the appellant, any relatives of the appellant other than the account owner, and the bank have been redacted.

the *Carl Lipmann & Co*, company located in Hamburg. According to Appellant, in 1933 his father was forced to resign from his position at *Kühne & Nagel*, and in 1938 was forced to resign from his positions at *J. Elsbach & Co. A.G.* and *Carl Lipmann & Co*. Appellant indicated that his parents travelled every winter to Switzerland for skiing, where they stayed in Valbella, Lenzerheide. Appellant explained that his parents were deported to the Theresienstadt concentration camp on July 15, 1942, and from there to the Auschwitz concentration camp on May 15, 1944, where they perished.

As support for his claim, Appellant submitted documents including his birth certificate identifying his father as Adolf Maass, a businessman from Hamburg; his parents' declaration of death (*Todeserklärung*), dated May 28, 1947; an inheritance certificate pertaining to the estate of his parents, issued November 27, 1947; his sister's death certificate, dated January 10, 1975; his brother's death certificate, dated August 6, 1985; and a letter written by his father in April 1938, on which the typed letterhead "A. Maass, Hamburg" and a handwritten signature appear.

The auditors who carried out the investigation to identify accounts of Victims of Nazi Persecution pursuant to instructions of the Independent Committee of Eminent Persons ("ICEP" or the "ICEP Investigation") reported one published account at the Bank whose owner's name matched the name of Appellant's father. The Denial explained that Appellant had not identified the Account Owner as his relative. Specifically, the Denial stated that Appellant indicated that his father resided in Hamburg, Germany until 1941, and that he was the director of a company located in Herford, Germany, whereas the Bank's records show that the Account Owner resided in another major German city, which was not disclosed in the Denial, and is located more than 250 kilometers from Hamburg and more than 350 kilometers from Herford. Consequently, the Denial concluded that Appellant had not established a plausible connection of his father, and that Appellant's father and the Account Owner were not the same person.

On appeal, Appellant states that he disagrees with the conclusion of the Denial that his father and the Account Owner were not the same person since his father's last name, Maass, is not a common Jewish surname, rendering it unlikely that there could have been two different Jewish Swiss bank account owners with that name. Appellant also stated in a telephone conversation with the CRT on November 29, 2002 that it was possible that his father, as an important businessman and co-owner of a transportation company in Germany, had connections to other German cities, including Berlin. Appellant further stated during this conversation that in 1933, his father was threatened by one of the co-owners of *Kühne & Nagel* because he was Jewish. Appellant explained that his father's associate revealed himself to be a member of the *SS* (*Schutzstafel*), and told Appellant's father that the company would not receive contracts since his father was Jewish and a co-owner of the company. Appellant indicated that his father resigned immediately upon hearing this threat.

According to the Bank's record, the Account Owner was Adolf Maass, who resided in Berlin, Germany.[3] The Bank's record indicates that the Account Owner held a demand deposit

---

[3] The Account Owner's city of residence was not disclosed in the Denial.

account, which was closed on 8 December 1933. The Bank's record does not indicate the amount in the account on the date of its closure.

The conclusion reached in the Denial that Appellant had not provided a plausible connection of his father to Berlin was the primary factor leading the Denial to determine that Appellant's father and the Account Owner were not the same person. In his Claim Form, telephone conversation with the CRT, and Appeal Letter, Appellant indicated that his father was a prominent German businessman; that his father may have conducted business in the Account Owner's city of Berlin, which matches unpublished information contained in the Bank's records; explained that his father would have travelled to Berlin in his capacity as the director and co-owner of German companies; and that his father's last name was an unusual Jewish surname.

Appellant also indicated that a Nazi party member and business colleague threatened his father in 1933, the year in which the Bank's records indicate the account was closed. Information obtained from a search of the Internet pertaining to the company *Kühne & Nagel* supports Appellant's statement that his father was a partner in that firm and the head of the Hamburg office until 1933.[4] In addition, the Yad Vashem Database of Holocaust Victims (the "Yad Vashem Database") includes records for two persons with the same or substantially similar name as the Account Owner, including records for Appellant's father. The records for Appellant's father indicate that his name, Adolf Maass, exactly matches that of the Account Owner, Adolf Maass; while the records for the other person, Adolf Maas, do not indicate that his name exactly matches that of the Account Owner, and do not indicate that Adolf Maas resided in Berlin (the Account Owner's city of residence).

Assessing the information provided by Appellant on appeal, it is possible to conclude that Appellant has demonstrated that his father was a prominent German businessman; identified the Account Owner's unpublished city of residence in Germany, as specified in the Bank's records; provided a plausible connection of his father to that city by establishing that his father was the director of a large and prominent German transport company, which conducted business in that city[5]; indicated that his father was threatened by a member of the Nazi SS and forced to resign from his job in 1933, which is the same year that the account at issue was closed; and established that there are records in the Yad Vashem Database for only two persons with the same or substantially name as the Account Owner, neither of whom is recorded as having resided in Berlin and only one of whom, Appellant's father, matches the exact spelling of the Account Owner's name. The name Adolf Maass appears only once on the February 2001 published list of accounts identified during the ICEP Investigation. Consequently, it is possible to conclude that Appellant has plausibly identified the Account Owner as his relative.

With regard to the issue of whether the Account Owner closed the account and received the proceeds himself, given that in 1933 the Nazi regime embarked on a campaign to seize the

---

[4] Adolf Maass is identified as a Kuehne & Nagel partner on several Internet sites, including Encyclopedia.com and Fundinguniverse.com.
[5] According to an entry for Kuehne & Nagel International AG on Encyclopedia.com, the company opened an office in Berlin in 1913.

ANNEX B

# IN RE HOLOCAUST VICTIM ASSETS LITIGATION
## CASE NO. CV96-4849

In re Holocaust Victim Assets Litigation
Case No. CV96-4849

**Decision on Appeal**

to Appellant Ruth Schimmel

in re Account of Felix Freund

Claim Number: 207111

On August 25, 2006, Ruth Schimmel, née Freund, (the "Appellant") submitted a letter (the "Appeal Letter") appealing the Certified Denial of the Claims Resolution Tribunal ("CRT") – *In re Account of Felix Freund* (the "Denial"), which was approved by this Court on August 8, 2006.[1] The Denial was with respect to the published account of Felix Freund (the "Account Owner") at the *Zurich Kantonalbank* (the "Bank"). Appellant appeals the conclusion of the Denial that the Account Owner and her father were not the same person.

Appellant satisfies the requirements of Article 30(3) of the Rules Governing the Claims Resolution Process (the "Rules"), which states that appeals submitted without a plausible suggestion of error shall be summarily denied. Appellant presented a plausible suggestion of error regarding the conclusion of the Denial that her father did not have a plausible connection to the Account Owner's city of residence in Germany.

In her Claim Form, Appellant stated that her father, Felix Freund, who was born on June 11, 1891 in Breslau, Germany, and was married to Minnie Loebenstein, held a Swiss bank account. Appellant also indicated that her father was Jewish; that he had two children, Appellant and her brother, Martin Freund, who perished in concentration camp in 1945; and that her father was a businessman who resided in Frankfurt am Main, Germany from 1920 until he was deported to a Nazi concentration camp in 1941, where he perished. Appellant explained in her Claim Form that before her departure to England, her father instructed her regarding assets deposited in a Swiss bank account. She further explained that her maternal uncle, Dr. Arthur Loebenstein, traveled to Switzerland for the purpose of depositing assets on behalf of himself and Appellant's father, at which time he also visited Appellant's brother who was at that time attending summer camp in Switzerland. Appellant indicated to the CRT during telephone conversations on December 12, 2002 and October 7, 2003 that her maternal

---

[1] All decisions on appeal are published, but where an appellant has requested confidentiality, as in this case, the names of the appellant, any relatives of the appellant other than the account owner, and the bank have been redacted.

uncle resided in Berlin, Germany at Invaliedenstrasse. Appellant stated in her Claim Form that everything was stolen from her father, including bank accounts, insurance policies, real estate, household possessions, and jewelry. She explained that her father lost his job after Kristalnacht in 1938 and subsequently moved from place to place until his deportation to a Nazi concentration camp.

As support for her claim, Appellant submitted a copy of her birth record obtained from a German database identifying her father as Felix Freund and her mother as Minni Loeben; and a document issued in 1962 related to a German life insurance claim with respect to Felix Freund and Minni Loebenstein.[2]

The auditors who carried out the investigation to identify accounts of Victims of Nazi Persecution pursuant to instructions of the Independent Committee of Eminent Persons ("ICEP" or the "ICEP Investigation") reported one published account at the Bank whose owner's name matched the name of Appellant's father. The Denial explained that Appellant had not identified the Account Owner as her father. Specifically, the Denial stated that Appellant indicated that her father resided in Frankfurt am Main, whereas the Bank's records show that the Account Owner resided in Berlin, which is more than 400 kilometers from Frankfurt am Main. Consequently, the Denial concluded that Appellant had not established a plausible connection of her father to the Account Owner's city of residence for the purpose of opening a Swiss bank account, and that Appellant's father and the Account Owner were not the same person.

On appeal, Appellant states that she disagrees with the conclusion of the Denial that her father and the Account Owner were not the same person based on a conclusion that her father did not have a connection to Berlin. Appellant stated that her father travelled to Berlin for business, and that several members of her father's family resided in Berlin, including two of his brothers, Bruno Freund and Paul Freund, as well as his brother-in-law, Dr. Arthur Loebenstein. Appellant explained that during a trip to Berlin, her father gave Dr. Loebenstein money to deposit in Switzerland and that Dr. Loebenstein, possibly in an effort to protect Appellant's father from detection by the Nazis, altered her father's city of residence from Frankfurt to Berlin.

According to the Bank's records, the Account Owner was Felix Freund, who resided in Berlin, Germany.[3] A reference to what appears to be "Tempelhof" appears next to city of residence, and it is noted that Berlin's Tempelhof airport is situated in the Tempelhof district.[4]

---

[2] Although Appellant's mother's maiden name is identified as "Loeben" in the printout of Appellant's birth record obtained from a German database, all other references to Appellant's mother's maiden name, including the document issued in 1962 pertaining to life insurance, as well as Yad Vashem records pertaining to Appellant's parents, indicate that Appellant's mother's maiden name was Minni Loebenstein. Accordingly, it is reasonable to conclude that Appellant's mother's maiden name was Loebenstein rather than Loeben.

[3] Although the Account Owner's city of residence was disclosed in the Denial, Appellant indicated in her Claim Form and in a telephone conversation prior to her receipt of the Denial that her uncle resided in Berlin.

[4] Although Appellant indicated that her maternal uncle resided at Invaliedenstrasse or Friskostrasse/Triskostrasse, rather than "Tempelhof," as indicated in the Bank's records, it is noted that Appellant was a young girl at the time, would not have been in a position to know where exactly in Berlin

2/4

The Bank's record indicates that the Account Owner held a demand deposit account numbered 22383, which was closed on July 4, 1933. The balance of the account as of the date of closure was 11,833.70 Swiss Francs.

The conclusion of the Denial that Appellant had not provided a plausible connection of her father to Berlin was the primary factor leading the Denial to conclude that her father and the Account Owner were not the same person. In her Claim Form, Appellant indicated that her father's brother-in-law, Dr. Loebenstein, deposited funds in a Swiss bank account on behalf of Appellant's father. Following the submission of her Claim Form, Appellant indicated to the CRT during telephone conversations on December 12, 2002 and October 7, 2003 that her uncle, Dr. Loebenstein, resided in Berlin. At that time, Appellant indicated that she thought her uncle may have resided at Triskostrasse or Friskostrasse, but was uncertain. She also indicated that he may have lived at Invalidenstrasse.

A search of the Yad Vashem Database of Holocaust Victims (the "Yad Vashem Database") reveals that in 1978 and 1996, prior to the commencement of the Claims Resolution Process, Appellant submitted records for Dr. Arthur Loebenstein and indicated that he resided in Berlin, and that his parents were Emma and Moritz. Appellant also submitted records in 1978 and 1996 for her mother, Minni Freund (Loebenstein), and identified Minni Freund's parents as Emma and Moritz. Yad Vashem also includes records submitted by Appellant in 1978 and 1996 for her father, Felix Freund, whom she identified as having resided in Frankfurt, Germany, married to Minni Loebenstein, and the son of Recha and Paul. In 1996, Appellant submitted Yad Vashem records for her paternal uncles, Bruno Freund and Paul Freund, whom she indicated on appeal also resided in Berlin. These Yad Vashem records identify Bruno Freund and Paul Freund's parents as Recha and Paul, and indicate that Bruno Freund and Paul Freund resided in Berlin. There are records in the Yad Vashem Database for two other persons named Felix Freund, neither of whom is identified as residing in Berlin, and one of whom was born in 1922 and therefore too young to have held the account at issue.

Assessing the information provided by Appellant with her Claim Form, in telephone conversations with the CRT, and on appeal, as well as the relevant information contained in the Yad Vashem Database, Appellant has demonstrated that she is the daughter of Felix Freund and Minnie Loebenstein; Minnie Loebenstein's brother was Dr. Arthur Loebenstein; Felix Freund's brothers were Bruno Freund and Paul Freund; Appellant's father resided in Frankfurt, Germany; and both of her paternal uncles, as well as her maternal uncle, resided in Berlin, Germany; there are records in the Yad Vashem Database for only three persons named Felix Freund, one of whom is Appellant's father; none of these persons named Felix Freund are listed as having resided in Berlin; one of the two persons named Felix Freund who was not Appellant's father would have been too young to open the account at issue; and Appellant has been consistent in her Claim Form and on appeal regarding her explanation that her maternal uncle, who resided in Berlin, deposited assets in Switzerland on Felix Freund's behalf. It is

---

her uncle resided or transacted business. This is especially true given that Appellant did not reside in Berlin and therefore did not have vast knowledge of that city. Accordingly, Appellant's failure to identify the exact place in Berlin associated with the account is not material to a conclusion that she has provided a plausible connection of her father to Berlin. It is noted that it is not possible to exclude the possibility that Appellant's uncle either resided or transacted business in the Tempelhof district of Berlin.

domestic and foreign assets of the Jewish population through the enforcement of discriminatory tax and other confiscatory measures, including confiscation of assets held in Swiss banks; that the Account Owner remained in Germany until his deportation to the Theresienstadt concentration camp in 1944, from where he was subsequently taken to Auschwitz, where he perished; that he would not have been able to repatriate his account to Germany without its confiscation; that the Account Owner's heirs would not have been able to obtain information about the account after the Second World War from the Bank due to the Swiss banks' practice of withholding or misstating account information in their responses to inquiries by account owners because of the banks' concerns regarding double liability; and given the application of Presumptions (a), (h) and (j), as provided in Article 28 of the Rules, as amended (see Appendix A) and Appendix C, it is plausible that the account proceeds were not paid to the Account Owner or his heirs.

Accordingly, because it is plausible that Appellant has identified the Account Owner as his father, and the grandfather of represented party Kathleen Ingram, the Denial is reversed to award Appellant and Kathleen Ingram the Account Owner's demand deposit account. Pursuant to Article 29 of the Rules, when the value of an account is unknown, as is the case here, the average value of the same or a similar type of account in 1945 is used to calculate the current value of the account being awarded. Based on the ICEP investigation, in 1945 the average value of a demand deposit account was 2,140.00 Swiss Francs. The current value of this amount is calculated by multiplying it by a factor of 12.5, in accordance with Article 31(1) of the Rules, to produce a total award amount of 26,750.00 Swiss Francs.

Article 23(2)(a) of the Rules provides that if a claimant has submitted the Account Owner's will or inheritance documents pertaining to the Account Owner, the award will provide for distribution among any beneficiaries named in the will or other inheritance who have submitted a claim. In this case, Appellant has submitted an inheritance document pertaining to the estate of his parents, which was issued on November 27, 1947. This document provides for an equal distribution among the three children of the Account Owner ("*Es sind als Erben von je einem Drittel der Erbschaft ausgewiesen: ihre Kinder 1. Dr. Herbert Adolf Maass (. . .), 2. Lisa Maass (. . .), and 3. Gerhart Adolf Mass (. . .)*"). Appellant has established that his brother, Herbert Adolf Maass, is deceased and no claims have been submitted on his behalf. As Appellant, who is the son of the Account Owner, represents the child of the Account Owner's daughter, Lisa Maass, Appellant and Kathleen Ingram are both entitled to one-half of the total award amount, or 13,375.00 Swiss Francs each. The Special Master is directed to make such payment to Appellant and Kathleen Ingram from the Settlement Fund.

                              Approved by

                              The Honorable Edward R. Korman
                              Chief Judge
                              United States District Court
                               For the Eastern District of New York

                            DATE: