FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 0 7 2010 ★

BROOKLYN OFFICE

D47

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------

IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

----------------------------------------------------------------

This Document Relates to: All Cases

----------------------------------------------------------------

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

**MEMORANDUM & ORDER**

:
:
:
:
:
:
:
:
:
:
:
X

## MEMORANDUM & ORDER APPROVING SET 195: SIX AWARDS, 18 AWARD AMENDMENTS, NINE ADMINISTRATIVE REVISIONS OF AWARDS AND AWARD AMENDMENTS, AND 13 LETTERS CLOSING CLAIMS CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL PURSUANT TO ARTICLE 31(2) OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS AND AUTHORIZING PAYMENT FROM THE SETTLEMENT FUND

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, the Claims Resolution Tribunal (the "CRT") is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules, of six certified Awards listed in Annex A, 18 certified Award Amendments listed in Annex B, nine certified Administrative Revisions of Awards and Award Amendments listed in Annex C, and 13 Letters Closing Claims listed in Annex D, and the resources to pay these Awards and Award Amendments through funds to be deposited in the Swiss Banks Settlement-Dormant Accounts-Payment Account from the Settlement Fund. The total amount of these six Awards and 18 Award Amendments is US $1,853,656.10 (SF 1,964,875.47 converted at a rate of 1.06 Swiss Francs per U.S. Dollar).

All nine Administrative Revisions included in this set address Awards and Award Amendments that were previously approved by this Court. These Awards and Award Amendments are not substantively changed by the Administrative Revisions. The corrected

versions shall be published on the CRT's website upon my approval. Of the nine Administrative Revisions included in this set, seven revise language referring to the valuation of securities to more accurately reflect the way in which the CRT's Guidelines for the Valuation of Securities are implemented. These seven administrative revisions are *In re Berlowitz* (Tab 1), *In re Jellinek* (Tab 2), *In re Nachlass C.L. Netter* (Tab 5), *In re Rosenbaum* (Tab 6), *In re Rothschild* (Tab 7), *In re Roubitscheck* (Tab 8) and *In re Spitzer* (Tab 9).

The other two Administrative Revisions in this set are for the Award Amendments *In re Joseph* (Tab 3), *In re Muller* (Tab 4), which were originally approved on January 19, 2010 in Set 193. The Award Amendments in that set failed to include language informing one claimant in the *Joseph* case and one primary claimant and one co-claimant in the *Muller* case that a previous overpayment made to them would be deducted from the Award Amendment amount. Specifically, in *In re Joseph*, one of the claimants included in the Award Amendment was originally awarded the account at issue in an Award approved by this Court on 28 August 2002. In that decision, the CRT determined that the claimant had identified the account owner, Georges Joseph, as her relative, and that she was entitled to the full award amount of SF 9,960.00. Subsequently, in an Award Amendment approved by this Court on 3 March 2006, the CRT determined that another claimant also identified the account owner, Georges Joseph, as his relative. In that Award Amendment, the original claimant's entitlement to the award amount was determined to be one-half of the total award amount, or SF 4,980.00. Thus, the original claimant was overpaid by an amount of SF 4,980.00.

In the second such Administrative Revision, *In re Muller*, one primary claimant and one co-claimant included in the Award Amendment were originally awarded the account at issue in an Award approved by this Court on 6 March 2003. In that decision, the CRT determined that the claimants had identified the account owner, Walther Muller, as their

relative, and that they were each entitled to share the full award amount of SF 9,960.00, or SF 4,980.00 each. Subsequently, in an Award Amendment approved by this Court on 12 May 2006, the CRT determined that another claimant also identified the account owner, Walther Muller, as her relative. In that Award Amendment, the original claimant's entitlement to the award amount was determined to be one-half of the total award amount, or SF 4,980.00. Thus, the original claimants were overpaid by a total amount of SF 4,980.00, or SF 2,490 each.

These two Administrative Revisions in this set revise the Award Amendments approved in Set 193 by explicitly noting that Award Amendment amounts "may be reduced by any amount determined (for example, in a decision upon appeal or in an amendment) to have been overpaid to any of the claimants, as detailed in the cover letter [to the relevant claimant for each decision]." Thus, the amount previously overpaid to the original claimant in *In re Joseph* (SF 4,980.00) is deducted from her share of the Award Amendment amount (SF 594.75); and the amount originally overpaid to the original claimants in *In re Muller* (SF 4,980.00, or SF 2,490 each) is deducted from their share of the Award Amendment amount (a total of SF 594.06, or SF 297.03 each), resulting in a negative balance in both cases. Accordingly, no further payment is forthcoming to these three claimants. The amount requested for payment of these two Award Amendments in Set 193 did not take into consideration these three deductions because of the previous overpayment. Therefore, the amount requested for this set is reduced by the amounts deducted for the three overpayments, US $1,154.19 (SF 1,188.81 converted at the rate of 1.03 in effect on the date that the funds for Set 193 were requested).

This set also includes 13 letters closing claims. Twelve of these letters address claims to accounts that were treated in CRT-I and published again in error in 2001 and 2005 as part of the CRT-II process. In nine of these 12 cases, the claimant him/herself was

awarded the claimed account during the CRT-I process. In one case, the CRT-II claimant was denied the claimed account in CRT-I because CRT-I determined that he had not identified the account owner as his relative. In two cases, the claimed account was awarded to another claimant in CRT-I. The other letter closing a claim in this set addresses a claimant who was awarded an account in a decision approved by this Court on 28 May 2004. In that decision, the CRT noted that the auditors who carried out the investigation to identify accounts of Victims of Nazi Persecution pursuant to instructions of the Independent Committee of Eminent Persons ("ICEP" or the "ICEP Investigation") reported two accounts belonging to this account owner. The May 2004 Award addressed one of those accounts, and noted that the bank's records were ambiguous regarding the existence of the second account. After careful review of the bank's records, the CRT has determined that all the records contained in the file refer only to one demand deposit account, the same one that was awarded to the claimant in the May 2004 Award. Pursuant to Article 6 of the Rules, the CRT requested the voluntary assistance of the bank at which the account was held to obtain additional information about the account ("Voluntary Assistance"). No further documents were available from the bank. The CRT therefore has no basis to conclude the existence of an additional account. The letter closing the claim in this set accordingly informs the claimant that his relative held only one account, and that no further award is appropriate.

One Award Amendment in this set, *In re Marcus* (Tab 9), involves the adjustment of account values reported by account owners pursuant to Nazi decrees and of bond values in accordance with the Guidelines for the Valuation of Securities, and amends the value of the original award, which was approved by this Court on 14 May 2003. The Award Amendment notes that on 21 October 2004, I approved an Order amending the CRT's practice of basing account valuations on the value of assets declared pursuant to a decree issued by the Nazi Regime on 26 April 1938, requiring all Jews who resided within the Reich, and/or who were

nationals of the Reich, including Austria, and who held assets above a specified level to register all their assets as of 27 April 1938 (the "1938 Census"). Pursuant to that Order, in cases in which the account owner's 1938 Census return shows an account value below the presumptive value for the type of account at issue, the CRT now bases the account valuation, in the absence of plausible evidence to the contrary, on the presumptive value for the type of account at issue. The Award Amendment *In re Marcus* adjusts the account valuation to reflect the presumptive value for the account at issue. The Award Amendment *In re Marcus* also adjusts the value of bonds awarded prior to the issuance of the Guidelines for the Valuation of Securities, circulated to the CRT by Special Master Junz in 2005 and incorporated into decisions subsequently approved by this Court. *See, e.g., In re Accounts of Gertrude Schüller* (CRT Batch 104, approved by Court order dated 28 June 2006); *In re Josef Friedmann* (CRT Batch 114, approved by Court order dated 27 February 2007). According to these Guidelines, as a general rule, the nominal value of bonds not in default shall be awarded if the market value was below the nominal value on the date the account owner is deemed to have lost control over the account. The CRT presumes that the account owner, if able to decide freely, could have opted to hold the respective bond to maturity to avoid a capital loss. The market value of bonds shall be awarded if that value was above the nominal value on the date the account owner is deemed to have lost control over the account, or if the bonds were in default. The account owner *In re Marcus* held good quality bonds that were originally paid at market values below their face value, and are now adjusted to pay face value.

The Award Amendment *In re Marcus* included in this set notes that, subsequent to the approval of the original award in May 2003, certain of the claimants and/or represented parties contested the distribution of the award amount. An agreement was reached among the parties. In an Order dated 23 September 2005, I granted a motion to intervene on behalf of

the account owners' heirs and approved their proposed plan of distribution. The Order stated that "the Claims Resolution Tribunal will not recognize the claims of any other person to the proceeds of the award at issue that have not been timely filed." As an adjustment to the original award amount, the amount of the Award Amendment *In re Marcus* in this set is to be distributed among the entitled parties in the same proportion as detailed in the agreement among the parties and approved by this Court in my Order of 23 September 2005.

One Award in the one hundred and ninety-fifth set is based in part on a claim that was received past the claim filing deadline. This Court in its discretion has decided to accept certain claims received past the claim filing deadline but prior to 1 January 2009, namely those where a set of exceptional circumstances is demonstrated. Such a set would include, but not be limited to, the following: (1) the claimant has proven with certainty that the account owner is his/her relative or that he/she is otherwise entitled to the account; (2) the account has not previously been awarded to another claimant; (3) the claimant is disabled or of advanced age; and (4) there are no other timely claims to the account filed by those with an equal or closer degree of relationship to the account owner. This Award is *In re Deri* (Tab 1). In this case, all the circumstances listed in (1) through (4) obtain.

With this one hundred and ninety-fifth set, a total of US $573,905,423.09 will have been awarded thus far. This total amount is comprised of Awards issued under CRT I and CRT II combined, and Plausible Undocumented Awards (PUAs). Under CRT I alone, which took place from 1997 through 2000, 207 accounts, with a value of US $18,184,492.00, were awarded as accounts that had belonged to Victims of Nazi Persecution. Under CRT II alone, 2,908 Awards for 4,616 accounts totaling US $494,208,084.72[1] will have been made to date to Victims or Targets of Nazi Persecution making up the Deposited Assets Class, with the

---

[1] This amount includes the payments of decisions on appeal issued by Special Masters Michael Bradfield and Helen Junz totaling US $7,191,800.52.

average Award amounting to US $148,300.93.[2] The total number of PUAs issued to date is 12,567 less 277 full and partial deductions. The total amount is $ 61,512,846.37.

This submission includes eight Awards to eight Primary Claimants and one Co-Claimant who previously received a Plausible Undocumented Award ("PUA"), as detailed in Annex E to this Order. Each recipient was made aware at the time the PUA was awarded that, in the event the CRT located a Swiss Bank account or accounts to which he/she was entitled, the PUA amount of US $5,000.00 already received would be deducted from any future award(s) that may be made in connection with such account(s). Therefore, the amount requested for transfer to the Swiss Banks Settlement-Dormant Accounts - Payment Account equals the award amount of US $1,853,656.10 for the six Awards and 18 Award Amendments referred to above, less US $45,000.00 for previous PUA payments. A further deduction of US $1,154.19 is made to reflect the deduction for the overpayment of two primary claimants and one co-claimant in the Award Amendments *In re Joseph* and *In re Muller* in Set 193, as discussed above. Thus the total requested for this Set is US $1,807,501.91.

As set forth in the Awards and Award Amendments and as required by Article 31(3) of the Rules, the Certified Awards and Award Amendments shall be paid in full by the Special Masters after approval of such Awards by the Court. Therefore, it is hereby

ORDERED that the attached six Awards and 18 Award Amendments are hereby approved for payment pursuant to Article 31(2) of the Rules;

ORDERED that for the payment of these six Awards and 18 Award Amendments certified by the CRT and approved by the Court, less US $45,000.00 to reflect nine payments

---

[2] In calculating the average value of CRT-II awards, the Set 75 award, two Set 110 awards, and the Award *In re Löw* and the Award and Award Amendment *In re Ungar* in Set 192 were excluded because their size made them outliers that would have skewed the result. The calculation further excludes appeal awards in the amount of US $4,500,173.97 in which the earlier award was not rescinded. On the other hand, the calculation includes appeal awards issued upon reversal of a denial as recommended by Special Masters Michael Bradfield and Helen Junz and issued by the CRT.

previously made in the form of PUAs and less a further US $1,154.19 to reflect the deduction for the overpayment of two primary claimants and one co-claimant in the Award Amendments *In re Joseph* and *In re Muller*, the Signatories of the Settlement Fund are hereby ordered to transfer immediately US $1,807,501.91 from the Settlement Fund to the Swiss Banks Settlement-Dormant Accounts-Payment Account;

ORDERED that the nine Awards and Award Amendments *In re Berlowitz, In re Jellinek, In re Joseph, In re Muller, In re Nachlass C.L. Netter , In re Rosenbaum, In re Rothschild, In re Roubitscheck* and *In re Spitzer*, be corrected to reflect the Administrative Revisions included in this set;

ORDERED that the 13 Letters closing claims be sent to the relevant claimants and that their respective claims be closed;

ORDERED that the amount of the Award Amendment *In re Marcus* in this set is to be distributed among the entitled parties in the same proportion as detailed in the agreement among the parties and approved by this Court in my Order of 23 September 2005.

It is further ordered that the Special Masters shall provide the Court with the name and address of every class member receiving an Award, Award Amendment or Administrative Revision, or Letter Closing Claim, which information shall be filed with the Court under seal.

I will issue additional orders approving Awards certified by the CRT and transferring further sums from the Settlement Fund as the CRT certifies them to this Court.


Brooklyn, New York
Dated:    April 16, 2010                    SO ORDERED·

                            s/Edward R. Korman
                            _____
                            Edward R. Korman
                            United States District Judge

# CLAIMS RESOLUTION TRIBUNAL

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 16 April 2010 the following Awards for approval by the Court and payment by the Special Masters:

| | Account Owner Last Name and Claim Number | Award Amount (SF) |
|---|---|---|
| 1. | Deri 204618/MC; 210855/MC; 501873/MC; 601458/MC; 750051/MC; 735844/MC; 783423/MC** | 211,875.00 |
| 2. | Hartmann 004903/NB; 501106/NB; 501557/NB; 720447/NB; 725987/NB* | 49,375.00 |
| 3. | Honig 400352/MC; 400357/MC; 400358/MC; 501656/MC; 754354/MC; 754370/MC | 44,821.25 |
| 4. | Kahn, Siegfried 214927/MC; 215682/MC; 216365/MC; 220774/MC; 220775/MC; 220776/MC; 223278/MC; 741303/MC* | 49,375.00 |
| 5. | Mayer, Josef 224218/RT; 773278/RT; 773787/RT | 39,737.50 |
| 6. | Mueller 223234/NB; 501087/NB; 715998/NB* | 49,375.00 |
| | **TOTAL** | **444,558.75** |
| | **Total amount in US Dollars[3]** | **$ 419,395.05** |

\* MPM Award
\*\* Late claim

---

[3] Exchange rate as of 16 April 2010 of 1.06 Swiss Francs per U.S. Dollar.

# CLAIMS RESOLUTION TRIBUNAL

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 16 April 2010 the following Award Amendments for approval by the Court:

| | Account Owner Last Name and Claim Number | Award Amount (SF) |
|---|---|---|
| 1. | Adler 213323/DE; 300550/DE; 782257/DE; 782258/DE | 32,916.63 |
| 2. | Blank 201329/RS; 708233/RS; 736313/RS; 787526/RS | 37,031.25 |
| 3. | Fischer 201573/RS; 713631/RS; 732369/RS; 732372/RS* | 32,916.63 |
| 4. | Kantor, Ludwig 206019/MBC; 750452/MBC | 162,500.00 |
| 5. | Kantor, Richard 206019/MBC; 750452/MBC | 189,250.00 |
| 6. | Kurz 219195/NB; 219197/NB; 733779/NB | 162,500.00 |
| 7. | Lugos 200050/RS; 200243/RS; 201438/RS; 732013/RS; 785278/RS | 162,500.00 |
| 8. | Lustig *et al.* 214359/GO | 113,125.00 |
| 9. | Marcus 202033/MC; 208179/MC; 219678/MC; 219679/MC | 172,931.38 |
| 10. | Merlaub 215971/NB; 753946/NB; 754150/NB; 754170/NB; 754253/NB; 754402/NB | 26,750.00 |
| 11. | Nowkirischky 211487/DE; 224027/DE | 26,750.00 |
| 12. | Stein 207486/MBC; 300766/MBC; 788250/MBC* | 13,375.00 |
| 13. | Steiner, Elsa 202925/NB; 220816/NB; 220817/NB; 733328/NB* | 16,458.33 |
| 14. | Steinhart 750297/BW; 776567/BW; 776568/BW | 113,125.00 |
| 15. | Weil, Siegbert 004282/DE; 782080/DE* | 114,187.50 |
| 16. | Weiner 211705/GO; 729619/GO; 731393/GO | 24,687.50 |
| 17. | Wertheimer 209446/WT; 752832/WT* | 24,687.50 |
| 18. | Witrael 221832/NB; 750972/NB; 750973/NB | 94,625.00 |
| | **TOTAL** | **1,520,316.72** |
| | **Total amount in US Dollars**[4] | **$ 1,434,261.06** |

* MPM Amendment

---

[4] Exchange rate as of 16 April 2010 of 1.06 Swiss Francs per U.S. Dollar.

# CLAIMS RESOLUTION TRIBUNAL

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 16 April 2010 the following corrected Award and corrected Award Amendments for approval by the Court:

| | Account Owner Last Name and Claim Number | Decision Type |
|---|---|---|
| 1. | Berlowitz 208571/CU; 209237/CU; 213443/CU | Amendment |
| 2. | Jellinek 500397/CU; 500398/CU; 500441/CU; 500442/CU; 500632/CU | Amendment |
| 3. | Joseph 223157/MC; 650026/MC | Amendment |
| 4. | Muller 204578/MC; 213764/MC; 215383/MC | Amendment |
| 5. | *Nachlass* C.L. Netter 500883/AC | Award |
| 6. | Rosenbaum 401361/CU | Amendment |
| 7. | Rothschild 741544/KG | Award |
| 8. | Roubitscheck 213410/CU | Amendment |
| 9. | Spitzer 001413/MBC; 220123/MBC; 789634/MBC | Award |

# CLAIMS RESOLUTION TRIBUNAL

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 16 April 2010 the following Letters Closing Claims for approval by the Court:

## Letters Closing Claims

| | Account Owner Last Name and Claim Number |
|---|---|
| 1. | Bachrach 004918 |
| 2. | Deutsch 732629 |
| 3. | Hofmann 708079 |
| 4. | Lande 216260 |
| 5. | Lande 224289 |
| 6. | Meyerhof 209239 |
| 7. | Nirenberger 224156 |
| 8. | Roeder 500525 |
| 9. | Romanoff 003308 |
| 10. | Schiff 401075 |
| 11. | Silbiger 100012 |
| 12. | Silbiger 210209 |
| 13. | Silbiger 215649 |