FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 0 7 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
:
IN RE: HOLOCAUST VICTIM ASSETS :
LITIGATION :
:
--------------------------------------------------------------- :
:
This Document Relates to: All Cases :
:
:
:
--------------------------------------------------------------- x

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

MEMORANDUM & ORDER

## MEMORANDUM & ORDER APPROVING SET 196: 8 AWARDS, 10 AWARD AMENDMENTS, 31 AWARD DENIALS, 46 DECISIONS ON APPEAL, REMAND OR REQUEST FOR RECONSIDERATION, AND 4 INADMISSIBLITY DECISIONS CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL PURSUANT TO ARTICLE 31(2) OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS AND AUTHORIZING PAYMENT FROM THE SETTLEMENT FUND

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, the Claims Resolution Tribunal (the "CRT") is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules, of 8 certified Awards listed in Annex A, 10 certified Award Amendments listed in Annex B, 31 certified Award Denials listed in Annex C, 46 decisions on Appeal, Remand or Request for Reconsideration listed in Annex D, and 4 Inadmissibility decisions listed in Annex E, and the resources to pay these Awards and Award Amendments through funds to be deposited in the Swiss Banks Settlement-Dormant Accounts-Payment Account from the Settlement Fund. The total amount of these 8 Awards 10 Award Amendments is US $3,252,124.47 (SF 3,739,943.14 converted at a rate of 1.15 Swiss Francs per U.S. Dollar).

Four Awards and one Award Amendment in the one hundred and ninety-sixth set are based in part on claims that were received past the claim filing deadline. This Court in its

discretion has decided to accept certain claims received past the claim filing deadline but prior to 1 January 2009, namely those where a set of exceptional circumstances is demonstrated. Such a set would include, but not be limited to, the following: (1) the claimant has proven with certainty that the account owner is his/her relative or that he/she is otherwise entitled to the account; (2) the account has not previously been awarded to another claimant; (3) the claimant is disabled or of advanced age; and (4) there are no other timely claims to the account filed by those with an equal or closer degree of relationship to the account owner. These Awards are *In re Silberberger* (Tab 5), *In re Simon et al* (Tab 6), *In re Thalheimer* (Tab 7), *In re Weinberg* (Tab 8), and the Award Amendment is *In re Kardos* (Tab 5). In these cases, all the circumstances listed in (1) through (4) obtain.

Four Awards Amendments, *In re Grünholz* (Tab 2), *In re Haefner* (Tab 3), *In re Salomon* (Tab 6) and *In re Schneider* (Tab 7) in this set contain security valuations. Pursuant to the Court's memorandum of January 4, 2007 regarding the "Division of Responsibilities for the Review of CRT Awards," these Amendments were reviewed by Special Master Helen B. Junz.

One decision in this set, *In re Chwat* (Tab 1), consists of both an Award and an Award Amendment. In this case, the original Award, which was approved on 20 August 2003, included one demand deposit account and two safe deposit boxes. The August 2003 Award amount was divided among three claimants and one co-claimant. Following the Court's approval of the August 2003 Award, two claimants (one of whom represented the co-claimant) appealed the decision, asserting (among other arguments) that the actual value of the accounts was higher than the awarded value, and declined to accept payment for the share of the August 2003 Award awarded to them and to the co-claimant. Therefore, according to information provided to the CRT by the Office of Special Master Michael Bradfield, only one claimant received payment for the August 2003 Award.

During the pendency of the appeal of the August 2003 Award, the bank provided the CRT with additional documents about the account owner's accounts. Based on a preliminary review of these new documents, it appeared that the three accounts awarded in the August 2003 had been awarded in error. Although the August 2003 Award was not rescinded, in April 2007 Special Master Bradfield transferred to the Swiss Banks Settlement Fund the unpaid portion of the August 2003 Award, corresponding to the amount originally awarded, but as yet unpaid, to the two claimants and one co-claimant. In April 2008 Special Master Bradfield informed one of these claimants that the August 2003 Award was made in error, based on the preliminary conclusion that all three accounts were closed prior to the Nazi occupation of Poland. However, following a more detailed review of the new documents provided by the bank, the CRT has concluded that in fact only two of the three accounts (namely, the two safe deposit boxes) were awarded in error. Additionally, the new bank's records indicate that the account owner held an account at the London branch of the bank, which was not addressed in the August 2003 Award. This account is awarded in the decision in this set. The decision in this set also deducts the amount previously awarded for the two safe deposit boxes from the amount awarded for the account held in London, leaving a net balance awarded with this set. In order to effect full payment to all parties, the CRT requests funds to make payment to the two claimants and one co-claimant for their share of the originally awarded accounts that was previously held and returned to the Swiss Banks Settlement Fund account. As noted above, the calculation of the Award Amendment amount takes into consideration the CRT's determination that the two safe deposit boxes were closed properly by deducting that amount from the amount awarded for the London demand deposit account. Therefore, no reduction is necessary from the amount originally allocated to these three parties. The CRT thus requests an additional US $33,478.26, which corresponds to the

share of the August 2003 Award allocated to these two claimants and one co-claimant, at today's rate of 1.15 Swiss Francs ("SF") per US dollar.

Two Award Amendments in this set – *In re Schneider* and *In re Schneider* (Tabs 7 and 8) – amend two Awards approved by the Court on 18 November 2004 and 28 June 2006. Subsequent to these Awards' approval, the CRT received additional information about two of the accounts from the banks at which the accounts were held. With regard to the November 2004 Award, the new information made available by the bank shows that the account, which was originally awarded as an account of unknown type, was, in fact, a savings account. Based upon this information and as detailed in the Award Amendment, the November 2004 Award amount was overvalued by an amount of SF 39,000.00. The Award Amendment for this case states that, "Recognizing that approximately five years have passed since the November 2004 Award, the CRT does not seek outright repayment of the overpayment from the Claimant. However, the amount of the overpayment shall be deducted from any award adjustment that may be forthcoming to the Claimant."

With regard to the June 2006 Award, the new information made available by the bank shows that the value of the custody account was higher than the amount awarded in that decision. Based upon this information and as detailed in the Award Amendment, the June 2006 Award Amount was undervalued by SF 714,037.25. The claimant in this case will be informed of both Award Amendments simultaneously. The amount previously overpaid to the claimant in the November 2004 Award (SF 39,000.00) will be deducted from the Award Amendment amount for the June 2006 Award (SF 714,037.25). Accordingly, the amount requested for this set is reduced by the amount deducted for the overpayment, US $33,050.85 (SF 39,000.00 converted at the rate of 1.18, the exchange rate in use at the time the original Award involving overpayment was made).

With this one hundred and ninety-sixth set, a total of US $577,114,666.15 will have been awarded thus far. This total amount is comprised of Awards issued under CRT I and CRT II combined, and Plausible Undocumented Awards (PUAs). Under CRT I alone, which took place from 1997 through 2000, 207 accounts, with a value of US $18,184,492.00, were awarded as accounts that had belonged to Victims of Nazi Persecution. Under CRT II alone, 2,916 Awards for 4,627 accounts totaling US $497,432,327.78[1] will have been made to date to Victims or Targets of Nazi Persecution making up the Deposited Assets Class, with the average Award amounting to US $149,000.98.[2] The total number of PUAs issued to date is 12,567 less 280 full and partial deductions. The total amount is US $61,497,846.37.

This submission includes three Awards to three Primary Claimants who previously received a Plausible Undocumented Award ("PUA"), as detailed in Annex F to this Order. Each recipient was made aware at the time the PUA was awarded that, in the event the CRT located a Swiss Bank account or accounts to which he/she was entitled, the PUA amount of US $5,000.00 already received would be deducted from any future award(s) that may be made in connection with such account(s). Therefore, the amount requested for transfer to the Swiss Banks Settlement-Dormant Accounts - Payment Account equals the award amount of US $3,252,124.47 for the eight Awards and ten Award Amendments referred to above, less US $15,000.00 for previous PUA payments. A further deduction of US $33,050.85 is made to reflect the deduction for the overpayment to the claimant in the Award Amendments *In re Schneider*, as detailed above. In addition, as detailed above, the CRT also requests an additional US $33,478,26 to effect payment to the two claimants and one co-claimant for

---

[1] This amount includes the payments of decisions on appeal issued by Special Masters Michael Bradfield and Helen Junz totaling US $7,191,800.52.

[2] In calculating the average value of CRT-II awards, the Set 75 award, two Set 110 awards, and the Award *In re Löw* and the Award and Award Amendment *In re Ungar* in Set 192 were excluded because their size made them outliers that would have skewed the result. The calculation further excludes appeal awards in the amount of US $4,500,173.97 in which the earlier award was not rescinded. On the other hand, the calculation includes appeal awards issued upon reversal of a denial as recommended by Special Masters Michael Bradfield and Helen Junz and issued by the CRT.

their shares of the originally awarded accounts in *In re Chwat* that were previously held and returned to the Swiss Banks Settlement Fund account. Thus, the total amount requested for this Set is US $3,237,551.88.

This one hundred and ninety-sixth set also includes 31 Award Denials and 46 decisions on Appeal, Remand or Request for Reconsideration. The 31 Award Denials are based upon the CRT's conclusion that each claimant was not able to identify his or her relative as the account owner. The 46 decisions on Appeal, Remand or Reconsideration address 37 "Same Name" Inadmissibility Decisions (cases in which it was determined that the claimant did not satisfy the admissibility standard set forth in Article 18(2)(b) and (c) of the Rules, which states that "[a] claim submitted to the CRT is inadmissible if the claim is based essentially on a statement that the Claimant or his or her relative and the Account Owner have the same or similar last name [or] the Claimant has provided no relevant information and/or documentation regarding his or her relationship to the Account Owner"); one non-Victim Inadmissibility Decision (cases in which it was determined that the claimant failed plausibly to show that the person he or she believed to have owned the asset was a Victim or Target of Nazi Persecution as defined under the Settlement Agreement; *i.e.*, someone who was or was believed to be Jewish, Romani, Jehovah's Witness, homosexual or disabled); seven Identification Denials; and one Award. The appeal to the non-Victim inadmissibility decision was previously approved by Special Master Michael Bradfield, and he remanded the case to the CRT for further treatment. Upon remand, the CRT has issued a No Match Letter. Similarly, an appeal to one Identification Denial was previously approved by Special Master Junz, and she remanded the case to the CRT for further treatment. Upon remand, the CRT has issued another Identification Denial. The six other Identification Denials that were appealed or reconsidered also resulted in Identification Denials. The 37

Requests for Reconsideration based upon Same Name Inadmissibility Decisions resulted in 31 Identification Denials upon Request for Reconsideration and six No Match Decisions upon Request for Reconsideration. The appeal of the Award was summarily denied. Thus, the 46 decisions based upon appeals or requests for reconsideration resulted in a total of one Summary Denial; seven No Match Decisions; and 38 Identification Denials.

With this one hundred and ninety-sixth set, a total of 6,533 Certified Denials to 13,310 accounts will have been approved under CRT II. In 6,012 of these 6,533 Denials, the CRT concluded that the claimant was not able to identify his or her relative as the account owner; in 124 cases the CRT concluded that the account owner closed the account and received the proceeds him/herself; in 29 cases the CRT determined that the claimant was not entitled to the account owner's account; in five cases the CRT determined that the evidence submitted by the claimant was insufficient to support the existence of a bank account belonging to the claimant's relative; in one case the CRT concluded that the account owner closed the account and received the proceeds him/herself and, with regard to evidence submitted by that claimant, that this evidence was insufficient to support the existence of a bank account belonging to the claimant account owner; and in 362 cases the CRT was not able to make definitive determinations as to the plausibility of the matches given the large number of competing matches to the same account and therefore concluded that no award was appropriate. With the seven No Match Decisions included in this set, a total of 89,858 No Match Decisions will thus far have been approved under the CRT.

Annex E attached to this Order sets forth a list of 1 non-Victim Inadmissibility Decision and 3 "Same Name" Inadmissibility Decisions certified as such by the CRT. With this set, a total of 2,284 Inadmissibility Decisions will thus far have been approved under the CRT.

As set forth in the Awards and Award Amendments and as required by Article 31(3) of the Rules, the Certified Awards and Award Amendments shall be paid in full (with the exception of the deduction detailed above) by the Special Masters after approval of such Awards and Award Amendments by the Court. Therefore, it is hereby

ORDERED that the attached 8 Awards and 10 Award Amendments are hereby approved for payment pursuant to Article 31(2) of the Rules;

ORDERED that for the payment of these 8 Awards and 10 Award Amendments certified by the CRT and approved by the Court, less US $15,000.00 to reflect three payments previously made in the form of PUAs and less a further US $33,050.85 to reflect the deduction for the overpayment to one primary claimant in the Award Amendments *In re Schneider* and *In re Schneider*; plus US $33,478.26 for the payment to the two claimants and one co-claimant in the August 2003 Award *In re Chwat* whose shares of the originally awarded accounts were held and returned to the Swiss Banks Settlement Fund account, the Signatories of the Settlement Fund are hereby ordered to transfer immediately US $3,237,551.88 from the Settlement Fund to the Swiss Banks Settlement-Dormant Accounts-Payment Account;

ORDERED that the attached 31 Award Denials are hereby approved for release to the relevant Claimants.

ORDERED that the attached 46 decisions on Appeal, Remand or Request for Reconsideration are hereby approved for release to the relevant Claimants.

ORDERED that the 4 Inadmissibility Decisions are hereby approved and shall be distributed to the relevant Claimants by the CRT.

It is further ordered that the Special Masters shall provide the Court with the name and address of every class member receiving an Award, Award Amendment, Award Denial,

Decision on Appeal, Remand or Request for Reconsideration, which information shall be filed with the Court under seal.

I will issue additional orders approving Awards certified by the CRT and transferring further sums from the Settlement Fund as the CRT certifies them to this Court.

Dated: Brooklyn, New York
May 28, 2010

SO ORDERED:

s/Edward R. Korman
Edward R. Korman
United States District Judge

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCVI] - ANNEX A*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 28 May 2010 the following Awards for approval by the Court and payment by the Special Masters:

| | Account Owner Last Name and Claim Number | Award Amount (SF) |
|---|---|---|
| 1. | Chwat 001119/HS; 002153/HS; 204932/HS; 212359/HS; 214600/HS; 221860/HS** | 30,092.63 |
| 2. | Gurtner 708163/MC; 709929/MC; 750954/MC | 189,250.00 |
| 3. | Hollander 001997/MBC | 606,360.88 |
| 4. | Kronenberger 207935/MC | 49,375.00 |
| 5. | Silberberger 501857/MC* | 204,750.00 |
| 6. | Simon et al. 501869/MC* | 49,375.00 |
| 7. | Thalheimer 501725/MBC* | 73,314.25 |
| 8. | Weinberg 707749/BW; 783397/BW; 501895/BW* | 37,665.75 |
| | **TOTAL** | 1,240,183.51 |
| | **Total amount in US Dollars**[3] | **$1,078,420.44** |

\* Late claim
\*\* Combination Award and Award Amendment

---

[3] Exchange rate as of 28 May 2010 of 1.15 Swiss Francs per U.S. Dollar.

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCVI] - ANNEX B*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 28 May 2010 the following Award Amendments for approval by the Court and payment by the Special Masters:

| Account Owner Last Name and Claim Number | | Award Amendment Amount (SF) |
|---|---|---|
| 1. | Baumann 204043/GO; 789811/GO* | 24,687.50 |
| 2. | Grünholz 402183/MBC** | 307,500.00 |
| 3. | Haeffner 300815/MBC; 300816/MBC** | 1,087,894.63 |
| 4. | Herrmann 700651/MBC; 700661/MBC; 732593/MBC; 203084/MBC* | 235,125.00 |
| 5. | Kardos 402261***/BW; 702056/BW; 770472/BW | 0.00 |
| 6. | Salomon 207295/MBC** | 115,015.25 |
| 7. | Schneider 215503/MBC** | 714,037.25 |
| 8. | Schneider 215503/BW | 0.00 |
| 9. | Sliosberg 208545/BW; 221869/BW | 0.00 |
| 10. | Spiegel 204227/HS, 212830/HS, 212865/HS, 214626/HS | 15,500.00 |
| | TOTAL | 2,499,759.63 |
| | Total amount in US Dollars[4] | $2,173,704.03 |

\* MPM
\*\* Reviewed by Special Master Junz
\*\*\* Late claim

---

[4] Exchange rate as of 28 May 2010 of 1.15 Swiss Francs per U.S. Dollar.

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCVI] - ANNEX C*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 28 May 2010 the following Award Denials for approval by the Court:

| | | |
|---|---|---|
| 1. | Baer 204419/NB | Identification |
| 2. | Barta *et al.* 221137/NB | Identification |
| 3. | Baumann, Emmy 211319/HB | Identification |
| 4. | Baumann, Ruth *et al.* 789811/RT | Identification |
| 5. | Becher 004815/MBC | Identification |
| 6. | Beimel 223884/RT | Identification |
| 7. | Berger 710652/NB | Identification |
| 8. | Braunfeld 215426/MC | Identification |
| 9. | Dalma 100024/RT | Identification |
| 10. | Deutsch 002423/NB | Identification |
| 11. | Eisner 216103/RT | Identification |
| 12. | Filz 217026/NB | Identification |
| 13. | Fischer 784863/MBC | Identification |
| 14. | Fraenkel, *et al* 400354 | Identification |
| 15. | Gewitsch 150059/RT | Identification |
| 16. | Hartmann, Hans 501106/NB; 501557/NB | Identification |
| 17. | Hartmann, Robert 004903/RT | Identification |
| 18. | Kliche 706714/RT | Identification |
| 19. | Liebermann, David 218975 | Identification |
| 20. | Löb, Gustav 401686/RT | Identification |
| 21. | Löb, Gustav 401755/RT | Identification |
| 22. | Löb, Gustav 401765/RT | Identification |
| 23. | Löw 401487/RT | Identification |
| 24. | Maas 219952/NB | Identification |
| 25. | Meyer 220223/RT; 220225/RT; 220227/RT; 220228/RT; 220229/RT | Identification |
| 26. | Nagel *et al.* 004673/NB | Identification |
| 27. | Schenk 216309/DE | Identification |
| 28. | Vohryzek 500659/RT | Identification |
| 29. | Weiss 300532/NB | Identification |
| 30. | Wirth, Friedrich 210865/NB | Identification |
| 31. | Wirth, Friedrich 741740/NB | Identification |

# CLAIMS RESOLUTION TRIBUNAL

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 28 May 2010 the following decisions on Appeal, Remand or Request for Reconsideration for approval by the Court:

|  | Claimed Account Owner Name and Claim Number | Original Decision Type | Decision Type on Appeal or Reconsideration | Appeal Number |
|---|---|---|---|---|
| 1. | Baer 501265/NB, 501494/NB | IAD Same Name | Identification Denial | 2991/2992 |
| 2. | Baum 219249/RT; 220277/RT | IAD Same Name | Identification Denial | 3085/3086 |
| 3. | Beier 500879/RT | IAD Same Name | Identification Denial | 3088 |
| 4. | Bloch, Berna 300599/HB | IAD Same Name | Identification Denial | 3106 |
| 5. | Bloch, Dora 300586/HB | IAD Same Name | Identification Denial | 3125 |
| 6. | Bloch, Fernand 300591/GO | IAD Same Name | Identification Denial | 3124 |
| 7. | Bloch, Madeleine 300589/HB | IAD Same Name | Identification Denial | 3117 |
| 8. | Bloch, Marc 300587/HB | IAD Same Name | Identification Denial | 3119 |
| 9. | Bloch, Nathan 300598/HB | IAD Same Name | Identification Denial | 3118 |
| 10. | Bloch, Nathan 300600/HB | IAD Same Name | Identification Denial | 3127 |
| 11. | Cohen *et al.* 500692 | IAD Same Name | No Match Letter | 3146 |
| 12. | Cohn 217434/RT; 217582/RT | IAD Same Name | Identification Denial | 3091/3094 |
| 13. | Edel 204118/RT | IAD Same Name | Identification Denial | 2989 |
| 14. | Farkas 400199/RT | Identification Denial | Identification Denial | 2837 |
| 15. | Fisch 210825 | IAD Same Name | No Match Letter | 3024 |
| 16. | Fischl 217035/RT | IAD Same Name | Identification Denial | 3044 |
| 17. | Grinberg 222528/RT | IAD Same Name | Identification Denial | 3017 |
| 18. | Heller 751017* | Award | Summary Denial | 10306 |
| 19. | Kaufmann 500700/MBC* | Identification Denial | Identification Denial | 2917 |
| 20. | Landsman 211358 | IAD Same Name | No Match Letter | 3080 |
| 21. | Langer, Joseph 220545/RT | IAD Same Name | Identification Denial | 3078 |
| 22. | Langer, Olga 220546/HB | IAD Same Name | Identification Denial | 3079 |
| 23. | Langfelder 501522/RT* | Identification Denial | Identification Denial | 3020 |
| 24. | Liepmann, Else 300597/HB | IAD Same Name | Identification Denial | 3121 |
| 25. | Liepmann, Ludvig 300596/HB | IAD Same Name | Identification Denial | 3120 |
| 26. | Lippmann, Elise 300593/HB | IAD Same Name | Identification Denial | 3126 |
| 27. | Lippmann, Richard 300588/RT | IAD Same Name | Identification Denial | 3114 |
| 28. | Mayer 703128/RT* | Identification Denial | Identification Denial | 2960 |
| 29. | Piattelli, 300543 | IAD Same Name | No Match Letter | 3059 |
| 30. | Pick 401203/RT | Identification Denial | Identification Denial | 2956 |
| 31. | Schaefer, Alice 300594/GO | IAD Same Name | Identification Denial | 3122 |
| 32. | Schaefer, Edith 300592/NB | IAD Same Name | Identification Denial | 3123 |
| 33. | Schaefer, Richard 300595/HB | IAD Same Name | Identification Denial | 3115 |
| 34. | Schaefer, Werner 300590/NB | IAD Same Name | Identification Denial | 3116 |
| 35. | Schubert, Anna 213565/RT | IAD Same Name | Identification Denial | 2987 |
| 36. | Schubert, Ernst 222013/DE | IAD Same Name | Identification Denial | 3023 |
| 37. | Silbermann 501524/NB | IAD Same Name | Identification Denial | 2978 |

# CLAIMS RESOLUTION TRIBUNAL

| | | | |
|---|---|---|---|
| 38. Skowronek 751803** | IAD Non-Victim | No Match Letter | 10223 |
| 39. Solomon 222335 | IAD Same Name | No Match Letter | 3001 |
| 40. Spiegel *et al.* 773059 | IAD Same Name | No Match Letter | 3067 |
| 41. Steiner 004438/RT* | Identification Denial | Identification Denial | 2829 |
| 42. Strauss *et al.* 206215/RT; 775413/RT | IAD Same Name | Identification Denial | 3113 |
| 43. Szücs 223240/RT | IAD Same Name | Identification Denial | 3060 |
| 44. Tommasini 206566/RT; 214750/RT | IAD Same Name | Identification Denial | 3130 |
| 45. Ullmann 402218/RT | IAD Same Name | Identification Denial | 3011 |
| 46. Weiss 224445/RT*** | Identification Denial | Identification Denial | 1361 |

* Decision on Appeal
** Decision on Remand from Special Master Michael Bradfield
*** Decision on Remand from Special Master Helen B. Junz

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCVI] - ANNEX E*

Pursuant to Article 18 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 28 May 2010 the following Inadmissibility Decisions for approval by the Court:

|    | Claimed Account Owner Name and Claim Number | Inadmissibility Type |
|----|---------------------------------------------|----------------------|
| 1. | Adler *et al.* 789433                       | Same Name            |
| 2. | Maas *et al.* 219952                        | Same Name            |
| 3. | Seeman 213662                               | Same Name            |
| 4. | Tisserand 401499                            | Non-Victim           |