UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                   :

IN RE:                                 :
HOLOCAUST VICTIM ASSETS     :
LITIGATION                       :

                                   :
------------------------------------------------- :
                                   :

                                   :
This Document Relates to:  All Cases     :

                                   :
                                   :
------------------------------------------------------- x

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161,
CV 97-461 and 09-CV-03785-ERK)

**ORDER**

MEMORANDUM & ORDER TERMINATING APPEALS IN
*IN RE ALFONS AND MARIA THORSCH*

KORMAN, J.:

        As provided under the Settlement Agreement, and in accordance with the procedures

established in the December 8, 2000 Memorandum & Order and in the Plan of Allocation and

Distribution of Settlement Proceeds, claimants appeal from the CRT's Certified Denial of Claims

to the Accounts of Alfons and Maria Thorsch.  The facts surrounding the claims are set forth in

the CRT's Certified Denial.

        The claimants originally sought restitution for 29 accounts the account holders had in

Swiss Banks.  Through the diligence of the CRT, documentary evidence has been located which

demonstrates the fate of 27 of 29 of the accounts originally at issue in this case:  rightful

owner(s), Alfons and/or Maria Thorsch, had access to the accounts and use of their proceeds. The claimants do not dispute the CRT's exhaustive research, careful analysis and detailed findings on these 27 accounts. Indeed, claimants acknowledge as much. "Out of the total of 29 accounts and custody accounts identified at various Swiss banks, the CRT in a remarkable effort of historical research could trace back, or at least make very plausible the fate of most of the accounts held by the bank *Bankhaus M. Thorsch & Söhne*, Alfons and Marie Thorsch, or Alfons Thorsch." *See* "Legal Opinion Regarding the CRT Certified Denial In Re [Thorsch Accounts]," Professor Franz-Stefan Meissel, at ¶ 3 (annexed to claimants' appeal of March 18, 2009); *see also id.*, at ¶ 22 (referring to the CRT's "tremendous amount of historical research and subtle retracing of the evidence with regard to the [27 non-disputed] accounts"). What claimants have disputed is the fate of the two remaining accounts. Under the formula the CRT uses to make the calculation, the securities in the accounts would have a current value of a little over $25 million.

After a comparable effort, the CRT has concluded that the available evidence indicates that the proceeds of the remaining two accounts, like the 27 resolved accounts, also were paid to their rightful owners. Unlike the other accounts, however, documentary evidence demonstrating precisely what happened to these accounts is lacking. Because the absence of such evidence is the result of the wholesale destruction of millions of Holocaust-era accounts by the Swiss Banks, the CRT Rules makes special provisions for such cases. Specifically, as applied in hundreds of CRT decisions, the CRT Rules provide that in the absence of documentation and bank records demonstrating the holder of the account received the proceeds of the account, the claimant is afforded the benefit of the doubt and is awarded the account. This presumption is in accord with the fundamental evidentiary principle of spoliation, which permits an adverse inference against the party responsible for the destruction of evidence. *See In re Holocaust Assets Litigation*, 319

F. Supp. 2d 301, 301–32 (E.D.N.Y. 2004) (discussing the principle of spoliation as applied to cases such as this).

I agree with the CRT's analysis of the available evidence and reject the claimants' argument that the presumption provided by the CRT rules can only be rebutted by documentary evidence in a bank's records. Nevertheless the claimants continue to press the argument based on the CRT rules. While I do not find these arguments persuasive, they are not frivolous. Nor do I find frivolous an alternative theory claimants have offered in an effort to fill the evidentiary gaps posed by the lack of records. While it is unclear whether this theory would warrant recovery under the Settlement Agreement, nor is it clear what the precise scope of a recovery (if any) would be, all agree that it is not in the best interests of the class or the claimants to further prolong these proceedings by protracted additional litigation.

Accordingly, an agreement has been reached to settle the claims for the two remaining accounts at a substantial discount of 15 cents on the dollar. This settlement frees significant sums for immediate distribution to other class members, while avoiding unnecessary additional expense and protracted delay in distributing the remaining settlement fund assets to class members.

Therefore, it is hereby ORDERED that in accordance with the terms and conditions of the Stipulation of Settlement, this appeal shall be terminated on consent, and that all claims on the Settlement Fund based upon assets held by Alfons and Maria Thorsch be finally resolved consistently with this order.

It is further ORDERED that for the payment of this Stipulation of Settlement certified and approved by the Court, the Signatories of the Settlement Fund are hereby ordered to

transfer immediately the sum of US $3,757,657.19 from the Settlement Fund to the Swiss Banks

Settlement-Dormant Accounts-Payment Account.


Dated:    Brooklyn, New York
          March 5, 2010


                              SO ORDERED:

                              Edward R. Korman
                              United States District Judge

4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

IN RE HOLOCAUST VICTIM ASSETS
LITIGATION

No. 1:09-CV-03785 (ERK)

Appeal of Certified Denial of Claim Numbers
222480, 222744, and 222749

-----------------------------------------------------------X

## STIPULATION OF SETTLEMENT

WHEREAS the above-captioned proceedings relate to claims made against the settlement fund (the "Settlement Fund") established in In re Holocaust Victim Assets Litigation (No. 96-Civ.-4849 (ERK));

WHEREAS the Court (as defined below) issued the Rules Governing the Claims Resolution Process in the above-referenced proceeding (as amended from time to time), which Rules provide the framework for the Claims Resolution Tribunal (the "CRT") to adjudicate the claims of victims or targets of Nazi persecution or their heirs to deposited assets in Swiss banks arising from the settlement of the above-referenced action;

WHEREAS on August 3, 2001, Claim Numbers 222480, 222744, and 222749 (the "Claims") were filed with the CRT with respect to the assets of Alfons and Marie Thorsch and the *Bankhaus M. Thorsch & Söhne*;

WHEREAS, the Claims included a claim for the value of Custody Account 22738 at the *Kantonalbank Bern* and Custody Account 44865 at the *Zürcher Kantonalbank* (together, the "Custody Accounts"), each of which contained 25-year, 5% *Abrechnungsoblig.* Austrian government bonds (the "Austrian Bonds");

WHEREAS on December 18, 2008, the CRT denied the Claims in their entirety (the "Initial Decision");

WHEREAS Claimant Marie Warburg, acting on behalf of herself and seven other claimants (together, the "Appellants"), timely appealed the Initial Decision under Rule 30 of the CRT Rules to U.S. District Judge Edward Korman of the United States District Court for the Eastern

District of New York (the "Court"), which appeal was limited to the claim for the Custody Accounts and the Austrian Bonds contained therein (the "Appeal");

WHEREAS the Court has received extensive written submissions from Appellants and the CRT with respect to the Appeal and has heard oral argument on the Appeal;

WHEREAS the Court, lead counsel for the beneficiaries of the Settlement Fund ("Class Counsel"), and counsel for Appellants have met to discuss a possible agreed resolution of the issues presented in the Appeal;

WHEREAS a resolution relating to an award as to the Claims has been reached, the terms of which are set forth below ("the Award");

WHEREAS Appellants have carefully considered the Award and have been advised by counsel in doing so, and have determined that acceptance of the Award in full and final satisfaction of their Claims is in their best interest;

WHEREAS Class Counsel and the Court have reviewed the Award and have determined that the Award is a just and fair resolution of the Appeal;

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the undersigned agree as follows, and the Court hereby enters the following Award in full and final resolution of the Appeal and the Claims:

1. <u>Award</u>. The Appellants shall receive an Award from the Settlement Fund of **US$3,757,657.19**, which represents 15% of the value of the Austrian Bonds after applying the CRT's standard multiplier (12.5).

2. <u>Release</u>. Upon Appellants' receipt of the Award, Appellants fully, finally, and forever release, relinquish, waive, and discharge any and all claims they may have with respect to the Settlement Fund and the above-referenced action.

Dated: February 24, 2010

_Marie M. Warburg_
Dr. Marie Warburg
Appellant

Dated: _____

_____
Mr. Burt Neuborne
Class Counsel

4

Dated: *March 3, 2010*

The Honorable Judge Korman
United States District Court for the
Eastern District of New York