**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 3 0 2010 ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------- X

IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

------------------------------------------------- 

This Document Relates to: All Cases

------------------------------------------------- X

:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

**MEMORANDUM & ORDER**

## MEMORANDUM & ORDER APPROVING CRT SET 16: 37 SUMMARY DENIALS TO APPEALS AS CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL PURSUANT TO ARTICLE 30 OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 and December 14, 2006 Memoranda & Orders and in the Plan of Allocation and Distribution of Settlement Proceeds, the Claims Resolution Tribunal (the "CRT") is hereby requesting the Court's approval of the CRT's sixteenth set of appeal decisions consisting of 37 Summary Denials based upon Appeals submitted to the CRT. This set includes 9 Summary Denials to Appeals of "No Match" decisions listed in Annex A, 26 Summary Denials to Appeals of Certified Award Denials listed in Annex B, and 1 Summary Denial to an Appeal of a "No Match" decision upon Request for Reconsideration and 1 Summary Denial to an Appeal of a Certified Denial upon Request for Reconsideration listed in Annex C to this Order.

Under Article 30 of the Rules Governing the Claims Resolution Process, as amended (the "Rules"), an appeal must be based upon a plausible suggestion of error regarding the conclusions reached by the CRT. Any appeals submitted without a plausible suggestion of error shall be

summarily denied. At my direction, the CRT has analyzed the information provided in each of the Appeals.

In "No Match" decisions, Claimants are informed that the CRT did not find an account belonging to their relatives in the Account History Database, which comprises approximately 36,000 accounts that probably or possibly belonged to Victims of Nazi Persecution. In many of the appeals to "No Match" decisions addressed in this set, Appellants stated that their relatives' names were spelled slightly differently than the way they were spelled in the original "No Match" decision, or that their relatives' maiden names were not listed in the original decision. However, as noted in both the summary denial and in the original "No Match" decisions, the CRT uses advanced name matching systems and computer programs and considers variations of names, including maiden names or other name variations provided in claim forms and name variations provided by Yad Vashem, The Holocaust Martyrs' and Heroes' Remembrance Authority, in Jerusalem, Israel, to ensure that all possible name matches are identified. Other Appellants requested that new, additional names now be added to their claims. Again, as detailed in the original "No Match" decision, additional names can no longer be added during the appeal process. In other cases, Appellants submitted additional documents that did not change the substance of the original "No Match" decision. Other Appellants stated that certain relatives' names were omitted in the original "No Match" decisions. In those cases, however, the Appellants filed more than one claim and these names were treated in separate decisions. Therefore, none of the types of cases outlined here raised a plausible suggestion of error.

In the Certified Award Denials whose Appeals are addressed in this set, the CRT determined that, although the Claimants' relatives may have had the same or similar names as the account owners, the actual account owners were different persons. The CRT makes such determinations based upon a close comparison of the information provided by the Claimants about their relatives in their claim forms with the information contained in the bank's records about the actual owners of the

account. In many of the appeals to the Certified Award Denials addressed in this set, Appellants have provided additional biographical information about their relatives. However, none of this information raises a plausible suggestion of error.

At my direction and upon careful consideration, the CRT has concluded that none of the Appellants has raised a plausible suggestion of error in the CRT's findings. Accordingly, the CRT recommends that these Appeals be summarily denied.

I have reviewed the CRT's analyses and I concur with the CRT's recommendations. Therefore, it is

ORDERED that the 37 Appeals to the claims listed in Annex A, B and C shall be summarily denied and the relevant Appellants so informed.

It is further ordered that the CRT shall provide the Court with the name and address of every Appellant whose appeal is herewith summarily denied, which information shall be filed with the Court under seal.

Brooklyn, New York
Dated:    July 3\, 2010                              SO ORDERED:

                                                     s/Edward R. Korman
                                                     _____
                                                     Edward R. Korman
                                                     United States District Judge