D-7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
IN RE: : Case No. CV 96-4849 (ERK)(MDG)
HOLOCAUST VICTIM ASSETS : (Consolidated with CV 96-5161
LITIGATION : and CV 97-461)
:
------------------------------------------------------------- : **MEMORANDUM & ORDER**
: FILED
This Document Relates to: All Cases : IN CLERK'S OFFICE
: US DISTRICT COURT E.D.N.Y.
:
------------------------------------------------------------- X ★ SEP 30 2010 ★

KORMAN, Chief Judge.                              BROOKLYN OFFICE

     I am in receipt of the July 23, 2010 memorandum from CRT Special Master Michael Bradfield entitled "Status of Appeals Process." The memorandum, attached hereto and incorporated by reference herewith, explains that as of that date, 1,851 appeals had been filed in connection with CRT decisions issued as part of the Deposited Assets Class claims process under the Settlement Agreement and Plan of Allocation and Distribution of Settlement Proceeds.

     A total of 1815 appeals have been definitively addressed in the appeals process. In 1712 of these cases, the Appellants did not meet the requirements of the late claims Order of December 31, 2004, Article 30(3) of the [CRT] Rules, which, in its amended form as of December 2006, requires the submission of a plausible suggestion of error, or their claim was not admissible in the Claims Resolution Process. The 103 remaining cases were "definitively addressed either by decision of the Court, a withdrawal of appeal, the resolution of the issues by the parties themselves, or a remand of the case to the CRT."

     Pursuant to Fed. R. Civ. P. Rule 53 ("Special Masters") and in accordance with class action principles as well as my discretionary authority to supervise the administration of the Settlement Agreement and the Plan of Allocation and Distribution of Settlement Proceeds, I have

WAI-2942531v1

authorized Special Master Bradfield to act on the Court's behalf in analyzing Deposited Assets Class appeals. Special Master Bradfield consults with me directly in connection with particular appeals, and also seeks my approval of policy determinations affecting the appeals process as a whole.

On February 22, 2007, I signed an Order that adopted CRT Special Master Michael Bradfield's appellate recommendations for 626 appeals resolved prior to his memo dated January 19, 2007. On December 13, 2009, I signed an Order that adopted CRT Special Master Michael Bradfield's appellate recommendations for 1,039 appeals resolved prior to his memo dated November 17, 2009 (the "November 2009 Appeals Status Memorandum").

In view of Special Master Bradfield's careful examination of the record before the CRT, and my review of the the 47 appellate recommendations issued subsequent to the November 2009 Appeals Status Memorandum, it is hereby

ORDERED that Special Master Bradfield's 47 appellate recommendations issued subsequent to the November 2009 Appeals Status Memorandum, as more fully described in his memorandum of July 23, 2010, are adopted in their entirety.

Brooklyn, New York
July **\_\_**, 2010

SO ORDERED:

s/Edward R. Korman
Edward R. Korman
United States District Judge

Michael Bradfield
Special Master
Holocaust Victim Assets Litigation
Case No. CV 96-4849
51 Louisiana Avenue, N.W.
Washington, D.C. 20001

## MEMORANDUM

**To:** Judge Korman

**From:** Michael Bradfield

**Date:** July 23, 2010

**Subject:** **Status of Appeals Process**

---

We currently have 36 appeals pending resolution, from a total of 1851 appeals received by my office. The 36 appeals that have not yet been definitively addressed involve the six general categories as follows: 1 No Match Letter Appeal; 7 Third Party Challenge Appeals; 4 Amount Appeals; 17 Denial Appeals; and 7 Division Appeals.

Accordingly, a total of 1815 appeals have now been definitively addressed. In 1712 of these resolved cases, the Appellants did not meet the requirements of either the Late Claims Order of December 31, 2004 or Article 30(3) of the Rules, or their claim was not admissible in the Claims Resolution Process. In 103 cases, the appeals were definitively addressed either by decision of the Court, a withdrawal of appeal, the resolution of the issues by the parties themselves, or remand of the case to the CRT.

With respect to the 1712 resolved cases described above, on February 22, 2007 you signed an Order that adopted my appellate recommendations for 626 appeals resolved prior to my status memorandum dated January 19, 2007. On December 13, 2009, you signed an Order that adopted my appellate recommendations for 1,039 appeals resolved prior to my status memorandum dated November 17, 2009 (the "November 2009 Appeals Status Memorandum"). I am now requesting that you issue an Order that adopts my appellate recommendations for 47 appeals resolved since the November 2009 Appeals Status Memorandum. I am enclosing a notebook with all 47 decisions.

I have attached to this memo a draft Order adopting my appellate recommendations issued from November 18, 2009 to July 23, 2010.