FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 30 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------

IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

-------------------------------------------------------

This Document Relates to: All Cases

-------------------------------------------------------X

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

MEMORANDUM & ORDER

## MEMORANDUM & ORDER APPROVING SET 198: 2 AWARDS, 2 AWARDS UPON REQUEST FOR RECONSIDERATION, 17 AWARD DENIALS AND 11 AWARD DENIALS UPON REQUEST FOR RECONSIDERATION CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL PURSUANT TO ARTICLE 31(2) OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS AND AUTHORIZING PAYMENT FROM THE SETTLEMENT FUND

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, the Claims Resolution Tribunal (the "CRT") is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules, of 2 certified Awards listed in Annex A, 2 certified Awards upon Request for Reconsideration listed in Annex B, 17 certified Award Denials listed in Annex C, and 11 Award Denials upon Request for Reconsideration listed in Annex D, and the resources to pay these Awards and Awards upon Request for Reconsideration through funds to be deposited in the Swiss Banks Settlement-Dormant Accounts-Payment Account from the Settlement Fund. The total amount of these 2 Awards and 2 Awards upon Request for Reconsideration is US $871,821.45 (SF 889,257.88 converted at a rate of 1.02 Swiss Francs per U.S. Dollar).

This submission includes 2 Awards, *In re Cohen et al.* and *In re Glück*. This submission also includes 2 Awards upon Request for Reconsideration, *In re Balint* and *In re*

*Mandl*. In *Balint*, the claimant was informed in October 2007 that the CRT was unable to locate any accounts belonging to his relatives. Subsequently, in a letter dated 17 December 2007, the claimant's representative requested reconsideration of the October 2007 decision and stated that the claimant had previously submitted documents showing that his relative Leopold Balint owned a Holocaust-era Swiss bank account. In support of his request, the claimant's representative also submitted additional documents and information. The decision in this set addresses these documents submitted by the claimant and his representative. In *Mandl*, the claimant was issued a Certified Denial on 8 August 2006 to the accounts of Josef Mandl. In that decision, the CRT concluded that although the claimant's relative's name matched the published name of the account owner, the actual account owner was a different person. In a letter dated 14 January 2009, the claimant requested reconsideration of the August 2006 Denial. The claimant asserted that, although her relative was not the same person as the published account owner, her relative did hold Holocaust-era accounts at a Swiss bank. In support of the request for reconsideration, the claimant submitted records pertaining to Josef Mandl available from the Austrian State Archive. This Award upon Request for Reconsideration addresses accounts held by Josef Mandl identified in those records.

This set also includes one Denial Decision upon Request for Reconsideration that rescinds a previous Award made to the claimant in that case in October 2008, as well as 11 Award Denials issued to that claimant. The claimant in this case submitted a request for reconsideration regarding one of the denial decisions he received. With his request for reconsideration, the claimant informed the CRT that his relatives were not Jewish and submitted documentation showing that none of his family members were Jewish, as he had asserted in his original claims. Based upon this information, the decision in this set concludes that the claimant's claims are inadmissible, because his family members were not

Victims or Targets of Nazi persecution, as defined by the Settlement Agreement. Accordingly, the CRT respectfully requests that the 1 Award and 11 Award Denials previously approved to this claimant be rescinded. The decision in this set also notes that, prior to receiving payment for the October 2008 Award, the claimant signed an acknowledgment form which explicitly stated that: "I attest that the information provided in support of my claim is true, complete, and made to the best of my knowledge. I am aware that false information may lead to action for the return of any payment made and further legal action." Given that the information provided in the Claimant's claims to the account that was awarded regarding his family's victim status was not true or complete, the decision in this set directs the claimant to return the payment made to him for the October 2008 Award and for the Plausible Undocumented Award issued to him in 2006. To this end, the decision *In re Muller* (Tab 8) will be forwarded to the Office of Special Master Michael Bradfield, who is asked to contact this claimant with instructions regarding the return of funds.

With this one hundred and ninety-eighth set, a total of 2,919 Awards for 4,632 accounts totaling US $501,818,665.51[1] will have been made to date to Victims or Targets of Nazi Persecution making up the Deposited Assets Class under CRT-II alone for documented claims, with the average Award amounting to US $149,063.32.[2] An additional 207 accounts, with a value of US $18,184,492.00, were awarded as accounts that had belonged to Victims of Nazi Persecution under CRT I, which took place from 1997 through 2000. As the Court is aware, in an Order dated 16 June 2010, the Court authorized another US $100 million for

---

[1] This amount includes the payments of decisions on appeal issued by Special Masters Michael Bradfield and Helen B. Junz totaling US $7,349,162.01. The total US dollar amount, number of approved decisions, and number of accounts have been adjusted to account for the rescission of the decisions *In re Muller*, as provided in this Order. The total US dollar amount also reflects the partial return of funds from three claimants following decisions by Special Master Bradfield, and payment of US $3,757,657.19 pursuant to an agreement approved by the Court on 5 March 2010 in *In re Alfons and Maria Thorsch*.

[2] In calculating the average value of CRT-II awards, the Set 75 award, the two Set 110 awards, the Award *In re Löw* and combination Award and Award Amendment *In re Ungar* in Set 192, and the payment in *In re Alfons and Maria Thorsch* were excluded because their size made them outliers that would have skewed the result. The calculation further excludes appeal awards in the amount of US $4,500,173.97 in which the earlier award was not rescinded. On the other hand, the calculation includes appeal awards issued upon reversals of denials as recommended by Special Masters Bradfield and Junz and issued by the CRT.

adjustments to documented claims based upon an increase in certain presumptive values. Of this amount, US $48,223,905.24 has been approved for distribution to date. Additional payments will be authorized and distributed as processed.

In addition, the Court has authorized Plausible Undocumented Awards (PUAs), for US $5,000 each, to those with claims which are plausible but for which no documentation exists. The total number of PUAs issued to date is 12,567, minus 284 full and partial deductions, for a total of US $61,475,087.58. In addition, the Order of 16 June 2010 authorized additional payments of $2,250 each to those who already have received PUAs, for a total of approximately US $27.7 million. Thus, a total of US $89,175,087.58 has been authorized for PUAs.

To date, then, a total of US $709,178,245.09 has been authorized for distribution to the Deposited Assets Class from the Settlement Fund, consisting of US $501,818,665.51 million for CRT-II, US $18,184,492.00 for CRT-I, US $100 million for presumptive value increases; and US $89,175,087.58 for PUAs (including increases authorized on 16 June 2010).

This submission includes 1 Award to 1 Primary Claimant who previously received a Plausible Undocumented Award ("PUA") and a subsequent PUA Increase, as detailed in Annex E to this Order. Each recipient was made aware at the time the PUA was awarded that, in the event the CRT located a Swiss Bank account or accounts to which he/she was entitled, the PUA amount already received would be deducted from any future award(s) that may be made in connection with such account(s). Therefore, the amount requested for transfer to the Swiss Banks Settlement-Dormant Accounts - Payment Account equals the award amount of US $871,821.45 for the 2 Awards and 2 Awards upon Request for Reconsideration referred to above, less US $7,250.00 for previous PUA payments. Thus the total requested for this Set is US $864,571.45.

Of the 17 Award Denials in this set, 2 are based upon the CRT's determination that the claimant was not able to identify his or her relative as the account owner; in 5 cases the CRT determined that the account owner closed the account and received the proceeds him/herself; in 5 cases the CRT determined that the claimant was not entitled to the account owner's account; in 2 cases the CRT determined that the evidence submitted by the claimant was insufficient to support the existence of a bank account belonging to the claimant's relative; in 1 case the CRT determined that the claimant's relative was not a Victim of Nazi Persecution, as defined by the Settlement Agreement; in 1 case the CRT concluded that the account owner closed the account and received the proceeds him/herself and, with regard to evidence submitted by that claimant, that this evidence was insufficient to support the existence of a bank account belonging to the claimed account owner, and in 1 case the CRT concluded that the claimant was not able to identify his or her relative as the account owner and, with regard to evidence submitted by that claimant, that this evidence was insufficient to support the existence of a bank account belonging to the claimed account owner.

The 4 Requests for Reconsideration based upon Identification Denials resulted in 1 Entitlement Denial upon Request for Reconsideration; 1 Disposition Denial upon Request for Reconsideration; 1 Insufficient Evidence Denial upon Request for Reconsideration; and 1 Inadmissibility Denial upon Request for Reconsideration. The 6 Requests for Reconsideration based upon No Match Decisions resulted in 2 Disposition Denials upon Request for Reconsideration and 4 Insufficient Evidence Denials upon Request for Reconsideration. The 1 Request for Reconsideration based upon a Disposition Denial resulted in an Insufficient Evidence Denial upon Request for Reconsideration. In that case, the claimant also appealed the CRT's interpretation of documents addressed in the original disposition denial. This appeal is summarily denied in the decision in this set. Thus, the 11 decisions based upon Requests for Reconsideration resulted in a total of 3 Disposition

Denials; 1 Entitlement Denial; 6 Insufficient Evidence Denials (one with accompanying summary denial); and 1 Inadmissibility Denial.

With this one hundred and ninety-eighth set, a total of 6,618 Certified Denials to 13,476 accounts will have been approved under CRT II. In 6,018 of these 6,618 Denials, the CRT determined that the claimant was not able to identify his or her relative as the account owner; in 151 cases the CRT determined that the account owner closed the account and received the proceeds him/herself; in 58 cases the CRT determined that the claimant was not entitled to the account owner's account; in 22 cases the CRT determined that the evidence submitted by the claimant was insufficient to support the existence of a bank account belonging to the claimant's relative; in 3 cases the CRT determined that the claimant's relative was not a Victim of Nazi Persecution, as defined by the Settlement Agreement; in 2 cases the CRT concluded that the account owner closed the account and received the proceeds him/herself and, with regard to evidence submitted by that claimant, that this evidence was insufficient to support the existence of a bank account belonging to the claimed account owner; in 1 case the claimant was not able to identify his or her relative as the account owner and, with regard to evidence submitted by that claimant, that this evidence was insufficient to support the existence of a bank account belonging to the claimed account owner; in 1 case the CRT determined that the evidence which was submitted by claimant in his request for reconsideration was insufficient to support the existence of a bank account belonging to the claimed account owner; and in 362 cases the CRT was not able to make definitive determinations as to the plausibility of the matches given the large number of competing matches to the same account and therefore concluded that no award was appropriate.

As set forth in the Awards and as required by Article 31(3) of the Rules, the Certified Awards shall be paid in full by the Special Masters after approval of such Awards by the Court. Therefore, it is hereby

ORDERED that the decisions *In re Muller* as submitted with Sets 143, 144,167, 169, 177 and 185, which were approved on 14 September 2007, 23 June 2008, 4 August 2008, 16 October 2008 and 11 March 2009 are hereby rescinded;

ORDERED that the attached 2 Awards and 2 Awards upon Request for Reconsideration are hereby approved for payment pursuant to Article 31(2) of the Rules;

ORDERED that for the payment of these 2 Awards and 2 Awards upon Request for Reconsideration certified by the CRT and approved by the Court, less US $7,250.00 to reflect one payment and one increase payment previously made in the form of a PUA, the Signatories of the Settlement Fund are hereby ordered to transfer immediately US $864,571.45 from the Settlement Fund to the Swiss Banks Settlement-Dormant Accounts-Payment Account;

It is further ordered that the Special Masters shall provide the Court with the name and address of every class member receiving an Award, or an Award upon Request for Reconsideration, or an Award Denial, or an Award Denial upon Request for Reconsideration which information shall be filed with the Court under seal.

I will issue additional orders approving Awards certified by the CRT and transferring further sums from the Settlement Fund as the CRT certifies them to this Court.

Dated: Brooklyn, New York
September 17, 2010

SO ORDERED·

s/Edward R. Korman
_____
Edward R. Korman
United States District Judge

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCVIII] - ANNEX A*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 17 September 2010 the following Awards for approval by the Court and payment by the Special Masters:

| Account Owner Last Name and Claim Number | Award Amount (SF) |
|---|---|
| 1. Cohen *et al.* 222483; 222486; 222487; 222488; 222754; 222759* | 239,751.63 |
| 2. Glück 219000/HS | 49,375.00 |
| **TOTAL** | **289,126.63** |
| Total amount in US Dollars[3] | $ 283,457.48 |

*Reviewed by Special Master Junz

---

[3] Exchange rate as of 17 September 2010 of 1.02 Swiss Francs per U.S. Dollar.

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCVIII] - ANNEX B*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 17 September 2010 the following Awards upon Request for Reconsideration for approval by the Court:

| Claimed Account Owner Last Name and Claim Number | Original Decision Type | Appeal Number | Award Amount (SF) |
|---|---|---|---|
| 1. Balint 221089/WT | No Match Letter | 1946 | 377,062.50 |
| 2. Mandl 401794/WT; 401800/WT | Identification Denial | 3327 | 223,068.75 |
| | TOTAL | | 600,131.25 |
| | Total amount in US Dollars[4] | | $ 588,363.97 |

---

[4] Exchange rate as of 17 September 2010 of 1.02 Swiss Francs per U.S. Dollar.

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCVIII] - ANNEX C*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 17 September 2010 the following Award Denials for approval by the Court:

| Account Owner Last Name and Claim Number | Denial Type |
|---|---|
| 1. Dreifus 751877/WT | Disposition |
| 2. Dwelaitzky 210909/MC | Inadmissibility |
| 3. Feigenbaum 600888/MC | Disposition |
| 4. Gabor 300491/MC; 754107/MC; 754487/MC; 773679/MC | Insufficient Evidence |
| 5. Königstein 206733/MC; 501821/MC; 501835/MC | Entitlement |
| 6. Kronstein 501870/MC | Entitlement |
| 7. Leicht *et al.* 207369/MC; 219398/MC | Entitlement |
| 8. Levy, Fritz 217496/WT; 402246/WT | Disposition |
| 9. Loew, Ernst 500554/MC | Entitlement |
| 10. Minh *et al.* 735920/MC; 735947/MC | Disposition / Insufficient Evidence |
| 11. Reiss 205665/MC | Identification / Insufficient Evidence |
| 12. Rosenzweig 004556/MC; 005395/MC | Identification |
| 13. Rubin 501772/HS; 501773/HS | Disposition |
| 14. *Schenker & Co. Internationale Speditions AG* 752554/BW | Entitlement |
| 15. Stern, Julius 401473/HS | Identification |
| 16. Walter 401936/WT | Disposition |
| 17. Zemanek 208362/MC; 209103/MC; 209141/MC; 720064/MC; 720065/MC | Insufficient Evidence |

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCVIII] - ANNEX D*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 17 September 2010 the following Awards Denials on Request for Reconsideration for approval by the Court:

|  | Claimed Account Owner Name and Claim Number | Original Decision Type | Decision Type upon Reconsideration | Appeal Number |
|---|---|---|---|---|
| 1. | Bömchis 220699/MC; 601326/MC; 706047/MC | No Match Letter | Insufficient Evidence | 10232 |
| 2. | Gottlieb *et al.* 501148/HS | No Match Letter | Insufficient Evidence | 2738 |
| 3. | Kary 600826/MC | Disposition | Summary Denial / Insufficient Evidence | 1446; 3341 |
| 4. | Knepel 300734/WT | No Match Letter | Disposition | 10260 |
| 5. | Kowarski 722800/MC | No Match Letter | Insufficient Evidence | 1844 |
| 6. | Levi, Fausto *et al.* 600219/HS | No Match Letter | Insufficient Evidence | 10243 |
| 7. | Levy, Paul 220524/MC; 300165/MC | Identification Denial | Entitlement | 2948 |
| 8. | Muller 401628/BW; 401632/BW; 401634/BW; 401639/BW; 401643/BW; 401645/BW; 401649/BW; 401650/BW; 401654/BW; 401679/BW; 401685/BW; 401691/BW; 401696/BW; 401701/BW; 401705/BW | Identification Denial | Inadmissibility | 1912; 1913; 1914; 1915; 1916; 1917; 3151; 3152; 3153 |
| 9. | Silberberg 212025/MC | No Match Letter | Disposition Denial | 10259 |
| 10. | Sommerich 401037/WT; 401041/WT | Identification Denial | Disposition Denial | 10107 |
| 11. | Weiss, Emil 214946/MC | Identification Denial | Insufficient Evidence | 10137 |