UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

--------------------------------------------------------

This Document Relates to: All Cases

-------------------------------------------------------- X

Case No. 09-160 (ERK)(JO)

(Consolidated with CV 96-4849,
CV 96-5161 and CV 97-461)

**MEMORANDUM & ORDER**

## MEMORANDUM & ORDER ORDERING THE PRODUCTION OF INFORMATION AND DOCUMENTS IN *IN RE ACCOUNTS OF FANNY HATVANY*

KORMAN, Senior Judge:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Plan of Allocation and Distribution of Settlement Proceeds, the claimants, Thomas and Anthony Sundstrom, through their representatives Edward E. Klein *et al.*, appeal from the May 12, 2006 "No Match" decision recommended by the Claims Resolution Tribunal ("CRT") and approved by this Court, regarding assets (the "claimed assets") belonging to their great-grandmother, Fanny Hatvany. As the claimants and their representatives are aware, the Zurich-based CRT serves as the Court's administrative agency for purposes of analysis of claims to Holocaust-era Swiss bank accounts, and operates under the supervision of the Court and its Special Masters.

In support of their appeal, the claimants submitted documents which they state show Holocaust-era assets held by Fanny Hatvany in an account numbered 637 at the Geneva branch of the French *Banque de Paris et des Pays Bas (Parisbas)*, now *Banque Nationale de Paris et des Pays Bas* ("BNP"). Pursuant to Article 30 of the Court-approved Rules Governing the Claims Resolution Process (as Amended), the CRT is reviewing the documents and reconsidering the original "No Match" decision.

I am advised that in response to an inquiry by the CRT, the claimants' representative stated in a letter dated August 20, 2009 that documents in their possession showed that account 637, renumbered 52637, still existed on December 31, 1980, when it held SF 316,062.85, and that this account was closed unknown to whom sometime in 1981. On August 26, 2009, the CRT requested copies of these documents, as well as other documents regarding the claimed assets. With a letter dated September 14, 2009, the claimants' representative submitted voluminous documentation in support of the claimants' appeal, including several hundred pages of documents in pdf format on a CD. According to the claimants' representative's letter, this CD included any and all documents available to them as of that date, including all documents made available to them by the banks.

In a letter dated September 24, 2010, the CRT informed the claimants' representatives that it had not been able to locate the specific document(s) that supported the existence of account 637 into the 1980s, and asked the claimants' representative to re-submit it (them) to the CRT at their earliest convenience.

In a letter dated October 14, 2010 and transmitted to the CRT per email with hard copy to follow by airmail, the claimants' representatives responded to the CRT's request. The letter noted that enclosed with it was a CD containing any and all documentation provided to the representatives by the banks. The hard copy letter with the CD was received by the CRT on October 25, 2010. I have been advised that the CD contains several hundred pages of new documents that were not included among the voluminous documentation previously submitted to the CRT. I have also been advised that the claimants' representative did not provide any explanation as to the source of these documents and when they were obtained. More specifically, the CRT has advised that while the newly submitted material includes documents regarding the existence of an account numbered 52637, which the claimants state is the claimed account 637 belonging to Fanny

Hatvany renumbered, the submission neither includes any correspondence or other documentation to support this statement, nor the explanatory correspondence that may have accompanied BNP's submission of this documentation.

In his letter of October 14, 2010, the claimants' representative repeated a request for the CRT to provide him with copies of bank records made available to the CRT by one of the Defendant Banks through the process of Voluntary Assistance. The CRT previously responded to this request by noting that the Bank had informed the CRT that the Bank itself had previously made these documents available to the claimants. The CRT has informed me that the Bank stated that these documents were provided to the claimants in a meeting held in June 2007. I have been advised by the CRT that none of these documents were submitted to the CRT either with the material on 14 September 2009 or with the latest materials, or at any other time, by the claimants or their representatives.

The CRT has also informed the Court that among the claimed assets in account 637 were a specified number of securities and approximately 162 kilograms of gold held on deposit in several locations in the United Kingdom ("UK"). These assets had been subject to strict financial controls pursuant to UK Trading with the Enemy legislation. The CRT has advised me that, given these circumstances, claimants may have pursued a claim with the UK's Enemy Property Claims Assessment Panel ("EPCAP") regarding the assets in account 637 that were on deposit in the United Kingdom. The claimants did not provide any information or decisions pertaining to claims they may have filed with EPCAP, or any information about claims they may have filed with other restitution bodies.

In the interest of the CRT's efficient completion of its analysis of this claim and to ensure that the CRT has been provided with all relevant information that may be in the claimants' possession concerning their claim to a Holocaust-era Swiss bank account, it is hereby

ORDERED that on or before November 22, 2010, the claimants and/or their representatives provide an affirmative representation regarding the provenance of the documents submitted on the October 2010 CD, including information about when these documents were obtained and from whom and any explanatory correspondence that may have accompanied this documentation;

ORDERED that on or before November 22, 2010, the claimants and/or their representatives affirm that all documents in their possession relating to the claimed assets have been forwarded to the CRT for consideration;

ORDERED that on or before November 22, 2010 the claimants and/or their representatives either produce all decisions regarding claims submitted to EPCAP or any restitution body regarding the claimed assets, or provide an affirmative representation that no claim was filed with EPCAP or any other restitution body and that no determination was issued by EPCAP or any other restitution body regarding the claimed assets;

ORDERED that the CRT forward to the claimants' representatives copies of the documents previously made available by the Defendant Bank to the claimants' representatives in a meeting held in June 2007.

Dated: Brooklyn, New York
November 5, 2010

SO ORDERED:
s/Edward R. Korman

_____
Edward R. Korman
United States District Judge