UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------- X

IN RE: HOLOCAUST VICTIM ASSETS LITIGATION

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161 and CV 97-461)

This Document Relates to: All Cases

**MEMORANDUM & ORDER**

---------------------------------------------------- X

## MEMORANDUM & ORDER APPROVING SET 199: 5 AWARDS, 5 AWARDS UPON REQUEST FOR RECONSIDERATION, 18 AWARD DENIALS, 4 AWARD DENIALS UPON REQUEST FOR RECONSIDERATION, 1 ADMINISTRATIVE REVISION OF AN AWARD DENIAL AND 1 LETTER CLOSING A CLAIM CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL PURSUANT TO ARTICLE 31(2) OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS AND AUTHORIZING PAYMENT FROM THE SETTLEMENT FUND

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, the Claims Resolution Tribunal (the "CRT") is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules, of 5 certified Awards listed in Annex A, 5 certified Awards upon Request for Reconsideration listed in Annex B, 18 certified Award Denials listed in Annex C, 4 Award Denials upon Request for Reconsideration listed in Annex D, 1 certified Administrative Revision of an Award Denial listed in Annex E, and 1 Letter Closing a Claim listed in Annex F and the resources to pay these Awards and Awards upon Request for Reconsideration through funds to be deposited in the Swiss Banks Settlement-Dormant Accounts-Payment Account from the Settlement Fund. The total amount of these 5 Awards and 5 Awards upon Request for Reconsideration is US $2,228,466.16 (SF 2,139,327.51 converted at a rate of 0.96 Swiss Francs per U.S. Dollar).

The Administrative Revision *In re Baer* (Tab 1, Annex E) included in this set addresses an Award Denial that was approved on 30 August 2010. In a letter dated 10 October 2010, the claimant informed the CRT of a typographical error in the decision, and requested its correction. This Award Denial is not substantively changed by the Administrative Revision, as the typographical error did not affect in any way the outcome of the claim. The corrected version shall be published on the CRT's website upon approval.

This set also includes 1 letter closing a claim *In re Reich et al.* (Tab 1, Annex F). This letter addresses a claim to an account that was treated in CRT-I and published again in 2001 as part of the CRT-II process. In this case, the claimant herself was awarded the claimed account during the CRT-I process.

One decision in this set, *In re Portheim, Victor* (Tab 4, Annex A), consists of both an Award and an Award Amendment. In this case, the original Award, which was approved on 31 March 2005, included one custody account (the "March 2005 Award"). At the time of that award, the bank records available to the CRT did not contain information regarding the value of the awarded custody account. The bank subsequently made available to the CRT additional information, which includes documentation regarding the assets held in the custody account and which show the existence of a demand deposit account not addressed in the March 2005 Award. In this Award and Award Amendment, the CRT adopts and amends its findings set out in the March 2005 Award based upon the additional information made available to it by the bank.

This submission also includes one Award and Award Amendment upon Request for Reconsideration *In re Portheim, Max (Selig)* (Tab 5, Annex B). In this case, the original award, which was approved on 15 November 2007 (the "November 2007 Award"), included

one custody account held by the Estate of Max Portheim. The CRT determined that the claimants plausibly identified Max Portheim as their relative and plausibly demonstrated that his Estate was targeted by the Nazis. Additionally, the CRT determined that it was plausible that heirs of Max Portheim's Estate did not receive the proceeds of the custody account. Subsequently, a representative of one of the awarded claimants requested reconsideration of the November 2007 Award and submitted new documents regarding the value of the custody account and regarding another account held by the Estate. The Award and Award Amendment upon Request for Reconsideration in this set addresses the value of the custody account and the additional account as evidenced in the materials submitted upon request for reconsideration.

This one hundred and ninety-ninth set includes an Award Amendment upon Request for Reconsideration that addresses a claim that was previously denied in the one hundred and ninety-fourth set, which was approved on 12 February 2010 (the "February 2010 Denial"). In that decision, the CRT concluded that the claimant did not identify the account owner as her relative, because she did not provide sufficient information or documentation regarding her relationship to the Account Owner, including documentation linking Claimant's name to that of the Account Owner. The claimant subsequently requested reconsideration of the February 2010 Denial. This Award Amendment upon Request for Reconsideration concludes that the claimant did plausibly identify the account owner as her relative, and addresses this claimant's entitlement to the account. The account at issue was previously awarded to two other unrelated claimants in a decision approved on 29 September 2009. The Award Amendment upon Request for Reconsideration in this set therefore alters the original claimants' share in the award amount. There is no indication that the original claimants were aware that another equally entitled person had filed a claim. Therefore, the Award Amendment upon Request for Reconsideration does not seek outright repayment of the

overpayment from the original claimants. However, the amount of overpayment shall be deducted from any award adjustment that may be forthcoming to them. The CRT requests that the original February 2010 Denial be rescinded.

With this one hundred and ninety-ninth set, a total of 2,928 Awards for 4,647 accounts totaling US $504,042,547.89[1] will have been made to date to Victims or Targets of Nazi Persecution making up the Deposited Assets Class under CRT-II alone for documented claims, with the average Award amounting to US $149,365.18.[2] An additional 207 accounts, with a value of US $18,184,492.00, were awarded as accounts that had belonged to Victims of Nazi Persecution under CRT I, which took place from 1997 through 2000. As the Court is aware, in an Order dated 16 June 2010, the Court authorized another US $100 million for adjustments to documented claims based upon an increase in certain presumptive values. Of this amount, US $77,067,593.85 has been approved for distribution to date. Additional payments will be authorized and distributed as processed.

In addition, the Court has authorized Plausible Undocumented Awards (PUAs), for US $5,000 each, to those with claims which are plausible but for which no documentation exists. The total number of PUAs issued to date is 12,567, minus 285 full and partial deductions, for a total of US $61,464,537.91. In addition, the Order of 16 June 2010 authorized additional payments of $2,250 each to those who already have received PUAs, for a total of approximately US $27.7 million. Thus, a total of US $89,164,537.91 has been authorized for PUAs.

To date, then, a total of US $711,391,577.80 has been authorized for distribution to the Deposited Assets Class from the Settlement Fund, consisting of US $504,042,547.89 for

---

[1] This amount includes the payments of decisions on appeal issued by Special Masters Michael Bradfield and Helen B. Junz totaling US $7,349,162.01.

[2] In calculating the average value of CRT-II awards, the Set 75 award, the two Set 110 awards, the Award *In re Löw* and combination Award and Award Amendment *In re Ungar* in Set 192, and the payment in *In re Alfons and Maria Thorsch* were excluded because their size made them outliers that would have skewed the result. The calculation further excludes appeal awards in the amount of US $4,500,173.97 in which the earlier award was not rescinded. On the other hand, the calculation includes appeal awards issued upon reversals of denials as recommended by Special Masters Bradfield and Junz and issued by the CRT.

CRT-II, US $18,184,492.00 for CRT-I, US $100 million for presumptive value increases; and US $89,164,537.91 for PUAs (including increases authorized on 16 June 2010).

This submission includes 1 Award to 1 Primary Claimant who previously received a Plausible Undocumented Award ("PUA") and a subsequent PUA Increase, as detailed in Annex G to this Order. Each recipient was made aware at the time the PUA was awarded that, in the event the CRT located a Swiss Bank account or accounts to which he/she was entitled, the PUA amount already received would be deducted from any future award(s) that may be made in connection with such account(s). Therefore, the amount requested for transfer to the Swiss Banks Settlement-Dormant Accounts - Payment Account equals the award amount of US $2,228,466.16 for the 5 Awards and 5 Awards upon Request for Reconsideration referred to above, less US $7,250.00 for previous PUA payments. Thus the total requested for this Set is US $2,221,216.16.

Of the 18 Award Denials in this set, 3 are based upon the CRT's determination that the claimant was not able to identify his or her relative as the account owner; in 9 cases the CRT determined that the account owner closed the account and received the proceeds him/herself; in 1 case the CRT determined that the claimant was not entitled to the account owner's account; in 2 cases the CRT determined that the evidence submitted by the claimant was insufficient to support the existence of a bank account belonging to the claimant's relative; in 1 case the CRT determined that the claimant's relative was not a Victim of Nazi Persecution, as defined by the Settlement Agreement; in 1 case the CRT determined that the claimant's relative was not a Victim of Nazi Persecution, as defined by the Settlement Agreement and that the account owner closed the account and received the proceeds herself; and in 1 case the CRT determined that the account owner closed the some of the claimed accounts and received the proceeds him/herself, and that the claimant was not entitled to the remaining claimed accounts.

The 3 Requests for Reconsideration based upon Inadmissibility Decisions resulted in 2 Identification Denials upon Request for Reconsideration and 1 Insufficient Evidence Denial upon Request for Reconsideration. In the latter case, the claimant also appealed the CRT's decision to deem her claim regarding one claimed account owner inadmissible for lack of information or documentation regarding that person and the claimant's relationship to that person. The claimant's appeal regarding this claimed account owner is summarily denied in the decision in this set. The 1 Request for Reconsideration based upon a No Match Decision resulted in an Insufficient Evidence Denial upon Request for Reconsideration. Thus, the 4 decisions based upon Requests for Reconsideration resulted in a total of 2 Identification Denials and 2 Insufficient Evidence Denials (one with accompanying summary denial).

With this one hundred and ninety-ninth set, a total of 6,638 Certified Denials to 13,533 accounts will have been approved under CRT II. In 6,021 of these 6,638 Denials, the CRT determined that the claimant was not able to identify his or her relative as the account owner; in 160 cases the CRT determined that the account owner closed the account and received the proceeds him/herself; in 59 cases the CRT determined that the claimant was not entitled to the account owner's account; in 25 cases the CRT determined that the evidence submitted by the claimant was insufficient to support the existence of a bank account belonging to the claimant's relative; in 4 cases the CRT determined that the claimant's relative was not a Victim of Nazi Persecution, as defined by the Settlement Agreement; in 2 cases the CRT concluded that the account owner closed the account and received the proceeds him/herself and, with regard to evidence submitted by that claimant, that this evidence was insufficient to support the existence of a bank account belonging to the claimed account owner; in 1 case the claimant was not able to identify his or her relative as the

account owner and, with regard to evidence submitted by that claimant, that this evidence was insufficient to support the existence of a bank account belonging to the claimed account owner; in 1 case the CRT concluded that the account owner closed the account and received the proceeds him/herself and the claimant was not entitled to the account owner's account; in 1 case the CRT concluded that the account owner closed the account and received the proceeds him/herself, and with regard to evidence submitted by that claimant, that this evidence was insufficient to support the existence of a bank account belonging to the claimed account owner; in 2 cases the CRT determined that the evidence which was submitted by was insufficient to support the existence of a bank account belonging to the claimed account owner; and in 362 cases the CRT was not able to make definitive determinations as to the plausibility of the matches given the large number of competing matches to the same account and therefore concluded that no award was appropriate.

As set forth in the Awards and as required by Article 31(3) of the Rules, the Certified Awards and Award Amendments shall be paid in full by the Special Masters after approval of such Awards and Award Amendments by the Court. Therefore, it is hereby

ORDERED that the Award Denial *In re Fuchs* as submitted with Set 194, which was approved on 12 February 2010 is hereby rescinded;

ORDERED that the Award Denial *In re Baer* be corrected to reflect the Administrative Revision included in this set;

ORDERED that the 1 letter closing a claim be sent to the relevant claimant and that the respective claim be closed;

ORDERED that the attached 18 Award Denials and 4 Award Denials upon Request for Reconsideration are hereby approved for release to the relevant claimants.

ORDERED that the attached 5 Awards and 5 Awards upon Request for Reconsideration are hereby approved for payment pursuant to Article 31(2) of the Rules;

ORDERED that for the payment of these 5 Awards and 5 Awards upon Request for Reconsideration certified by the CRT and approved by the Court, less US $7,250.00 to reflect one payment and one increase payment previously made in the form of a PUA, the Signatories of the Settlement Fund are hereby ordered to transfer immediately US $2,221,216.16 from the Settlement Fund to the Swiss Banks Settlement-Dormant Accounts-Payment Account;

It is further ordered that the Special Masters shall provide the Court with the name and address of every class member receiving an Award, or an Award upon Request for Reconsideration, or an Award Denial, or an Award Denial upon Request for Reconsideration which information shall be filed with the Court under seal.

I will issue additional orders approving Awards certified by the CRT and transferring further sums from the Settlement Fund as the CRT certifies them to this Court.

Dated: Brooklyn, New York
December 17, 2010

SO ORDERED:

s/Edward R. Korman
Edward R. Korman
United States District Judge

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCIX] - ANNEX A*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 15 December 2010 the following Awards for approval by the Court and payment by the Special Masters:

| Account Owner Last Name and Claim Number | Award Amount (SF) |
|---|---|
| 1. Hecker 215681/WT | 125,000.00 |
| 2. Himly-Rabinovitch 501300/MC; 501306/MC | 98,750.00 |
| 3. May 211276/MC; 211277/MC; 211278/MC | 193,862.50 |
| 4. Portheim, Victor 500665/BW; 500891/BW; 501199/BW* | 913,125.00 |
| 5. Nathan 501539/HS; 221145/HS; 401869/HS; 500576/HS; 500577/HS | 189,250.00 |
| **TOTAL** | 1,519,987.50 |
| Total amount in US Dollars[3] | $ 1,583,320.31 |

*Award and Award Amendment

---

[3] Exchange rate as of 15 December 2010 of 0.96 Swiss Francs per U.S. Dollar.

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCIX] - ANNEX B*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 15 December 2010 the following Awards upon Request for Reconsideration for approval by the Court:

| | Claimed Account Owner Last Name and Claim Number | Original Decision Type | Appeal Number | Award Amount (SF) |
|---|---|---|---|---|
| 1. | Fuchs 004101/MC; 500905/MC; 212131/MC* | Identification Denial | 3317 | 16,458.38 |
| 2. | Gomolinsky 707582/HS; 707989/HS | No Match Decision | 1024 | 162,500.00 |
| 3. | Grün Fuhrmann 300370/WT; 708354/WT | No Match Decision | 1784 | 10,475.00 |
| 4. | Katscher 218919/HS; 219309/HS | No Match Decision | 2610/2640 | 42,250.00 |
| 5. | Portheim, Max (*Selig*) 500664/BW; 500892/BW; 501112/BW; 501199/BW; 501736/BW** | Award | 1931 | 387,656.63 |
| | **TOTAL** | | | 619,340.01 |
| | **Total amount in US Dollars**[4] | | | $ 645,145.85 |

\* Award Amendment upon Request for Reconsideration
\*\*Award and Award Amendment upon Request for Reconsideration

---

[4] Exchange rate as of 15 December 2010 of 0.96 Swiss Francs per U.S. Dollar.

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCIX] - ANNEX C*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 15 December 2010 the following Award Denials for approval by the Court:

| Account Owner Last Name and Claim Number | Denial Type |
|---|---|
| 1. Bernstein 400853/BW | Disposition |
| 2. Bienenfeld 401149/BW; 401186/BW | Disposition |
| 3. Breuer 501724/HS | Disposition |
| 4. *Compagnie Franco-Marocaine d'Huilerie et de Savonnerie* 219448/HS | Disposition |
| 5. Fleischer *et al.* 222724/HS | Insufficient Evidence |
| 6. Gumprich 501874/WT | Entitlement |
| 7. *Lazar Weiss & Co.* 220370/HS; 220373/HS; 220377/HS; 221235/HS; 221236/HS | Inadmissibility |
| 8. Lebenbaum *et al.* 501871/BW | Disposition / Entitlement |
| 9. Lipschütz 501834/WT, 501827/WT | Disposition |
| 10. *Lincoln Menny Oppenheimer Limited* 221712/HS; 221713/HS; 500435/HS | Disposition |
| 11. Pfeifer 218132/MC; 221280/MC; 218216/MC | Identification |
| 12. Schweinburg 220696/MC | Insufficient Evidence |
| 13. Stein 778214/BW | Disposition |
| 14. Tischler 600016/MC | Disposition |
| 15. Ullmann 206531/BW | Inadmissibility / Disposition |
| 16. Weiss, Heinrich 210357/LH; 772209/LH; 211924/LH; 213809/LH | Identification |
| 17. Weiss, Yecheskel Heinrich 001136/LH | Identification |
| 18. Wolff 224259/MC; 401897/MC; 500652/MC | Disposition |

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCIX] - ANNEX D*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 15 December 2010 the following Awards Denials upon Request for Reconsideration for approval by the Court:

|   | Claimed Account Owner Name and Claim Number | Original Decision Type | Decision Type upon Request for Reconsideration | Appeal Number |
|---|---|---|---|---|
| 1. | *Internationale Handelsbank et al.* 402005/WT | Inadmissibility Decision: Same Name | Summary Denial / Insufficient Evidence | 3384, 3385 |
| 2. | Lewy 501140/MC | Inadmissibility Decision: Non-Victim | Identification Denial | 3021 |
| 3. | Löffler 220695; 220696; 220697; 220698* | No Match Letter | Insufficient Evidence | 3184 |
| 4. | Nagel 003258/MC | Inadmissibility Decision: Same Name | Identification Denial | 3129 |

*Substantively reviewed by Special Master Helen B. Junz

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCIX] - ANNEX E*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 15 December 2010 the following Administrative Revision of an Award Denial for approval by the Court:

| Account Owner Last Name and Claim Number |
|---|
| 1. Baer, Albert 212766/MC |

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CXCIX] - ANNEX F*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 15 December 2010 the following Letter Closing a Claim for approval by the Court:

| Account Owner Last Name and Claim Number |
|---|
| 1. Reich *et al.* 214625 |

Deductions for Plausible Undocumented Awards (PUAs) and increases to PUAs previously issued by the Claims Resolution Tribunal:

| Account Owner Last Name and Claim Number | Claimant Name | Amount to be deducted (in US $) |
|---|---|---|
| Hecker 215681/WT | Any Françoise Klein | $ 5,000.00 |
| **Total PUA Deduction Amount in US Dollars** | | **$ 5,000.00** |
| Hecker 215681/WT | Any Françoise Klein | $ 2,250.00 |
| **Total PUA Increase Deduction Amount in US Dollars** | | **$ 2,250.00** |
| **Total PUA Deduction** | | **$ 7,250.00** |
| **Total Set Amount Awarded in US Dollars** | | **$ 2,228,466.16** |
| **Total Net Set Amount (after deduction) in US Dollars** | | **$ 2,221,216.16** |