FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 03 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

**MEMORANDUM & ORDER**

This Document Relates to: All Cases

------------------------------------------------------------X

## MEMORANDUM & ORDER APPROVING SET 13HBJ[1] OF DECISIONS ON APPEAL

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order, in the December 14, 2006 Memorandum & Order, and in the Plan of Allocation and Distribution of Settlement Proceeds, Special Master Helen B. Junz is hereby requesting the Court's approval of the 10 Decisions on Appeal listed in Annex A to this Order. At the direction of the Court, Special Master Junz was not involved in the initial review of the CRT's recommendations in connection with the 10 decisions described herein. Accordingly, the Court determined that it was appropriate for her to review these decisions on appeal and to provide her appellate recommendations to the Court.

Under Article 22(2), the Rules further provide that "[a]n Award may be made of the value of an Account in favor of a Claimant if:

---

[1] This being the thirteenth Set of Appeal Decisions submitted to the Court by Special Master Helen B. Junz.

> a) the Claimant has identified a person with precisely the same name as the Account Owner, or the Claimant has accurately identified a person with substantially the similar name as the Account Owner or a credible pseudonym, and where applicable, has provided a plausible explanation for the difference in names; and
>
> b) the CRT is satisfied that the information provided by the Claimant is consistent with unpublished information in the bank records..."

In 6 of these 10 cases the CRT has determined, and the Special Master has confirmed on appeal, that the Claimant was not able to identify his or her relative as the Account Owner or as the Power of Attorney Holder of record. Accordingly, these appeals are dismissed.

Of the remaining four cases, three involve Certified Awards. The issues raised on Appeal were in one case the assertion that the amount of the award was inadequate and in another, the Appellant was not sure that she was entitled to an Award at all (which consisted of her share of the proceeds of a Multiple Plausible Match ("MPM")). In both cases, the Special Master has confirmed on appeal that the CRT's award determination was correct. In the third case, which involved an MPM Award, *In re the Account of E. Kunz*, the Appellant disagreed with the division of the award and the entitlement of one of the successful Claimants. In this case, the CRT found that the Appellant was not entitled to share in the award as, though he was a relative of the Account Owner, another Claimant was more closely related to that Account Owner. Upon review of the

information submitted by the Appellant in his claim and on appeal, the Special Master found that the Appellant was in fact not related to the Account Owner, so that no entitlement existed. This finding does not alter the outcome of the original Award Decision, which found that the Appellant was not entitled to share in the MPM Award, and the Appeal is dismissed.

The final case relates to a Disposition Denial, where the CRT found that the Account Owner, who was the Appellant's relative, had received the assets in the account himself as that relative resided in Hungary at the time the account was closed and the closure date was before Hungary joined the Axis in 1940. With respect to the Appeal of the Disposition Denial, *In re the Account of Jenö and Geza Gelleri,* the Special Master has determined that, although the domicile of the Appellant's relative was Hungary, the relative also operated a bank and had a residence in Vienna at the time of the *Anschluss*, and thus was subject to persecution on Nazi controlled territory when the account was closed. In this case, the decision of the CRT has been reversed and remanded with instructions to award the account to the Appellant.

In view of the above, it is hereby

ORDERED that the 10 Decisions on Appeal listed in Annex A are hereby approved and shall be distributed to the relevant Claimants by the CRT.

It is further ordered that the Special Master shall provide the Court with the name and address of every Claimant receiving a Decision on Appeal, which information shall be filed with the Court under seal.

So ordered.

s/Edward R. Korman
U.S.D.J.  12/14/10

Special Master Helen B. Junz hereby certifies as of December 8, 2010 the following decisions on appeal for approval by the Court:

| | Appeal Number | Account Owner's Name and Claim Number | Original Decision in Batch | Type | Disposition of the Appeal |
|---|---|---|---|---|---|
| 1. | 1124 | Gelleri, Jenö, 752353, 770949 | 124 | Disposition Denial | Reversed |
| 2. | 1388 | Baruch (Blumenthal), Siegfried, 224297 | 115 | Non Identity Denial | Dismissed |
| 3. | 1477 | Strauss, Moses, 754081 | 133 | Non Identity Denial | Dismissed |
| 4. | 1480 | Nadler, Ida, 220311 | 134 | Non Identity Denial | Dismissed |
| 5. | 1610 | Lazarevitch, Georges, 400240 | 146 | Non Identity Denial | Dismissed |
| 6. | 1719 | Meyer Hellmann, Alexander, 402113, 402115 | 145 | Non Identity Denial | Dismissed |
| 7. | 1854 | Kunz, E., 203071 | 150 | MPM Award to other Claimants; Appellant received an Entitlement Denial | Dismissed* |
| 8. | 2079 | Goldenberg, Zalman, 217823 | 157/NML | Non Identity Denial | Dismissed |
| 9. | 2088 | Steiner, Frieda, 751095 | 152 | Award; Appeal on grounds amount was inadequate | Dismissed |
| 10. | 2961 | Sommer, A., 783529 | 176 | MPM Award; Appellant unsure that she is entitled | Dismissed |

*CRT finding: division of the award excluded Appellant as other Claimant was found to be more entitled; Appeal Decision: Appellant found not to be related to Account Owner, thus no entitlement.