```
                                                                    FILED
                                                              IN CLERK'S OFFICE
                                                           US DISTRICT COURT E.D.N.Y.

                                                           ★   MAR 03 2011   ★
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------- x      BROOKLYN OFFICE
                                                    :      Case No. 09-160 (ERK)(JO)
IN RE: HOLOCAUST VICTIM ASSETS                      :
LITIGATION                                          :      (Consolidated with CV 96-4849,
                                                    :      CV 96-5161 and CV 97-461)
--------------------------------------------------- :
                                                    :
This Document Relates to: All Cases                 :      **MEMORANDUM & ORDER**
                                                    :
                                                    :
--------------------------------------------------- x

## MEMORANDUM & ORDER APPROVING TWO AMENDMENTS TO CERTIFIED ADJUSTMENTS PURSUANT TO ARTICLE 31(2) OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS

KORMAN, Senior Judge:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, and my June 16, 2010 Memorandum and Order Approving Adjustment of Presumptive Values Used in the Claims Resolution Process and Authorizing Additional Payments for Deposited Assets Class Plausible Undocumented Awards, the Claims Resolution Tribunal (the "CRT") is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules, of two Amendments to Certified Adjustments listed in Annex A.

The Adjustment Amendments listed in Annex A have been certified by the CRT in accordance with the presumptive value adjustment amounts set forth in my June 16, 2010 Memorandum & Order (*see* chart, "Article 29 Value Presumptions for Accounts with Unknown or Low Values (1945 Values)"). In one of these cases, the original award, *In re Accounts of Helene Bass*, was approved by this Court on 14 December 2005. The original award amount was divided between two cousins, each of whom is the grandchild of the account owner. After the original award was approved, one of the claimants filed an appeal in which she contested the division of the award

amount and submitted an unbroken chain of wills, beginning with the will of the account owner, to support her claim that she alone was entitled to the full award amount. In a letter dated September 12, 2006, Special Master Michael Bradfield summarily denied the appeal, noting that at the time the award was made, the CRT did not have the unbroken chain of wills that indicated that she was the sole heir. He noted that, based upon the facts that were then before the CRT, it determined that both she and her cousin were entitled to the proceeds of the claimed accounts. Special Master Bradfield also noted that, "...if an unbroken chain of wills had been available to the CRT at the time the Award was made, it would have distributed the Award according to the provisions of the wills."

Subsequently, and pursuant to this Court's Order dated June 16, 2010, the original award amount of this award was adjusted in a Certified Adjustment that I approved on February 2, 2011. The original Certified Adjustment did not take into consideration the provisions of the wills submitted on appeal. The Adjustment Amendment listed in Annex A amends the division of the Adjustment amount in accordance with the will of the account owner and her subsequent heirs.

In the other case in this submission, the original award, *In re Accounts of Max Beer, Maria Beer, Othmar Beer and Else Horst*, was approved on 29 September 2009 in the amount of 487,500.00 Swiss Francs ("SF"). The original award amount was awarded to a claimant who identified account owner Max Beer as his paternal grandmother's cousin, account owner Maria Beer as Max Beer's wife, and account owner Othmar Beer as their son. The other timely claims to these accounts were disconfirmed. After the original award was approved, the CRT was contacted on January 29, 2010 by another person who identified Othmar Beer as his paternal grandfather and Max and Maria Beer as Othmar's parents and his great-grandparents. This person did not file a timely claim to these accounts, but appealed the award as a third party. In letters dated February 17, 2010 and May 14, 2010, the CRT informed this person that if he had submitted a timely claim to these accounts, the awarded claimant, who is more distantly related to Max, Maria and Othmar Beer, would not have been entitled to the award amount, and that he, as the direct descendant of Max and

Maria Beer and Othmar Beer, would have been entitled to the entire award amount. He was also informed that he would have been entitled to the full amount of any adjustment of the September 2009 Award amount that might be forthcoming. This person was sent a copy of the acknowledgment form that was signed by the awarded claimant, which explicitly states: "[i]n consideration of the payment, I undertake and agree that in the event that one or more other heirs of the account owner, known or unknown, entitled under Article 23 of the Rules Governing the Claims Resolution Process, as amended, (the "Rules") make(s) a claim to this account or accounts, or otherwise seek(s) payment or compensation therewith, I shall share the payment with, or in the event that pursuant to the principles of distribution in Article 23 I am so required, I shall transfer the payment to, such other entitled heir(s), in the absence of another mutually agreed basis, irrespective as to whether the heir(s) was/were identified in the information provided to the CRT." The awarded claimant was copied on these letters.

On December 23, 2010, I approved the original Certified Adjustment in this case, which totals SF 293,625.00. Consistent with the original award, the Adjustment amount was awarded to the original awarded claimant. To date, however, this amount has not been paid to him.

The third party appellant has since contacted the CRT and this Court on separate occasions, stating that the awarded claimant "refuses to adhere to the written agreement," and has thus not honored the acknowledgment form he signed. In such cases, the CRT generally informs third party appellants that, because they did not submit a timely claim prior to the original award, neither the Court nor the CRT will reach a decision regarding the ultimate distribution of the award and award adjustment amounts. In this case, however, given that the awarded claimant has refused to honor the original acknowledgment form; that the awarded claimant already received SF 487,500.00; and given that the adjustment amount has not yet been paid, the CRT recommends amending the Certified Adjustment to recognize the third party appellant's stronger entitlement to these assets. The Adjustment Amendment listed in Annex A therefore amends the division of the Adjustment amount

in accordance with the CRT's General Rule on Distribution and awards the entire Adjustment amount to the third party appellant.

Since the two Amendments only affect the division of the adjustment amount, no new funds are requested.

Therefore, it is hereby

ORDERED that the attached Adjustment Amendments are hereby approved for release to the relevant claimants pursuant to Article 31(2) of the Rules;

It is further ordered that the Special Masters shall provide the Court with the name and address of every class member receiving an Adjustment which information shall be filed with the Court under seal.

I will issue additional orders approving Adjustments certified by the CRT and transferring further sums from the Settlement Fund as the CRT certifies them to this Court.

Dated: Brooklyn, New York
February 2, 2011

SO ORDERED:
s/Edward R. Korman
Edward R. Korman
United States District Judge