UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- X
IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

--------------------------------------------------

This Document Relates to: All Cases

MEMORANDUM & ORDER

-------------------------------------------------- X

## MEMORANDUM & ORDER APPROVING 1 AWARD CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL PURSUANT TO ARTICLE 31(2) OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS AND AUTHORIZING PAYMENT FROM THE SETTLEMENT FUND

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, the Claims Resolution Tribunal (the "CRT") is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules, of 1 certified Award listed in Annex A and the resources to pay this Award through funds to be deposited in the Swiss Banks Settlement-Dormant Accounts-Payment Account from the Settlement Fund. The total amount of this Award is US $186,781.61 (SF 162,500.00 converted at a rate of 0.87 Swiss Francs per U.S. Dollar).

The account at issue in this Award was originally awarded to a different claimant, unrelated to the Claimants in the current Award. In the previous Award, which I approved on 28 January 2002 (the "January 2002 Award"), the CRT determined that this other claimant had plausibly identified the owner of the account at issue as his relative based upon the information then before the CRT. Although one of the Claimants in the current Award, G███ C███, filed a timely claim with the CRT in which she identified the Account Owner and the Power of Attorney Holder as her relatives, this information was not available for consideration at the time of the January 2002 Award. Following

publication of the January 2002 Award, the other Claimant in the current Award, Liselott Cohen, submitted an appeal to the January 2002 Award, asserting that the January 2002 Award was made in error. Claimant L[redacted] C[redacted] also filed several timely claims with the CRT. In none of those timely claims, however, did she identify the owner of the account at issue as her relative.

In an Order dated 30 April 2007, Claimant L[redacted] C[redacted]'s appeal to the January 2002 Award was denied because it failed to meet the criteria for consideration for an Award in the appeals process as a late claim to an awarded account. As background, the original deadline of 31 August 2001 for filing Deposited Assets claims was extended several times by Orders of this Court. In the last Order on late claims, dated 30 December 2004, I extended the deadline to file claims to 31 December 2004. In extending the claim filing deadline, I explicitly excluded claims to accounts that have been previously awarded. Such late claims to awarded accounts were to be treated in the appeals process, provided the claims satisfied three criteria: (1) the late claimant is the Account Owner, the Account Owner's spouse or the Account Owner's child; (2) the late claimant provides an unusually compelling reason for failing to comply with the filing deadlines; and (3) the late claimant demonstrates by clear and convincing evidence that the account was awarded erroneously. In this case, because Claimant L[redacted] C[redacted] was neither the Account Owner, the Account Owner's spouse, nor the Account Owner's child, the Order of 30 December 2004 barred further consideration of her appeal. Claimant L[redacted] C[redacted] and her representatives subsequently contacted the CRT and this Court on several occasions asserting her family's entitlement to the claimed account.

In light of the information submitted by Claimant Gerda Cohen in her timely claim and by Claimant L[redacted] C[redacted] in her appeal, the CRT was able to determine that the awarded claimant in the January 2002 Award was not, in fact, related to the owner of the account at issue. Accordingly, on 24 March 2011, I approved the withdrawal of the January 2002 Award. Because it was determined that the claimant who received the January 2002 Award acted in good faith, no repayment was sought from that claimant.

Pursuant to the withdrawal of the January 2002 Award, and given the information before the CRT that Claimant Liselott Cohen is the cousin of Claimant Gerda Cohen, who submitted a timely claim identifying the Account Owner and the Power of Attorney Holder as her relatives, the CRT recommends including Claimant Liselott Cohen, along with Claimant Gerda Cohen, in this Award.

Claimant Gerda Cohen previously received a Plausible Undocumented Award ("PUA") and a subsequent PUA Increase, as detailed in Annex B to this Order. Each recipient was made aware at the time the PUA was awarded that, in the event the CRT located a Swiss Bank account or accounts to which he/she was entitled, the PUA amount already received would be deducted from any future award(s) that may be made in connection with such account(s). Therefore, the amount requested for transfer to the Swiss Banks Settlement-Dormant Accounts - Payment Account equals the award amount of US $186,781.61 for the 1 Award, less US $7,250.00 for the previous PUA payment. Thus the total requested is US $179,531.61.

As set forth in the Awards and as required by Article 31(3) of the Rules, the Certified Award shall be paid in full by the Special Masters after approval of such Award by the Court. Therefore, it is hereby

ORDERED that the attached Award is hereby approved for payment pursuant to Article 31(2) of the Rules;

ORDERED that for the payment of this Award certified by the CRT and approved by the Court, less US $7,250.00 to reflect one payment and one increase payment previously made in the form of a PUA, the Signatories of the Settlement Fund are hereby ordered to transfer immediately US $179,531.61 from the Settlement Fund to the Swiss Banks Settlement-Dormant Accounts-Payment Account;

It is further ordered that the Special Masters shall provide the Court with the name and address of every class member addressed in this Award, which information shall be filed with the Court under seal.

I will issue additional orders approving Awards certified by the CRT and transferring further sums from the Settlement Fund as the CRT certifies them to this Court.

Dated: Brooklyn, New York
April __, 2011

SO ORDERED:
s/Edward R. Korman
Edward R. Korman
United States District Judge

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH LEIPZIGER] - ANNEX A*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of __ April 2011 the following Awards for approval by the Court and payment by the Special Masters:

| Account Owner Last Name and Claim Number | | Award Amount (SF) |
|---|---|---:|
| 1. | Leipziger 201298/HS; 500367/HS* | 162,500.00 |
| | **TOTAL** | **162,500.00** |
| | **Total amount in US Dollars[1]** | **$186,781.61** |

* Late claim

---

[1] Exchange rate as of 28 April 2011 of 0.87 Swiss Francs per U.S. Dollar.