UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------- X
:
IN RE: HOLOCAUST VICTIM ASSETS        : Case No. CV 96-4849 (ERK)(MDG)
LITIGATION                            : (Consolidated with CV 96-5161
                                      : and CV 97-461)
-----------------------------------------------------  :
                                      : MEMORANDUM & ORDER
This Document Relates to: All Cases   :
                                      :
                                      :
-----------------------------------------------------  :
                                      X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 2 6 2011 ★
BROOKLYN OFFICE

## MEMORANDUM & ORDER APPROVING EIGHTEENTH SET OF PLAUSIBLE UNDOCUMENTED AWARDS AND CORRESPONDING PLAUSIBLE UNDOCUMENTED AWARD INCREASES CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL (SWISS DEPOSITED ASSETS PROGRAM) PURSUANT TO ARTICLE 31(2) OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS AND AUTHORIZING PAYMENT FROM THE SETTLEMENT FUND

KORMAN, J.:

On August 9, 2000, I approved the Settlement Agreement between the parties and expressly retained jurisdiction over "the implementation of the settlement and distributions to plaintiff class members" as well as "the disposition of the settlement fund and escrow fund."

As set forth in the Special Master's February 15, 2006 Letter and in my Order of February 17, 2006, the Rules Governing the Claims Resolution Process, as amended, (the "Rules") address the CRT's responsibility for making awards with respect to accounts not identified during the investigation of the Independent Committee of Eminent Persons ("ICEP" or "Volcker Committee" Investigation). Article 22(3) of the Rules permits the CRT to "make an Award in a case in which the Claimant plausibly establishes a right to an Account that falls within the CRT's jurisdiction but which, for whatever reasons, was not identified during the ICEP Investigation and therefore cannot be subject to Matching and/or Research."

By letter dated April 12, 2011, the Special Master has submitted for my approval an eighteenth group of Plausible Undocumented Awards ("PUA"), consisting of 26 proposed awards and their corresponding increases recommended for payment by the Swiss Deposited Assets Program (SDAP) of the CRT. In my Memorandum and Order of June 16, 2010 I authorized a 45% increase in payments to members of the Deposited Assets Class who had received Plausible Undocumented Awards, thereby increasing each PUA payment by $2,250, from the original sum of $5,000 for a total of $7,250 per award.

For all of the reasons set forth in the Special Master's February 15, 2006 and April 12, 2011 Letters and in my Orders of February 17, 2006, and June 16, 2010 it is hereby

ORDERED that the attached 26 Plausible Undocumented Awards and corresponding PUA Increases are hereby approved for payment pursuant to Article 31(2) of the Rules. It is further

ORDERED that for the payment of these 26 Plausible Undocumented Awards and corresponding PUA Increases certified by the CRT through its SDAP program and approved by the Court, the Signatories of the Settlement Fund are hereby directed to transfer immediately US$ 188,500.00 from the Settlement Fund to the Swiss Banks Settlement-Dormant Accounts-Payment Account. It is further

ORDERED that the CRT and/or SDAP shall provide the Court with the name and address of every class member receiving an Award, which information shall be filed with the Court under seal.

I will issue additional orders approving additional Awards certified by the CRT and/or SDAP and transferring further sums from the Settlement Fund as the awards are certified to the Court.

Dated: Brooklyn, New York
April 30, 2011

SO ORDERED:
s/Edward R. Korman
───────────────────────
Edward R. Korman
United States District Judge