FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 26 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

---------------------------------------------------------

This Document Relates to: All Cases

---------------------------------------------------------X

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

MEMORANDUM & ORDER

## MEMORANDUM & ORDER APPROVING SET 200: 8 AWARDS, 6 AWARDS UPON REQUEST FOR RECONSIDERATION OR REMAND, 6 AWARD DENIALS, 3 AWARD DENIALS UPON APPEAL OR REQUEST FOR RECONSIDERATION, AND 6 AWARD WITHDRAWALS CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL PURSUANT TO ARTICLE 31(2) OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS AND AUTHORIZING PAYMENT FROM THE SETTLEMENT FUND

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, the Claims Resolution Tribunal (the "CRT") is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules, of 8 certified Awards listed in Annex A, 6 certified Awards upon Request for Reconsideration or Remand listed in Annex B, 6 certified Award Denials listed in Annex C, 3 Award Denials upon Appeal or Request for Reconsideration listed in Annex D, and 6 Award Withdrawals listed in Annex E and the resources to pay these Awards and Awards on Request for Reconsideration or Remand through funds to be deposited in the Swiss Banks Settlement-Dormant Accounts-Payment Account from the Settlement Fund.[1] The total amount of these 8 Awards and 6 Awards upon Request for Reconsideration or

---

[1] This two hundredth set contains three Awards, *In re Atias, In re Gelleri* and *In re Schindler*, that are based upon decisions that were appealed and subsequently remanded to the CRT by Special Master Helen Junz.

Remand is US $3,763,133.62 (SF 3,386,820.26 converted at a rate of 0.90 Swiss Francs per U.S. Dollar).

Two Awards in this two hundredth set are based in part on claims that were received past the claim filing deadline. This Court in its discretion has decided to accept certain claims received past the claim filing deadline but prior to 1 January 2009, namely those where a set of exceptional circumstances is demonstrated. Such a set would include, but not be limited to, the following: (1) the claimant has proven with certainty that the account owner is his/her relative or that he/she is otherwise entitled to the account; (2) the account has not previously been awarded to another claimant; (3) the claimant is disabled or of advanced age; and (4) there are no other timely claims to the account filed by those with an equal or closer degree of relationship to the account owner. These Awards are *In re Bondi et al.* (Tab 2, Annex A) and *In re Strakosch-Feldringen* (Tab 7 Annex A). In these cases, all the circumstances listed in (1) through (4) obtain.

This set includes 6 Award Withdrawals. In these cases, the CRT received additional information about the account owners after the original Awards were issued. Based upon this additional information, the CRT now concludes that the claimants did not identify the account owners as their relatives, and that the original Awards were therefore inappropriate. No repayments from the claimants are sought. However, the overpayment amount shall be deducted from any decision that may be forthcoming to these claimants.

One decision in this set, *In re Leser et al.* (Tab 5, Annex A), consists of both an Award and an Award Amendment. In this case, the original Award, which was approved on 12 January 2005, included nine accounts (the "January 2005 Award"). At the time of that award, the bank records available to the CRT did not contain information regarding the value

of the securities of one the awarded custody account. The bank subsequently made available to the CRT additional information, which includes documentation regarding the assets held in the custody account and which show the existence of two additional custody accounts and a demand deposit account not addressed in the January 2005 Award. In this Award and Award Amendment, the CRT adopts and amends its findings set out in the January 2005 Award based upon the additional information made available to it by the bank.

With this two hundredth set, a total of 2,935 Awards for 4,654 accounts totaling US $506,925,551.51[2] will have been made to date to Victims or Targets of Nazi Persecution making up the Deposited Assets Class under CRT-II alone for documented claims, with the average Award amounting to US $149,992.29.[3] An additional 207 accounts, with a value of US $18,184,492.00, were awarded as accounts that had belonged to Victims of Nazi Persecution under CRT I, which took place from 1997 through 2000. As the Court is aware, in an Order dated 16 June 2010, the Court authorized another US $100 million for adjustments to documented claims based upon an increase in certain presumptive values. Of this amount, US $93,958,516.44 has been approved for distribution to date. Additional payments will be authorized and distributed as processed.

In addition, the Court has authorized Plausible Undocumented Awards (PUAs), for US $5,000 each, to those with claims which are plausible but for which no documentation exists. The total number of PUAs issued to date is 12,567, minus 293 full and partial deductions, for a total of US $61,411,037.91. In addition, the Order of 16 June 2010 authorized additional payments of $2,250 each to those who already have received PUAs, for

---

[2] This amount includes the payments of decisions on appeal issued by Special Master Michael Bradfield totaling US $7,299,288.27. The total US dollar amount, number of approved decisions, and number of accounts have been adjusted to account for the 6 Award Withdrawals, as provided in this Order.

[3] In calculating the average values, the batch 75 award ($21,860,325.09), two batch 110 awards ($15,688,718.34 and $9,610,660.66), the Award *In re Löw* ($12,030,605.95), and the award and award amendment *In re Ungar* in set 192 were excluded because their size would have skewed the results. The average values further exclude payments of decisions on appeal totaling US $4,500,173.97 in which the earlier award was not rescinded, and the payment pursuant to an agreement approved by the Court on March 5, 2010 in *In re Alfons and Maria Thorsch* ($3,757,657.19). On the other hand, the calculation includes several appeal awards issued upon reversals of earlier decisions as recommended by Specials Masters Bradfield and Junz and issued by the CRT.

a total of approximately US $27.7 million. Thus, a total of US $89,111,037.91 has been authorized for PUAs.

To date, then, a total of US $714,221,081.42 has been authorized for distribution to the Deposited Assets Class from the Settlement Fund, consisting of US $506,925,551.51 for CRT-II, US $18,184,492.00 for CRT-I, US $100 million for presumptive value increases; and US $89,111,037.91 for PUAs (including increases authorized on 16 June 2010).

This submission includes 6 Awards to 6 Primary Claimants who previously received a Plausible Undocumented Award ("PUA") and a subsequent PUA Increase, as detailed in Annex F to this Order. Each recipient was made aware at the time the PUA was awarded that, in the event the CRT located a Swiss Bank account or accounts to which he/she was entitled, the PUA amount already received would be deducted from any future award(s) that may be made in connection with such account(s). Therefore, the amount requested for transfer to the Swiss Banks Settlement-Dormant Accounts - Payment Account equals the award amount of US $3,763,133.62 for the 8 Awards and 6 Awards upon Request for Reconsideration or Remand referred to above, less US $43,500.00 for previous PUA payments. Thus the total requested for this Set is US $3,719,633.62.

Of the 6 Award Denials in this set, 2 are based upon the CRT's determination that the claimant was not able to identify his or her relative as the account owner and in 4 cases the CRT determined that the account owner closed the account and received the proceeds him/herself.

One Request for Reconsideration based upon a No Match Decision resulted in 1 Insufficient Evidence Denial upon Request for Reconsideration. In one decision; *In re Friedheim et al.* (Tab 2, Annex D), the Claimant appealed the No Match Decision approved by the Court on 10 February 2008 and requested its reconsideration. The

claimant's appeal is summarily denied and the request for reconsideration resulted in an Insufficient Evidence Denial upon Appeal and Request for Reconsideration. The Request for Reconsideration based upon an Identification Denial resulted in an Inadmissibility Decision upon Request for Reconsideration. Thus, the 3 decisions based upon Appeal and Requests for Reconsideration resulted in a total of 2 Insufficient Evidence Denials (one with accompanying summary denial) and in 1 Inadmissibility Decision.

With this two hundredth set, a total of 6,645 Certified Denials to 13,569 accounts will have been approved under CRT II. In 6,022 of these 6,645 Denials, the CRT determined that the claimant was not able to identify his or her relative as the account owner; in 163 cases the CRT determined that the account owner closed the account and received the proceeds him/herself; in 59 cases the CRT determined that the claimant was not entitled to the account owner's account; in 26 cases the CRT determined that the evidence submitted by the claimant was insufficient to support the existence of a bank account belonging to the claimant's relative; in 5 cases the CRT determined that the claimant's relative was not a Victim of Nazi Persecution, as defined by the Settlement Agreement; in 2 cases the CRT concluded that the account owner closed the account and received the proceeds him/herself and, with regard to evidence submitted by that claimant, that this evidence was insufficient to support the existence of a bank account belonging to the claimed account owner; in 1 case the claimant was not able to identify his or her relative as the account owner and, with regard to evidence submitted by that claimant, that this evidence was insufficient to support the existence of a bank account belonging to the claimed account owner; in 1 case the CRT determined that the claimant's relative was not a Victim of Nazi Persecutions, as defined by the Settlement Agreement, and that, in any case, the account owner closed the account and received the proceeds him/herself; in 1 case the CRT concluded that the account owner

closed the account and received the proceeds him/herself and the claimant was not entitled to the account owner's account; in 3 cases the CRT determined that the evidence which was submitted by claimant in his request for reconsideration was insufficient to support the existence of a bank account belonging to the claimed account owner; and in 362 cases the CRT was not able to make definitive determinations as to the plausibility of the matches given the large number of competing matches to the same account and therefore concluded that no award was appropriate.

As set forth in the Awards and as required by Article 31(3) of the Rules, the Certified Awards and Award Amendments shall be paid in full by the Special Masters after approval of such Awards and Award Amendments by the Court. Therefore, it is hereby

ORDERED that the 6 Award Withdrawals are hereby approved for correction of the record with regard to the original Awards;

ORDERED that the attached 6 Award Denials and 3 Award Denials upon Appeal or Request for Reconsideration are hereby approved for release to the relevant claimants.

ORDERED that the attached 8 Awards and 6 Awards upon Request for Reconsideration or Remand are hereby approved for payment pursuant to Article 31(2) of the Rules;

ORDERED that for the payment of these 8 Awards and 6 Awards upon Request for Reconsideration or Remand certified by the CRT and approved by the Court, less US $43,500.00 to reflect six payments and six increase payments previously made in the form of a PUA, the Signatories of the Settlement Fund are hereby ordered to transfer immediately US $3,719,633.62 from the Settlement Fund to the Swiss Banks Settlement-Dormant Accounts-Payment Account;

It is further ordered that the Special Masters shall provide the Court with the name and address of every class member receiving an Award, or an Award upon Request for

Reconsideration or Remand, or an Award Denial, or an Award Denial upon Appeal or Request for Reconsideration which information shall be filed with the Court under seal.

I will issue additional orders approving Awards certified by the CRT and transferring further sums from the Settlement Fund as the CRT certifies them to this Court.

Dated: Brooklyn, New York
March 24, 2011

SO-ORDERED:
s/Edward R. Korman
Edward R. Korman
United States District Judge

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CC] - ANNEX A*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 17 March 2011 the following Awards for approval by the Court and payment by the Special Masters:

| Account Owner Last Name and Claim Number | Award Amount (SF) |
|---|---:|
| 1. Bloch 217544/HS; 217545/HS; 217758/HS; 219911/HS | 26,750.00 |
| 2. Bondi *et al.* 221204/HS; 221205/HS; 221369/HS; 501812/HS** | 189,250.00 |
| 3. Klopfer 787857/BW | 379,327.01 |
| 4. Koref 401940/BW; 787013/BW | 69,187.50 |
| 5. Leser *et al.* 212142/BW; 212143/BW; 212144/BW; 212145/BW; 501077/BW* | 853,988.25 |
| 6. Scholem-Sussmann 751112/HS | 183,637.50 |
| 7. Strakosch-Feldringen 402231/WT; 402232/WT; 402233/WT** | 178,605.00 |
| 8. Wechsler 709798/MC | 187,450.00 |
| TOTAL | 2,068,195.26 |
| Total amount in US Dollars[4] | $ 2,297,994.73 |

*Award and Award Amendment
** Late claim

---

[4] Exchange rate as of 17 March 2011 of 0.90 Swiss Francs per U.S. Dollar.

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CC] - ANNEX B*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 17 March 2011 the following Awards on Appeal, Remand or Request for Reconsideration for approval by the Court:

| | Claimed Account Owner Last Name and Claim Number | Original Decision Type | Appeal Number | Award Amount (SF) |
|---|---|---|---|---|
| 1. | Atias 213143/HS* | No Match Letter | 3058 | 62,500.00 |
| 2. | Bauer 600767/HS | No Match Letter | 10253/3405 | 178,000.00 |
| 3. | Gelleri 752353/HS; 770949/HS* | Disposition Denial | 1124 | 49,375.00 |
| 4. | Gumprich 501874/WT | Entitlement Denial | 3399 | 162,500.00 |
| 5. | Haase 216928/HS | No Match Letter | 10242 | 650,250.00 |
| 6. | Schindler 402179/HS* | Identification Denial | 1220 | 216,000.00 |
| | **TOTAL** | | | **1,318,625.00** |
| | **Total amount in US Dollars[5]** | | | **$1,465,138.89** |

*Decision on Remand from Special Master Helen B. Junz

---

[5] Exchange rate as of 17 March 2011 of 0.90 Swiss Francs per U.S. Dollar.

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CC] - ANNEX C*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 17 March 2011 the following Award Denials for approval by the Court:

| Account Owner Last Name and Claim Number | | Denial Type |
|---|---|---|
| 1. | Brunner 224269/MC; 850075/MC | Disposition |
| 2. | Dan 783678/HS | Disposition |
| 3. | Esrig 224262/MC | Disposition |
| 4. | Kauffmann 217829/HS | Identification Denial |
| 5. | Muller 400635/HS | Identification Denial |
| 6. | Weil 210912/BW; 210933/BW; 210939/BW | Disposition |

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CC] - ANNEX D*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 17 March 2011 the following Awards Denials upon Request for Reconsideration for approval by the Court:

|    | Claimed Account Owner Name and Claim Number | Original Decision Type | Decision Type upon Request for Reconsideration | Appeal Number |
|----|---------------------------------------------|------------------------|-----------------------------------------------|---------------|
| 1. | Didisheim 401582/BW | Identification Denial | Inadmissibility | 3048 |
| 2. | Friedheim *et al.* 708875/MC | No Match Letter | Summary Denial / Insufficient Evidence | 2580/3410 |
| 3. | Kornbaum 707165/MC; 751848/MC | No Match Letter | Insufficient Evidence | 1624 |

# CLAIMS RESOLUTION TRIBUNAL

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 17 March 2011 the following Award Withdrawals for approval by the Court:

| Account Owner Last Name and Claim Number | | Original Award Amount (SF) |
|---|---|---:|
| 1. | Bittmann 208203 | 181,680.00 |
| 2. | Gross 204838 | 181,680.00 |
| 3. | Leipziger 215640 | 149,500.00 |
| 4. | Loewenthal 222276 | 216,000.00 |
| 5. | Petersen 217899 | 181,680.00 |
| 6. | Reichbach 217823 | 49,375.00 |
| | **TOTAL to be withdrawn** | **959,915.00** |