FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 27 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

IN RE: HOLOCAUST VICTIM ASSETS
LITIGATION

-----------------------------------------------------

This Document Relates to: All Cases

-----------------------------------------------------X

Case No. CV 96-4849 (ERK)(MDG)
(Consolidated with CV 96-5161
and CV 97-461)

MEMORANDUM & ORDER

## MEMORANDUM & ORDER APPROVING SET 201: 2 AWARDS, 1 AWARD AMENDMENT UPON REQUEST FOR RECONSIDERATION, 1 AWARD DENIAL, 1 AWARD DENIAL UPON APPEAL AND REQUEST FOR RECONSIDERATION, AND 1 LETTER CLOSING A CLAIM CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL PURSUANT TO ARTICLE 31(2) OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS AND AUTHORIZING PAYMENT FROM THE SETTLEMENT FUND

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, the Claims Resolution Tribunal (the "CRT") is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules, of 2 certified Awards listed in Annex A, 1 certified Award Amendment upon Request for Reconsideration listed in Annex B, 1 certified Award Denial listed in Annex C, 1 Award Denial upon Appeal and Request for Reconsideration listed in Annex D, and 1 Letter Closing a Claim listed in Annex E and the resources to pay these Awards through funds to be deposited in the Swiss Banks Settlement-Dormant Accounts-Payment Account from the Settlement Fund. The total amount of these 2 Awards and the Award Amendment upon Request for Reconsideration is US $661,800.60 (SF 555,912.50 converted at a rate of 0.84 Swiss Francs per U.S. Dollar).

With this two hundred and first set, a total of 2,938 Awards for 4,659 accounts totaling US $507,774,133.72[1] will have been made to date to Victims or Targets of Nazi Persecution making up the Deposited Assets Class under CRT-II alone for documented claims, with the average Award amounting to US $150,128.19.[2] An additional 207 accounts, with a value of US $18,184,492.00, were awarded as accounts that had belonged to Victims of Nazi Persecution under CRT I, which took place from 1997 through 2000. As the Court is aware, in an Order dated 16 June 2010, the Court authorized another US $100 million for adjustments to documented claims based upon an increase in certain presumptive values. Of this amount, US $95,221,611.50 has been approved for distribution to date. Additional payments will be authorized and distributed as processed.

In addition, the Court has authorized Plausible Undocumented Awards (PUAs), for US $5,000 each, to those with claims which are plausible but for which no documentation exists. The total number of PUAs issued to date is 12,593, minus 295 full and partial deductions, for a total of US $61,526,132.43. In addition, the Order of 16 June 2010 authorized additional payments of $2,250 each to those who already have received PUAs, for a total of approximately US $27,758,500.00. Thus, a total of US $89,284,632.43 has been authorized for PUAs.

To date, then, a total of US $715,243,258.15 has been authorized for distribution to the Deposited Assets Class from the Settlement Fund, consisting of US $507,774,133.72 for CRT-II, US $18,184,492.00 for CRT-I, US $100 million for presumptive value increases; and US $89,284,632.43 for PUAs (including increases authorized on 16 June 2010).

---

[1]This amount includes the payments of decisions on appeal issued by Special Master Michael Bradfield totaling US $7,299,288.27. The total US dollar amount, number of approved decisions, and number of accounts have been adjusted to account for the 6 Award Withdrawals, as provided in this Order.

[2] In calculating the average values, the batch 75 award ($21,860,325.09), two batch 110 awards ($15,688,718.34 and $9,610,660.66), the Award *In re Löw* ($12,030,605.95), and the award and award amendment *In re Ungar* in set 192 were excluded because their size would have skewed the results. The average values further exclude payments of decisions on appeal totaling US $4,500,173.97 in which the earlier award was not rescinded, and the payment pursuant to an agreement approved by the Court on March 5, 2010 in *In re Alfons and Maria Thorsch* ($3,757,657.19). On the other hand, the calculation includes several appeal awards issued upon reversals of earlier decisions as recommended by Specials Masters Bradfield and Junz and issued by the CRT.

This submission includes 1 Award to 1 Primary Claimant who previously received a Plausible Undocumented Award ("PUA") and a subsequent PUA Increase, as detailed in Annex F to this Order. Each recipient was made aware at the time the PUA was awarded that, in the event the CRT located a Swiss Bank account or accounts to which he/she was entitled, the PUA amount already received would be deducted from any future award(s) that may be made in connection with such account(s). Therefore, the amount requested for transfer to the Swiss Banks Settlement-Dormant Accounts - Payment Account equals the award amount of US $661,800.60 for the 2 Awards and 1 Award Amendment upon Request for Reconsideration referred to above, less US $7,250.00 for previous PUA payments. Thus the total requested for this Set is US $654,550.60.

The Award Amendment upon Request for Reconsideration in this set does not award any new funds, but simply re-distributes the original award amount among the claimants based upon new inheritance documents submitted by the claimants after the original award was approved. The Award Denial in this set is based upon the CRT's determination that the account owner closed the account and received the proceeds him/herself.

In the Denial on Appeal and Request for Reconsideration in this set, the claimant appealed an Identification Denial that he previously received and submitted additional information for reconsideration. The decision in this set summarily denies the claimant's appeal and concludes that the new information submitted upon reconsideration is insufficient to warrant an award.

With this two hundred and first set, a total of 6,647 Certified Denials to 13,572 accounts will have been approved under CRT II. In 6,022 of these 6,647 Denials, the CRT determined that the claimant was not able to identify his or her relative as the account owner; in 164 cases the CRT determined that the account owner closed the account and received the proceeds him/herself; in 59 cases the CRT determined that the claimant was not entitled to

the account owner's account; in 26 cases the CRT determined that the evidence submitted by the claimant was insufficient to support the existence of a bank account belonging to the claimant's relative; in 5 cases the CRT determined that the claimant's relative was not a Victim of Nazi Persecution, as defined by the Settlement Agreement; in 2 cases the CRT concluded that the account owner closed the account and received the proceeds him/herself and, with regard to evidence submitted by that claimant, that this evidence was insufficient to support the existence of a bank account belonging to the claimed account owner; in 1 case the claimant was not able to identify his or her relative as the account owner and, with regard to evidence submitted by that claimant, that this evidence was insufficient to support the existence of a bank account belonging to the claimed account owner; in 1 case the CRT determined that the claimant's relative was not a Victim of Nazi Persecutions, as defined by the Settlement Agreement, and that, in any case, the account owner closed the account and received the proceeds him/herself; in 1 case the CRT concluded that the account owner closed the account and received the proceeds him/herself and the claimant was not entitled to the account owner's account; in 4 cases the CRT determined that the evidence which was submitted by claimant in his request for reconsideration was insufficient to support the existence of a bank account belonging to the claimed account owner; and in 362 cases the CRT was not able to make definitive determinations as to the plausibility of the matches given the large number of competing matches to the same account and therefore concluded that no award was appropriate.

This set also includes 1 letter closing a claim *In re Herzfeld* (Annex E). This letter addresses over 130 additional documents submitted in May 2009 by the claimant's attorney in that case. Pursuant to instructions of this Court, the CRT no longer formally accepts new claims or submission of additional materials or information postmarked on or after 1 January

2009. Thus, the CRT did not prepare a formal decision regarding these documents. Nevertheless, the CRT reviewed the documents and determined that, even if their submission had been timely, no award is appropriate. The closing letter details the CRT's review of these documents.

As set forth in the Awards and as required by Article 31(3) of the Rules, the Certified Award shall be paid in full by the Special Masters after approval of such Awards and Award Amendments by the Court. Therefore, it is hereby

ORDERED that the attached Award Denial and Award Denial upon Appeal and Request for Reconsideration are hereby approved for release to the relevant claimants.

ORDERED that the attached Award Amendment upon Request for Reconsideration is hereby approved for release to the relevant claimants.

ORDERED that the attached letter closing claim is hereby approved for release to the relevant claimants.

ORDERED that the attached Awards are hereby approved for payment pursuant to Article 31(2) of the Rules;

ORDERED that for the payment of the Awards certified by the CRT and approved by the Court, less US $7,250.00 to reflect 1 payment and 1 increase payment previously made in the form of a PUA, the Signatories of the Settlement Fund are hereby ordered to transfer immediately US $654,550.60 from the Settlement Fund to the Swiss Banks Settlement-Dormant Accounts-Payment Account;

It is further ordered that the Special Masters shall provide the Court with the name and address of every class member receiving an Award, or an Award Amendment on Request for Reconsideration, or an Award Denial, or an Award Denial upon Appeal and Request for Reconsideration which information shall be filed with the Court under seal.

I will issue additional orders approving Awards certified by the CRT and transferring further sums from the Settlement Fund as the CRT certifies them to this Court.

Dated: Brooklyn, New York
June 6, 2011

SO ORDERED:
s/Edward R. Korman

Edward R. Korman
United States District Judge

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CCI] - ANNEX A*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 2 June 2011 the following Awards for approval by the Court and payment by the Special Masters:

| | Account Owner Last Name and Claim Number | Award Amount (SF) |
|---|---|---:|
| 1. | Fischl *et al.* 216399/HS/MC; 402097/HS/MC; 402100/HS/MC; 776507/HS/MC | 506,537.50 |
| 2. | Friedmann-Frederich 300345/HS; 751732/HS | 49,375.00 |
| | **TOTAL** | **555,912.50** |
| | Total amount in US Dollars[3] | $ 661,800.60 |

---

[3] Exchange rate as of 2 June 2011 of 0.84 Swiss Francs per U.S. Dollar.

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CCI] - ANNEX B*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 2 June 2011 the following Award Amendment upon Request for Reconsideration for approval by the Court:

| | Claimed Account Owner Last Name and Claim Number | Original Decision Type | Appeal Number | Award Amount (SF) |
|---|---|---|---|---|
| 1. | Nathan 221145/HS; 401869/HS; 500576/HS; 500577/HS, 501539/HS | Award | 3411 | 0.00 |
| | TOTAL | | | 0.00 |
| | Total amount in US Dollars[4] | | | $ 0.00 |

---

[4] Exchange rate as of 2 June 2011 of 0.84 Swiss Francs per U.S. Dollar.

# CLAIMS RESOLUTION TRIBUNAL

*[BATCH CCI] - ANNEX C*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 2 June 2011 the following Award Denials for approval by the Court:

| Account Owner Last Name and Claim Number | Denial Type |
|---|---|
| 1. Friedrich 213757/MC | Disposition |

# CLAIMS RESOLUTION TRIBUNAL

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 2 June 2011 the following Award Denial upon Appeal and Request for Reconsideration for approval by the Court:

|   | Claimed Account Owner Name and Claim Number | Original Decision Type | Decision Type upon Request for Reconsideration | Appeal Number |
|---|---|---|---|---|
| 1. | Pfeifer 218132/BW; 218216/BW 221280/BW | Identification Denial | Summary Denial / Insufficient Evidence | 3403/3404 |

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 2 June 2011 the following Letter Closing a Claim for approval by the Court:

| Account Owner Last Name and Claim Number |
|---|
| 1. Herzfeld 220880; 220881 |