FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ APR 1 7 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------- X
:
IN RE: HOLOCAUST VICTIM ASSETS            :
LITIGATION                                :
--------------------------------------------------  :
:
This Document Relates to:  All Cases      :
:
:
:
:
-------------------------------------------------- X

Case No. 09-160 (ERK)(JO)

(Consolidated with CV 96-4849,
CV 96-5161 and CV 97-461)

**MEMORANDUM & ORDER**

<u>**MEMORANDUM & ORDER APPROVING SET 27:  ONE AMENDMENT TO A CERTIFIED ADJUSTMENT CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL PURSUANT TO ARTICLE 31(2) OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS AND AUTHORIZING PAYMENT FROM THE SETTLEMENT FUND**</u>

KORMAN, Judge:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, and my June 16, 2010 Memorandum and Order Approving Adjustment of Presumptive Values Used in the Claims Resolution Process and Authorizing Additional Payments for Deposited Assets Class Plausible Undocumented Awards, the Claims Resolution Tribunal (the "CRT") is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules, of one Amendment to the Certified Adjustment listed in Annex A.

The Adjustment Amendment listed in Annex A has been certified by the CRT in accordance with the presumptive value adjustment amounts set forth in my June 16, 2010 Memorandum & Order (*see* chart, "Article 29 Value Presumptions for Accounts with Unknown or Low Values (1945 Values)").  In this case, the original award, *In re Accounts of Elsa and Paul Friedmann*, was approved on May 20, 2004 and subsequently amended on October 21, 2004, December 30, 2004, and January 19, 2010.  The original award included a total of five accounts:  three custody accounts held by Elsa Friedmann, and one custody account and one demand deposit account held by Paul

Friedmann.   As detailed in the May 2004 Award, no value information regarding two of Elsa Friedmann's custody accounts was available.   However, the values of her third custody account and of Paul Friedmann's custody and demand deposit accounts were included in Elsa Friedmann's 1938 Census declaration.   The May 2004 Award noted that the bank records contained information regarding the value of one of Elsa Friedmann's custody accounts, and that this value was consistent with the value she reported in her asset declaration for that account.   Based upon this information, two of Elsa Friedmann's custody accounts were awarded at presumptive value, and her third custody account, as well as the custody account and demand deposit account held by Paul Friedmann, were awarded at their known values, which were below the Article 29 presumptive account values determined by the ICEP auditors.

In an Order dated 21 October 2004, I approved an amendment to the May 2004 Award, noting that account owners often underreported values in their Census declarations, and ordering that if values reported in declarations were below the presumptive value, absent corroborating evidence (for example, value information contained in records from the bank), such accounts were to be awarded at their presumptive value.   Accordingly, the October 2004 Award Amendment bumped up the value of Paul Friedmann's demand deposit and custody accounts to their presumptive values. The value of Elsa Friedmann's custody account that was awarded at known value was not bumped up, because there was corroborating value evidence in the bank records.   Subsequently, the December 2004 Award Amendment addressed a slight calculation error contained in the October 2004 Award Amendment.

The January 2010 Award Amendment addressed Elsa Friedmann's custody account that was awarded at known value. The previous known value was based upon the market value of three bonds in that account that were of good quality.   According to the CRT Guidelines for the Valuation of Securities (the "Guidelines"), which were adopted after the May 2004 Award was approved, such bonds of good quality are awarded at nominal value, if the market value is below nominal value.   The

January 2010 Award Amendment thus increased the known value of this custody account. The account was still awarded at known value, because the bank records substantially corroborated the known value amount.

Pursuant to my Order dated June 16, 2010, the original award amount of this award was adjusted in a Certified Adjustment that I approved on December 23, 2010. The December 2010 Adjustment addressed Paul Friedmann's custody and demand deposit accounts, which were awarded at their respective presumptive values, and two of Elsa Friedmann's custody accounts -- one that was awarded at known value (as amended by the January 2010 Award Amendment, and that was correctly not bumped up), and one that was awarded at presumptive value. Due to an administrative oversight that was kindly brought to the CRT's attention by the Holocaust Claims Processing Office of the New York State Department of Banking, Elsa Friedmann's second custody account that was awarded at its presumptive value in the May 2004 Award was inadvertently omitted from the December 2010 Adjustment. The Adjustment Amendment listed in Annex A amends the amount of the Adjustment to include the omitted account.

The total amount awarded in this Adjustment Amendment is US $80,888.43.

Therefore, it is hereby

ORDERED that the attached Adjustment Amendment is hereby approved for release to the relevant claimant pursuant to Article 31(2) of the Rules;

ORDERED that the attached Adjustment Amendment is hereby approved for payment pursuant to Article 31(2) of the Rules;

ORDERED that for the payment of this Adjustment Amendment certified by the CRT and approved by the Court, the Signatories of the Settlement Fund are hereby ordered to transfer immediately US $80,888.43 from the Settlement Fund to the Swiss Banks Settlement-Dormant Accounts-Payment Account.

It is further ordered that the Special Masters shall provide the Court with the name and address of every class member receiving an Adjustment which information shall be filed with the Court under seal.

I will issue additional orders approving Adjustments certified by the CRT and transferring further sums from the Settlement Fund as the CRT certifies them to this Court.

Brooklyn, New York
Dated:    April 16, 2012

SO-ORDERED:

s/Edward R. Korman

Edward R. Korman
United States District Judge

# CLAIMS RESOLUTION TRIBUNAL

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 16 April 2012 the following Adjustments for approval by the Court and payment by the Special Masters:

| Account Owner Last Name and Claim Number | Paid Adjustment Amount (CHF) | Paid Adjustment Amount (USD) |
|---|---|---|
| 1. Friedmann, Paul and Elsa  601288, 601473 | 97,875.00 | 80,888.43 |
| TOTAL | **97,875.00** | **80,888.43** |