UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------- x
IN RE: HOLOCAUST VICTIM ASSETS  : Case No. CV 96-4849 (ERK)(MDG)
LITIGATION : (Consolidated with CV 96-5161
: and CV 97-461)
-------------------------------------------------- :
: **MEMORANDUM & ORDER**
This Document Relates to: All Cases :
:
:
-------------------------------------------------- x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 2 4 2012 ★

BROOKLYN OFFICE

### MEMORANDUM & ORDER APPROVING SET 207: 1 AWARD DENIAL CERTIFIED BY THE CLAIMS RESOLUTION TRIBUNAL PURSUANT TO ARTICLE 31(2) OF THE RULES GOVERNING THE CLAIMS RESOLUTION PROCESS

KORMAN, J.:

As provided under the Settlement Agreement, and in accordance with the procedures established in the December 8, 2000 Memorandum & Order and in the Distribution Plan, the Claims Resolution Tribunal ("CRT") is hereby requesting the Court's approval, pursuant to Article 31(2) of the Rules, of 1 certified Award Denial listed in Annex A.

With this two hundred and seventh set, a total of 6,653 Certified Denials to 13,665 accounts will have been approved under CRT II. In 6,024 of these 6,653 Denials, the CRT determined that the claimant was not able to identify his or her relative as the account owner; in 168 cases the CRT determined that the account owner closed the account and received the proceeds him/herself; in 59 cases the CRT determined that the claimant was not entitled to the account owner's account; in 26 cases the CRT determined that the evidence submitted by the claimant was insufficient to support the existence of a bank account belonging to the claimant's relative; in 5 cases the CRT determined that the claimant's relative was not a Victim of Nazi Persecution, as defined by the Settlement Agreement; in 2 cases the CRT concluded that the account owner closed the account and received the proceeds him/herself and, with regard to evidence submitted by that claimant, that this evidence was insufficient to support the existence of a bank account belonging to the claimed account owner; in 1 case the claimant was not able to identify his or her relative as the account owner and, with regard to evidence submitted by that claimant, that this evidence was insufficient to support the existence of a

bank account belonging to the claimed account owner; in 1 case the CRT determined that the claimant's relative was not a Victim of Nazi Persecutions, as defined by the Settlement Agreement, and that, in any case, the account owner closed the account and received the proceeds him/herself; in 1 case the CRT concluded that the account owner closed the account and received the proceeds him/herself and the claimant was not entitled to the account owner's account; in 4 cases the CRT determined that the evidence which was submitted by claimants in their requests for reconsideration was insufficient to support the existence of a bank account belonging to the claimed account owners; and in 362 cases the CRT was not able to make definitive determinations as to the plausibility of the matches given the large number of competing matches to the same account and therefore concluded that no award was appropriate. Therefore, it is hereby

ORDERED that the attached Award Denial is hereby approved for release to the relevant claimant and co-claimant.

It is further ordered that the Special Masters shall provide the Court with the name and address of every class member receiving an Award Denial, which information shall be filed with the Court under seal.

Dated:   Brooklyn, New York
         August 22/2012

SO ORDERED:
s/Edward R. Korman
Edward R. Korman
United States District Judge

# CLAIMS RESOLUTION TRIBUNAL

*[Batch CCVII] -Annex A*

Pursuant to Article 16 of the Rules Governing the Claims Resolution Tribunal, as amended, (the "Rules"), the Claims Resolution Tribunal hereby certifies as of 22 August 2012 the following Award Denial for approval by the Court:

| 1. | Fuchs, Lilly 751185; 771666 | Identification |