# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Tel 202.955.8500
www.gibsondunn.com

F. Joseph Warin
Direct: +1 202.887.3609
Fax: +1 202.530.9608
FWarin@gibsondunn.com
Cm 18300.00248

May 22, 2023

<u>VIA ECF</u>
Hon. Edward R. Korman
United States District Judge
United States Courthouse
Room 918
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *In Re: Holocaust Victims Asset Litigation*, Case No. CV-96-4849

Dear Judge Korman:

As the Court may be aware, an issue has arisen concerning a matter governed by the 1999 Settlement in the captioned litigation, over which this Court retained jurisdiction.[1]  Given the Court's unparalleled familiarity and experience with this litigation, we would welcome the Court's views on how best to approach this matter.

We believe that the appointment of a neutral mediator would be a productive way to address the current situation in a cooperative manner envisioned by the 1999 Settlement.  Former Under Secretary of State and Ambassador Stuart Eizenstat, who has been in contact with the parties, is willing to serve in such a role.  Accordingly, consistent with the Court's continuing jurisdiction over the Settlement and in the interests of justice, we ask the Court to appoint Ambassador Eizenstat to assist the parties in resolving this matter.  Credit Suisse is willing to pay for any part or all of the costs associated with Ambassador Eizenstat's performance of this role, as agreed to by the parties or directed by the Court.  If, for whatever

---

[1] In its August 9, 2000 Final Order and Judgment, this Court retained "*continuing jurisdiction* over . . . all parties to this action and the plaintiff class members for the purpose of enforcing and administering the settlement."  Final Order and Judgment § 6 (emphasis added).  In addition, Section 14 of the Settlement Agreement provides that "[a]s part of the Final Order and Judgment, the Court shall retain jurisdiction for the purpose of . . . enforcing this Settlement Agreement."  Settlement Agreement § 14. *See Hendrickson v. U.S.*, 791 F.3d 354, 358 (2d Cir. 2015); *Tendilla v. 1465 Espresso Bar LLC*, 2021 WL 2209873, at *2–3 (S.D.N.Y. June 1, 2021) (entering judgment against defendant in response to motion to enforce the settlement, where following dismissal the court "retain[ed] jurisdiction over all proceedings solely to enforce the terms of the settlement").  The Court's exercise of jurisdiction without the need for further adversarial proceedings is the best way to achieve the "complete closure and end to confrontation" promised by the 1999 Settlement.

# GIBSON DUNN

reason, any party objects to Ambassador Eizenstat's appointment, we would support the appointment of a mediator agreeable to all parties.

We are available to discuss these matters, if the Court believes such a meeting would be worthwhile.

GIBSON, DUNN & CRUTCHER LLP                    MAYER BROWN LLP

F. Joseph Warin, Esq.                          Marc R. Cohen, Esq.
David Burns, Esq.

cc:     Selendy Gay Elsberg PLLC (counsel to the Simon Wiesenthal Center)
            Faith Gay, Esq., *fgay@selendygay.com*

        Stein Mitchell Beato & Missner LLP (counsel to the Simon Wiesenthal Center)
            Jonathan Missner, Esq., *jmissner@steinmitchell.com*

        Kramer Levin (counsel to Neil Barofsky & Jenner & Block)
            Barry Berke, Esq., *bberke@kramerlevin.com*

        Ira Forman, *iniles1@me.com*