# EXHIBIT 1 TO PLAN OF ALLOCATION

# Class Action Settlement Agreement

This Settlement Agreement ("Settlement Agreement") is made and entered into as of this 26th day of January 1999, by and between Settling Defendants and Settling Plaintiffs.

WHEREAS concerns have been raised about actions and omissions of Settling Defendants and other Releasees before, during, and after the Nazi Regime's rule in Germany relating principally to financial transactions with or affecting Victims or Targets of Nazi Persecution as defined herein;

WHEREAS Plaintiffs commenced the Filed Actions, and specifically alleged, *inter alia*, that Settling Defendants (1) collaborated with the Nazi Regime and participated in a scheme to (a) unlawfully retain class members' accounts deposited prior to and during the Second World War; (b) obtain for deposit, transfer, or exchange, assets looted by the Nazi Regime and its agents; and (c) profit from the use of slave labor, the fruits of which were deposited with Settling Defendants; and (2) concealed the true nature and scope of their conduct during and following the Holocaust all allegations that Settling Defendants dispute;

WHEREAS Settling Defendants believe that they could assert, have asserted, and would prevail in court on, defenses to the claims asserted against them; and Settling Plaintiffs believe to the contrary;

WHEREAS Settling Defendants and other Releasees, in recognition of the legal, moral and material aspects of the concerns referred to above, have initiated and pursued certain ameliorative measures outside the context of any litigation, such as establishing and supporting: (1) the Special Fund for Needy Victims of the Holocaust/Shoah ("Humanitarian Fund"), initiated by Settling Defendants in February 1997 with a voluntary contribution of approximately $70 million to provide humanitarian aid to needy Holocaust survivors; (2) the Independent Committee of Eminent Persons ("ICEP"), chaired by Paul A. Volcker, which was established in 1996 by the Swiss Bankers Association, the World Jewish Congress, and other Jewish organizations to conduct an independent audit of Swiss banks to identify accounts from the World War II era that could possibly belong to victims of Nazi persecution; (3) the Independent Claims Resolution Foundation ("ICRF"), also chaired by Paul A. Volcker, which was established to oversee an objective, impartial, streamlined process for resolving claims to dormant accounts listed in notifications published worldwide by the Swiss Bankers Association; and (4) the Independent Commission of Experts, an independent group of internationally recognized historians chaired by Professor Jean François Bergier, which the Swiss Confederation established in 1996 to examine Switzerland's relationship with Nazi Germany;

WHEREAS Settling Plaintiffs and Settling Defendants commit to support and urge the conclusion of the mandates of the Volcker Committee and the Bergier Commission;

WHEREAS Settling Defendants and Settling Plaintiffs wish to bring about prompt and complete closure with respect to the concerns and allegations referred to in the paragraphs above;

WHEREAS Settling Defendants and Settling Plaintiffs believe and affirm that this Settlement Agreement, in conjunction with the steps initiated by Settling Defendants and other Releasees described above, does and should bring about complete closure with respect to the concerns and allegations described in the paragraphs above, and thereby brings to an end all confrontation between Settling Plaintiffs and Organizational Endorsers on the one hand and Releasees on the other hand;

WHEREAS counsel for Settling Plaintiffs have conducted as thorough an investigation as possible relating to the claims and the underlying events and transactions alleged in Settling Plaintiffs' complaints, having (1) analyzed available information adduced through informal discovery, (2) reviewed relevant public information at the U.S. Archives and other sources, (3) researched the applicable law with respect to the claims of Settling Plaintiffs and defenses of Settling Defendants and other Releasees, and (4) consulted with experts;

WHEREAS Settling Plaintiffs, by their counsel, have conducted arms-length negotiations with Settling Defendants with respect to a compromise and settlement of the Filed Actions and other Claims against Releasees with a view to settling and finally resolving the Settled Claims, and to achieving the best possible relief consistent with the interests of the Settlement Classes;

## 9. NOTICE TO THE SETTLEMENT CLASSES

9.1. Settling Plaintiffs shall develop and submit to the Court for Preliminary Approval a plan for providing, in accordance with Fed. R. Civ. P. 23, notice to the Settlement Classes of the proposed class certification and settlement. Before submitting the plan to the Court, Settling Plaintiffs shall provide the plan to Settling Defendants and shall consider including such revisions to the plan that Settling Defendants may recommend. Any disagreements over the form, content, or method of class notification shall be resolved by the Court.

9.2. Upon Preliminary Approval and as the Court may direct, Settling Plaintiffs or their designee shall cause notice ("Class Notice") of the pendency of the actions consolidated for pre-trial purposes in In re Holocaust Victims Assets, Master Docket CV-96-4849, the settlement embodied herein, the conditional certification of the Settlement Classes, class members' exclusion and objection rights, and the Fairness Hearing to be provided to the members of the Settlement Classes in accordance with the Court-approved notice plan. The Class Notice shall include a reasonably detailed description of the process for developing the allocation and distribution plan under the Special Master's direction.

## 10. SETTLEMENT CLASS MEMBERS' RIGHT OF EXCLUSION

10.1. Any Settlement Class Member who wishes to be excluded from the settlement must submit a written request for exclusion to class counsel or an approved or appointed designee by the date specified in the Class Notice. The Court may, in its discretion, request such persons to describe the nature and amount of any Claims that the requestor may in the future wish to assert. The class counsel or the approved or appointed designee shall provide copies of any exclusion request to the Court, Settling Plaintiffs, and Settling Defendants within five (5) business days of receiving the request.

10.2. Any Settlement Class Member who does not submit an exclusion request meeting the requirements set forth in Section 10.1 by the date specified in the Class Notice will be a Settlement Class Member for all purposes under this Settlement Agreement. Any Settlement Class Member who elects to be excluded from the Settlement Class pursuant to Section 10.1 shall not be entitled to relief under or be affected in any way by this Settlement Agreement.

## 11. SETTLING PLAINTIFFS' OBLIGATIONS

11.1. Settling Plaintiffs endorse this Settlement Agreement as a fair, adequate, and reasonable settlement, and affirm that the Settlement Agreement brings about complete closure and an end to confrontation with respect to the subject matter it covers.

11.2. Settling Plaintiffs shall not make any public statement or take any action that would violate or be inconsistent with this Settlement Agreement, including seeking or approving economic or other sanctions against, or opposing business transactions involving, any Releasee based on Releasees' alleged conduct covered by the Settlement Agreement.

11.3. Settling Plaintiffs shall not call for or support suits or other proceedings asserting Claims against any Releasee.

11.4. Settling Plaintiffs shall instruct their counsel to comply with this Section 11, and any failure by counsel to comply shall be deemed the failure of Settling Plaintiffs to comply.

11.5. In accordance with and subject to Section 5.4, Settling Defendants may seek a Court order terminating or equitably reducing payment of the Settlement Amount if Settling Plaintiffs commit a material breach of this Settlement Agreement, including, without limitation, a breach of any of the provisions of this Section 11.

11.6. Settling Defendants shall not make any public statement or take any action that would violate or be inconsistent with this Settlement Agreement. Settling Defendants shall instruct their counsel to comply with this Section 11.6, and any failure by counsel to do so shall be deemed the failure of Settling Defendants to comply.

## 12. RELEASES AND COVENANT NOT TO SUE

12.1. As of the Settlement Date, Settling Plaintiffs irrevocably and unconditionally release, acquit, and forever discharge Releasees from any and all Claims. This release applies irrespective of whether any Settling Plaintiff receives a distribution from the Settlement Fund. Settling Plaintiffs covenant not to sue Releasees or initiate any form of proceeding seeking redress of any kind for any Claim covered by this Settlement Agreement in any judicial, administrative, or other proceeding anywhere in the world at any time, other than to enforce this Settlement Agreement, and consent to immediate dismissal with prejudice of any proceeding brought in violation of this provision. This release does not apply to Basler Lebens-Versicherungs-Gesellschaft, Zürich Lebensversicherungs-Gesellschaft, or Winterthur Lebensversicherungs Gesellschaft or their subsidiaries in the insurance business, but only to the extent of insurance claims of the type asserted in Cornell, et al. v. Assicurazioni Generali S.p.A., et al., 97 Civ. 2262 (S.D.N.Y.).

12.2. Settling Plaintiffs, in releasing all Unknown Claims, shall waive any and all provisions, rights, and benefits conferred by Section 1542 of the Civil Code of the State of California, or any similar statute, regulation, rule, or principle of law or equity of any other state or applicable jurisdiction, and do so understanding and acknowledging the significance of such waiver. Section 1542 of the Civil Code of the State of California provides that:

A general release does not extend to claims which the credi-

tor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

12.3. Settling Plaintiffs also irrevocably and unconditionally release, acquit, and forever discharge the ICEP, the ICRF, the Claims Resolution Tribunal, and the Secretariat of the Claims Resolution Tribunal, as well as their respective officers, directors, employees, agents, attorneys, and contractors (including, without limitation, the individual arbitrators for the Claims Resolution Tribunal and the audit firms retained by the ICEP, including the audit firms' officers, directors, partners, employees, and agents) (collectively, "ICEP Entities"), including without limitation the ICEP Entities listed on Exhibit C, from any and all liability, claims, causes of action, obligations, damages, costs, and expenses arising out of or in any way associated with the ICEP Entities' activities relating to the investigation of Claims. Settling Plaintiffs covenant not to sue the ICEP Entities or initiate any form of proceeding seeking redress of any kind regarding ICEP activities in any judicial, administrative, or other proceeding anywhere in the world at any time, and consent to immediate dismissal with prejudice of any proceeding brought in violation of this provision.

12.4. At the request of any Releasee, Settling Plaintiffs shall provide a written release to the individual Releasee in the form of Exhibit D hereto. Settling Plaintiffs hereby grant power of attorney to Robert A. Swift to execute the requested release(s) on their behalf and instruct Robert A. Swift to execute each requested release within fifteen (15) business days of receiving the request for the release. Settling Plaintiffs shall appoint a replacement for Robert A. Swift in the event he is unavailable for any reason to carry out the requirements of this Section 12.4, and shall notify Settling Defendants of the replacement within ten (10) business days of appointing the replacement.

12.5. All Releasees themselves hereby irrevocably and unconditionally release, acquit, and forever discharge all persons from any and all claims relating to public statements or writings made before August 12, 1998, critical of the Releasees' conduct with respect to the Claims and/or issues raised in the Filed Actions.

## 13. DISMISSAL OF RELATED CASES

Within five (5) business days of executing this Settlement Agreement, Settling Plaintiffs shall seek to stay without prejudice Markovicova. et al. v. Swiss Bank Corporation. et al., CV-98-2934 (N.D. Cal.) and No. 996160 (Cal. Super. Ct.) ("Markovicova") and Rosenberg, et al. v. Swiss National Bank, No. CV-98-1647 (D.D.C.) ("Rosenberg") (unless Settling Plaintiffs have previously stayed the cases). If the court denies Settling Plaintiffs' request for a stay, or if the court terminates any stay before the Settlement Date, Settling Plaintiffs shall move to dismiss without prejudice Markovicova and Rosenberg within five days of such denial or termination, subject to Settling Defendants' agreement (without waiving any defenses then available, including defenses based on the passage of time) to toll any applicable statutes of limitations from the date of dismissal without prejudice to such date as this Settlement Agreement may terminate. Any statutes of limitations tolled under this Section shall resume running on such date as Settling Plaintiffs become entitled to refile Markovicova and Rosenberg under the terms of this Section. Within fifteen (15) business days after the Settlement Date, Settling Plaintiffs shall file notices dismissing Markovicova and Rosenberg with prejudice.

## 14. COURT'S FINAL ORDER AND DISMISSAL

This Settlement Agreement is subject to and conditioned upon (1) the issuance by the Court following the Fairness Hearing of a Final Order and Judgment granting final approval of this Settlement Agreement in accordance with Fed. R. Civ. P. 23 and dismissing with prejudice the cases consolidated for pre-trial purposes under the caption In re Holocaust Victims Assets, Master Docket CV-96-4849, as well as any other suits pending before the Court asserting Claims that are released pursuant to Section 12 of this Settlement Agreement, and (2) the Final Order and Judgment becoming fully effective on the Settlement Date. As part of the Final Order and Judgment, the Court shall retain jurisdiction for the purpose of overseeing the administration and distribution of the Escrow Fund and the Settlement Fund and for the purpose of enforcing this Settlement Agreement.

## 15. TERMINATION OF THE AGREEMENT

15.1. Settling Plaintiffs and Settling Defendants shall separately have the right to terminate this Settlement Agreement by providing written notice of an intent to do so to counsel for the non-terminating party within twenty (20) days of (1) the Court's declining to grant Preliminary Approval in any material respect and/or declining to enter a preliminary order in a form to be mutually agreed upon by the parties; (2) the Court's refusal to approve this Settlement Agreement or any material part of it; (3) the Court's declining to certify the Settlement Classes as defined in this Settlement Agreement; (4) the Court's declining to enter a Final Order and Judgment in a form to be mutually agreed upon by the parties; or (5) any court modifying or reversing in any material respect the Final Order and Judgment as entered by this Court.

15.2. Prior to entry of the Final Order and Judgment, Settling Defendants shall have the right to terminate this Settlement Agreement if (1) economic sanctions are imposed or threatened against Releasees based on alleged acts or omissions covered by the Settlement Agreement; (2) any Settling Plaintiff named in the Filed Actions disavows this Settlement Agreement or acts in a manner contrary to Section 11 of this Settlement Agreement; (3) any Organizational Endorser

# RELATED AGREEMENT

This Related Agreement ("Related Agreement") is made and entered into as of this ____ day of _____, 1999, by and between Settling Defendants and Settling Plaintiffs in conjunction with the Settlement Agreement that the parties have executed or will execute in settling the consolidated actions known as In re Holocaust Victim Assets, Master Docket CV-96-4849 (E.D.N.Y.) ("Settlement Agreement").

1. Capitalized terms in this Related Agreement shall have the meanings assigned to them in the Settlement Agreement.

2. Settling Plaintiffs shall use their best efforts to obtain the written endorsements of the Agudath Israel World Organization, Alliance Israelite Universelle, the American Gathering/Federation of Jewish Holocaust Survivors, the American Jewish Committee, the American Jewish Congress, the American Jewish Joint Distribution Committee, the Anti-Defamation League, B'nai B'rith International, the Centre of Organizations of Holocaust Survivors in Israel, the Conference of Jewish Material Claims Against Germany, the Council of Jews from Germany, the European Council of Jewish Communities, the Holocaust Educational Trust, the Jewish Agency for Israel, the Simon Weisenthal Center, the World Jewish Congress, and the World Zionist Organization in the form of Exhibit 1 hereto within twenty (20) days after the parties execute the Settlement Agreement.

3. If Settling Plaintiffs obtain the endorsements of all of the organizations listed in paragraph 2 above within the twenty-day period specified, the Settlement Agreement will become effective immediately upon Settling Plaintiffs' written notification to Settling Defendants of this fact. If Settling Plaintiffs fail to obtain the endorsements of all of the organizations listed in paragraph 2 above within the applicable twenty-day period: (a) Settling Defendants at their sole discretion may declare that the Settlement Agreement shall not become effective; and (b) Settling Plaintiffs and Settling Defendants will resume their negotiations in a good-faith effort to resolve the issue.

IN WITNESS WHEREOF the parties have executed this Related Agreement as of the date first written above.

EXHIBIT 1

ENDORSEMENT

_____ /signature/ _____ hereby:

1. endorses the Settlement Agreement entered to resolve the consolidated actions known as In re Holocaust Victim Assets, Master Docket CV-96-4849 (E.D.N.Y.) ("Settlement Agreement"), as a fair, adequate, and reasonable settlement;

2. affirms that the Settlement Agreement brings about complete closure and an end to confrontation with respect to the issues dealt with in the settlement;

3. agrees not to make any public statement or take any action that would violate or be inconsistent with this endorsement, including requesting or approving sanctions or opposing business transactions involving Swiss entities released by the Settlement Agreement based on conduct covered by the settlement;

4. covenants not to sue, call for suits against, or support suits against any Swiss entity released by the Settlement Agreement based on conduct covered by the settlement;

5. waives any and all claims it may have against the Swiss entities released by the Settlement Agreement based on conduct covered by the settlement; and

6. agrees to be bound by Sections 11 and 12 of the Settlement Agreement as if it had executed the Settlement Agreement as a Settling Plaintiff.

Simon Wiesenthal Center

By /signature/

Its Dean & Founder