**GIBSON DUNN**

Marshall R. King
Partner
T: +1 212.351.3905
M: +1 201.788.4374
mking@gibsondunn.com

January 28, 2026

Hon. Edward R. Korman
United States District Judge
United States Courthouse
Room 918
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   In Re: Holocaust Victims Asset Litigation, Case No. CV-96-4849

Dear Judge Korman:

We write as counsel for Defendant Credit Suisse, and now Defendant UBS AG (UBS), to ask the Court to issue a ruling clarifying the scope of the settlement agreement and release of claims approved (as amended) by this Court on August 9, 2000 ("Settlement Agreement"), and for such other and further relief as this Court may deem just and proper. This request is brought pursuant to the Settlement Agreement, which provides that this Court retains jurisdiction over the Agreement, Settlement Agreement Sec. 14, and pursuant to this Court's attendant authority to issue rulings clarifying the agreement's scope and the meaning of its terms, *see Manning v. New York Univ.*, 299 F.3d 156, 163 (2d Cir. 2002) (District courts appropriately "retain[] authority to clarify subsequently the settlement and to impose clarifying terms[.]").

For more than 20 years, the Settlement Agreement held firm in achieving complete and final closure of all claims relating to World War II or the Holocaust. Starting in 2020, however, new allegations were raised concerning accounts at a predecessor bank to Credit Suisse. In addition, public statements and media accounts have raised concerning questions about the scope and core terms of the Settlement Agreement, purporting to question its finality and revisiting questions and disputes that it squarely resolved.

Although the breadth and finality of the Settlement Agreement and the release of claims are indisputable, Credit Suisse, and since its acquisition in 2023 of Credit Suisse, UBS, have engaged in extensive voluntary efforts to investigate the allegations (which have expanded significantly since 2020). In late 2023, this Court appointed former Ambassador Stuart Eizenstat and, subsequently, Mark Donig as mediators. Since that time, UBS has redoubled its commitment to investigating the allegations and has worked in good faith to progress the mediation and attempt to resolve the dispute amicably.

Most recently, as the Court is aware, the parties participated in two mediation sessions overseen by the Court on December 15, 2025, and January 21, 2026. UBS participated in good faith in an attempt to reach an amicable resolution. Unfortunately, despite the dedicated efforts since those sessions by the mediators, the mediation has now reached an impasse without any likelihood of a resolution.

# GIBSON DUNN

Hon. Edward R. Korman                                           January 28, 2026
                                                                Page 2

UBS does not seek enforcement of the Settlement Agreement against any party. Instead, UBS respectfully requests that the Court enter an order clarifying the scope of the Settlement and the obligations of the parties. Please see the attached proposed order for the Court's consideration.

The ruling will ensure that the Settlement Agreement can continue to be implemented consistently with its original purpose and the parties' mutual intent.

UBS's commitment to pursue historical truth within the context of the Settlement is unwavering.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

Marshall R. King, Esq.
David P. Burns, Esq.
F. Joseph Warin, Esq.

cc:   Ambassador (ret.) Stuart E. Eizenstat, seizenstat@cov.com
      Mark Donig, mdonig@grossmanyoung.com

      Selendy Gay Elsberg PLLC (counsel to the Simon Wiesenthal Center)
        Faith Gay, Esq., fgay@selendygay.com

      Stein Mitchell Beato & Missner LLP (counsel to the Simon Wiesenthal Center)
        Jonathan Missner, Esq., jmissner@steinmitchell.com
        Andrew Beato, Esq., ABeato@steinmitchell.com

      Marc R. Cohen, Mayer Brown, MCohen@mayerbrown.com