UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------- X:
In re HOLOCAUST VICTIM ASSETS           :
LITIGATION                                               X:   Case No. CV 96-04849 (ERK) (MDG)
----------------------------------------------------     :   (Consolidated with CV 96-5161 and
This Document Relates to All Cases           X       CV 97-461)

----------------------------------------------------

## [PROPOSED] ORDER

      In August 2023, I appointed Amb. Stuart Eizenstat to act as mediator (and subsequently, appointed Mark Donig to act as co-mediator) between Credit Suisse, a settling party to the 1999 Settlement of the Swiss Bank Holocaust Victims Asset class action litigation, and the Simon Wiesenthal Center (the "SWC"), a prominent NGO that executed an organizational endorsement of the Settlement. Unfortunately, in spite of the efforts of Amb. Eizenstat (and Mark Donig), UBS AG (also a party to the 1999 Settlement and recent acquirer of Credit Suisse), and the SWC, the mediation has not reached a successful conclusion.

I now would like to take the opportunity to make the following findings and observations concerning the Settlement Agreement's scope and applicability to all parties and organizational endorsers:

1. Given the clear wording of the Settlement, and the NGOs' endorsement thereof, I affirm that the Settlement's scope explicitly covers all the subjects of the investigation into Credit Suisse's history that were and are being performed since 2020 by the independent Ombudspersons (appointed by Credit Suisse in 2021 and reappointed by UBS in 2023), and specifically (a) any matter relating to the assets of (i) Nazi-era German companies and other legal entities, (ii) individual Nazis and other natural persons, and the (iii) the Nazi Government and its agencies and instrumentalities, and (b) any historical fact whether known or unknown at the time the Settlement was entered into. The Settlement covered "all claims [including unknown claims and "hereafter arising or discovered" claims] . . . in any way relating to the Holocaust, World War II, and its prelude and aftermath, Victims or Targets of Nazi Persecution, transactions with or actions of the Nazi Regime . . . or any related cause or thing whatever . . . .". I note that the Settlement, in several places specifically mentions German companies and individual Nazis, and that the Settlement was not dependent on representations of any party.

2. The obligations of the parties to the Settlement including the organizational endorsers are equally clear. Such parties and endorsers may not, with respect to any matters covered by the Settlement: (a) threaten, support or take any legal action against any of the parties

released by the Settlement (including UBS and Credit Suisse); (b) promote, assist in promoting or cause to promote any public controversy (in the media or otherwise); or (c) demand or request any additional financial payment. This is what the NGO endorsers of the Settlement committed to when they "affirm[ed] that the Settlement brings about complete closure and an end to confrontation with respect to the issues dealt with in the settlement" and "agree[d] not to make any public statement or take any action that would be inconsistent with [their endorsement of the Settlement]." Going forward, I will not hesitate to enjoin and hold accountable any party that acts inconsistently with its obligations under the Settlement.

So ordered.

January __, 2026

Brooklyn, New York

By _____

Edward R. Korman

United States District Judge