# Stein Mitchell
# Beato & Missner LLP

2000 K Street, NW Suite 600    P 202.737.7777    www.steinmitchell.com
Washington, DC 20006           F 202.296.8312

January 29, 2026

**VIA ECF AND EMAIL**

Hon. Edward R. Korman
United States District Judge
Eastern District of New York
Room 918
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *In re Holocaust Victims Asset Litigation, Civ. No. 96-4849 (ERK)*

Dear Judge Korman:

On behalf of the Simon Wiesenthal Center ("SWC"), we write with respect to the prejudicial effect on SWC and other affected individuals and entities by scheduling a hearing with inadequate notice to address the January 28, 2026, letter from UBS AG's counsel, Gibson Dunn. ECF 5086. SWC is not a party to this litigation and, therefore, unable to file this on the Court's ECF docket. We request this be placed on the docket. Without meeting and conferring, counsel for UBS unilaterally reached out to Your Honor with the filing requesting relief outside the normal procedures of this Court and Local Rules. Undersigned counsel received notification of UBS's letter yesterday at 8:41 pm via electronic mail (enclosed). In effect, UBS seeks a ruling that substantively and materially alters and expands "the scope of the settlement agreement and release of claims approved (as amended) by this Court on August 9, 2000 ("Settlement Agreement"), and for such other and further relief as this Court may deem just and proper." *Id.* Based on UBS's filing, Your Honor scheduled the hearing for January 30, 2026, at 1:00 pm. We only received notice of the hearing through an email from Mediator Mark Donig at 9:32 pm last evening (enclosed).

SWC respectfully requests that the hearing be rescheduled for the following reasons:

*First*, SWC did not receive adequate notice to allow for the opportunity to prepare with less than 36 hours for a hearing that substantively affects SWC rights. Although this is obviously a matter of great importance, there is no urgency to come before the Court on UBS's request in such hasty fashion. In addition, the substantive rights of the Settling Plaintiffs and all other organizational endorsers to the Settlement Agreement (the "Affected Groups") similarly may be impacted. A hearing tomorrow is not adequate notice, and it raises fundamental concerns about adequate due process.

*Second*, although Your Honor may not be aware, UBS's letter to the Court is in clear and knowing breach of the parties' tolling and standstill agreement, in which UBS committed to respect and comply with a ten days' advance written termination notice requirement prior to seeking any relief from the court. Without notifying SWC that UBS unilaterally had terminated the mediation, UBS elected to take this unnecessary step without such advance notice, which is a plain violation of its contractual commitment to SWC.

*Third*, key litigation counsel for SWC have pre-existing commitments today and tomorrow. Efforts are being made to try to re-schedule those commitments to be available tomorrow, however, this leaves no time to prepare. SWC would be further prejudiced in being expected to appear in such a rushed fashion without its long-standing legal team.

*Fourth*, this matter merits an in-person hearing, with the benefit of a fully briefed record. SWC and its counsel welcome the opportunity to address these issues at a full, open and public hearing and should be afforded the opportunity to do so.

*Fifth*, the issues in dispute regarding the scope of the Settlement Agreement, and the proposed order seeking to expand its terms, ECR 5086-1, are neither new nor emergent. The Settlement Agreement is 25 years old. UBS states no emergent need to have a hearing within less than 36 hours of notice all Affected Groups, and in fact it did not request a hearing. ECF 5086. No known conditions exist warranting an emergency hearing. The Senate Judiciary Committee Hearing on Tuesday, February 3, 2026, does not constitute an emergent basis.

*Sixth*, the sweeping language of UBS's proposed order (ECF 5086-1) ("[t]he obligations of the parties to the Settlement including the organizational endorsers . . . . Going forward, I will not hesitate to enjoin and hold accountable any party that acts inconsistently with its obligations under the Settlement. . . .") would materially alter the terms of the Settlement Agreement and Related Agreement, including the Organizational Endorsement—not to mention obstruct SWC from engaging in protected First Amendment activities, namely its longstanding mission of investigating and bringing to light the full scope of the antisemitic campaign engaged in by the Nazis before, during, and after World War 2. There are numerous substantive grounds why the injunction included in the proposed order would be unconstitutional, unlawful and improper. Due process requires that SWC be afforded its constitutional right to adequate notice and an opportunity to address those grounds fully in writing. A hearing tomorrow would plainly deny SWC that due process and thus would be improper even if there were some stated urgency to have a hearing with 36 hours notice. There is not. Fairness and due process again urges an orderly briefing and hearing schedule to have an opportunity to be heard.

Considering the significance of the requested relief and impact on of the relief sought by UBS, SWC requests the hearing be scheduled with adequate notice to all parties to allow be in person after all parties have had an opportunity to provide your Honor with substantive responses.

For these reasons, we respectfully request the hearing be rescheduled at a time mutually agreeable to the parties after they met and confer.

SELENDY GAY PLLC

Faith Gay, Esq.
Jennifer Selendy, Esq.

STEIN MITCHELL BEATO &
MISSNER LLP

Jonathan E. Missner, Esq.
Andrew M. Beato, Esq.
Melissa S. Fox, Esq.

Enclosures

cc:  Gibson, Dunn & Crutcher LLP (Counsel to Credit Suisse)
Marshall R. King (counsel to Credit Suisse/UBS) mking@gibsondunn.com
David P. Burns (counsel to Credit Suisse/UBS) dburns@gibsondunn.com
F. Joseph Warin (counsel to Credit Suisse/UBS) fwarin@gibsondunn.com

Mayer Brown LLP (Counsel to Credit Suisse)
Marc R. Cohen (mcohen@mayerbrown.com)

Ambassador (ret.) Stuart E. Eizenstat (seizenstat@cov.com)
Mark Donig, mdonig@grossmanyoung.com

**From:** "Burns, David P." <DBurns@gibsondunn.com>
**Date:** Wednesday, January 28, 2026 at 8:41 PM
**To:** "korman_chambers@nyed.uscourts.gov" <korman_chambers@nyed.uscourts.gov>
**Cc:** Stuart Eizenstat <seizenstat@cov.com>, Mark Donig <mdonig@grossmanyoung.com>, "King, Marshall R." <MKing@gibsondunn.com>, "Warin, F. Joseph" <FWarin@gibsondunn.com>, Faith Gay <fgay@selendygay.com>, Jonathan Missner <JMissner@steinmitchell.com>, Andrew Beato <ABeato@steinmitchell.com>, "mcohen@mayerbrown.com" <mcohen@mayerbrown.com>
**Subject:** In re Holocaust Victims Asset Litigation, Civ. No. 96-4849 (ERK)

Dear Judge Korman,

Attached please find courtesy copies of correspondence and a proposed order (as filed and in Word version) for the Court's consideration that were docketed this evening on behalf of UBS.

Sincerely,

David

**David P. Burns**
Partner

T: +1 202.887.3786
DBurns@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1700 M Street, N.W., Washington, D.C. 20036-4504

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**From:** Mark Donig <mdonig@grossmanyoung.com>
**Date:** Wednesday, January 28, 2026 at 9:32 PM
**To:** Jonathan Missner <JMissner@steinmitchell.com>, Andrew M Beato <ABeato@steinmitchell.com>, Melissa Fox <MFox@steinmitchell.com>, fgay@selendygay.com <fgay@selendygay.com>, jselendy@selendygay.com <jselendy@selendygay.com>
**Cc:** Stuart Eizenstat <seizenstat@cov.com>, Jones, Patrice
**Subject:** Judge Korman Notice of Hearing

Dear SWC Team,

We wanted to make sure that you had seen the last docket entry from Judge Korman in response to UBS' request today, ordering a hearing on Friday at 1:00 pm. The docket entry is below.

| Date Filed | # | Docket Text |
|---|---|---|
| 01/28/2026 | | NOTICE of Hearing: A hearing regarding ECF No. 5086 will be held before Judge Edward R. Korman on **Friday, January 30, 2026, at 1:00 p.m.** via video conference. Log-in instructions to follow. Ordered by Judge Edward R. Korman on 1/28/2026. (LM) (Entered: 01/28/2026) |

If you want any more details, you may wish to contact Judge Korman's clerks. Their e-mails are:

Best regards,
Mark



**Mark Donig**
Of Counsel | Joint
Admitted in New York and California

T: (240) 403-0913 | F: (240) 363-0735
E: mdonig@grossmanyoung.com | W: www.grossmanyoung.com
A: 4922 Fairmont Ave., Suite 200, Bethesda, MD, 20814

**\*\*We're moving!** Beginning February 25, 2026, our new physical and mailing address will be:
5301 Wisconsin Ave NW, Suite 330, Washington, DC 20015

 

**CONFIDENTIALITY NOTICE**
This message is from a law firm and may contain confidential or legally privileged information.
If you are not the intended recipient, please immediately advise the sender by reply e-mail that you received this message, and delete this e-mail from your system.
Thank you for your cooperation.

