GIBSON DUNN                                                          MAYER|BROWN

March 9, 2026

Hon. Edward R. Korman
United States District Judge
United States Courthouse
Room 918
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     In Re: Holocaust Victims Asset Litigation, Case No. CV-96-4849

Dear Judge Korman:

We write as counsel for Defendant Credit Suisse, and now Defendant UBS AG ("UBS"), in response to the surreply filed by the Simon Wiesenthal Center (the "SWC") on March 7, 2026 (the "Surreply"). The SWC filed the Surreply without seeking leave of Court or providing notice to UBS, despite the fact the Court set the briefing schedule more than a month ago. *See* Feb. 2, 2026 Order. Even if the Court considers the Surreply, it should still grant UBS's request for a ruling clarifying the scope of the Settlement Agreement. The Surreply fails to establish that such a ruling is improper or unnecessary. If anything, the Surreply only further underscores the existence of a live dispute and one that this Court should resolve in UBS's favor.

### I. There Is a Live Dispute Between the SWC and UBS.

The Surreply only demonstrates that the dispute between the SWC and UBS is a live one.

This dispute started six years ago, when the SWC publicly alleged that 12,000 Nazis had contributed to accounts at Credit Suisse's predecessor bank. *See* Dkt. 5093 at 4-5 ("UBS Reply"). Since that time, the SWC has maintained a constant threat of litigation and public pressure based on the conduct it alleged. While Credit Suisse and UBS have devoted significant resources and efforts to investigate the historical truth of those allegations—which have expanded significantly since 2020—there has remained a fundamental dispute between UBS and the SWC over whether claims based on those allegations are within the scope of the releases provided under the Settlement Agreement in the first instance. This dispute threatens to undermine the finality and complete legal peace that the Settlement Agreement achieved for so long. If not resolved, the dispute could also create a perverse disincentive against future efforts by firms to conduct important historical research and uncover historical truth, because of the risk of litigation and public campaigns that could flow from investigative results.

The SWC now reimagines the dispute as arising only from UBS's March 16, 2023, letter to this Court, claiming that the dispute is now moot because UBS has since clarified that it is not seeking to enforce the Agreement. SWC Surreply at 5. For one thing, the moniker applied to UBS's request is of no consequence to the justiciability of the current dispute. As courts have explained, a court may clarify concrete disputes as an alternative to enforcing its previous orders. *See* UBS Reply at 9 (collecting cases). More fundamentally, the SWC's argument ignores that this dispute arose long before 2023. After all, the investigation and the SWC's threat of litigation and public pressure started much earlier. While Credit Suisse (and now UBS) is committed to a voluntary review to uncover historical truth, it became clear based on its activity in early 2023 that the SWC's

and Credit Suisse's dispute over the scope of the Settlement Agreement required this Court's intervention. The failure to reach a resolution in the ensuing mediation is itself evidence that the dispute remains active—a point the Surreply never even attempts to rebut.

The SWC's Surreply also makes a telling omission. The SWC never states that it does not intend to sue UBS or otherwise create public controversy in the future over the alleged WWII-era conduct of Credit Suisse's predecessor banks—a key reason this dispute remains live and mediation failed. UBS Reply at 8. Despite the opportunity to make its intentions clear, the SWC plainly is keeping its options open and continuing its clear threat of litigation and public pressure. The Surreply also notably fails to rebut contrary, binding authority cited by UBS for the proposition that a dispute can still exist where a party has walked back its prior assertions. UBS Reply at 8 (quoting *FBI v. Fikre*, 601 U.S. 234, 241 (2024)). Instead, it cites *United Financial Casualty Company v. Paddon*, 248 F. Supp. 3d 368 (N.D.N.Y. 2017), for the inapposite proposition that a dispute is not justiciable when a party "ha[s] not taken any action, even of a preliminary nature." *Id.* at 373. But here, of course, the SWC *has* taken concrete steps threatening litigation and still, even now, refuses to disclaim "future legal action." *Id.* As the district court in *Paddon* recognized, when "there is an actual dispute," such as when parties "take vastly different positions," and when a party "has made some indication that it would seek recovery" against the other, a court can have Article III jurisdiction. *Id.* at 373–74. This Court does here.

Finally, the SWC asserts that "every case UBS cites concerning the presence of a justiciable dispute includes one critically relevant feature missing here: ongoing litigation between two parties where one has filed a motion to enforce a settlement seeking a contempt order, a preliminary injunction, or relief from a judgment or order." Surreply at 3. But the SWC's argument is misplaced. For one thing, it is not true. *See, e.g.*, UBS Reply at 7 (citing *Marwood v. Elizabeth Forward Sch. Dist.*, 93 F. App'x 333, 334 (3d Cir. 2004) (justiciable controversy over "Petition for Clarification of the Settlement Order of June 19, 1996")). For another, the SWC's argument merely demonstrates that the "general rule" that a court has jurisdiction to interpret its orders applies in many different factual circumstances—in the face of a motion to enforce, an ongoing preliminary injunction, a Rule 60(b) motion, or, as here, a motion to clarify the terms of a Settlement Agreement. *United States v. Volvo Powertrain Corp.*, 758 F.3d 330, 344 (D.C. Cir. 2014) (citing *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013) (addressing "joint motion to 'clarify'" whether reports prepared by "independent consultant" under consent decree were "confidential")).

## II. The Settlement Agreement's Release of Claims Is Broad and Should be Reaffirmed.

The SWC devotes multiple pages to disputing the proper interpretation of the scope of the Settlement Agreement and Organizational Endorsement. Although the SWC tellingly remains silent on whether the Settlement Agreement covers Nazi assets (it does, *see* UBS Reply at 10), the SWC maintains that certain facts related to Credit Suisse's WWII-era conduct are outside the Settlement Agreement's scope. Surreply at 6-7. The SWC cites only the testimony of the Ombudsperson for support. *Id.* Remarkably, the SWC does not even bother engaging with the text of the Settlement Agreement to make its argument. Indeed, in 23 pages of two submissions, the SWC has never analyzed the operative Settlement Agreement language head-on, instead relying at most on conclusory assertions that the Agreement does not say what UBS asserts it does. *See, e.g.*, ECF 5092 at 7. As UBS has already detailed, the text both controls and sweeps in all WWII-era conduct that UBS is currently investigating. UBS Reply at 10-11. Similarly, the SWC does not analyze its written endorsement of the Settlement.

In addition, the SWC makes the outrageous assertion that the Settlement Agreement may have been the product of "fraudulent inducement." Surreply at 7-8. The SWC includes no facts to support this accusation. Moreover, it is exactly this kind of public undermining of the Settlement Agreement by the SWC—layered on with the unmistakable threat to unwind its terms to pursue further litigation and public controversy—that requires this Court's intervention. These assertions illustrate precisely why it is necessary for the Court to clarify that the Settlement was not dependent on the representations of any party. Proposed Order at 1; UBS Reply at 12.

The remainder of the Surreply simply repeats, at length, arguments from the SWC's Response that UBS has already addressed.

\*  \*  \*

For the foregoing reasons, the Surreply does nothing to change the fact that UBS's request for a ruling clarifying the Settlement Agreement should be granted.

Respectfully submitted,

| GIBSON, DUNN & CRUTCHER LLP | MAYER BROWN LLP |
|---|---|
| */s/ David P. Burns* | */s/ Marc R. Cohen* |
| David P. Burns, Esq.<br>Marshall R. King, Esq.<br>F. Joseph Warin, Esq. | Marc R. Cohen, Esq.<br>Alex C. Lakatos, Esq. |